Travis Wall (SBN 191662)
Travis.Wall@kennedyslaw.com
Zina Yu (SBN 291993)
Zina.Yu@kennedyslaw.com
Camille Zuber (SBN 349650)
Camille.Zuber@kennedyslaw.com
KENNEDYS CMK LLP
455 Market Street, Suite 1900
San Francisco, CA 94105
Telephone:   415-323-4487
Facsimile:   415-323-4445

Attorneys for Plaintiff
HISCOX INSURANCE COMPANY, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HISCOX INSURANCE COMPANY, INC., an Illinois Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SEVEN SAFE SERVICES, INC., a California Corporation, AMERICAN GUARD SERVICES, INC., a California Corporation, a California Corporation, LESTER FINNELL, an individual, and JONATHAN AMBRISTER, an individual,<br><br>Defendants. | Case No. 2:24-cv-01155 MCS (ASx)<br><br>**DECLARATION OF TRAVIS WALL IN SUPPORT OF PLAINTIFF HISCOX INSURANCE COMPANY, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**Date:   Monday, November 18, 2024**<br>**Time:   9:00 a.m.**<br>**Judge:  Hon. Mark C. Scarsi**<br>**Ctrm:   7C, 7th Floor**<br><br>Complaint Filed:   February 9, 2024<br>First Amended<br>Complaint Filed:   April 30, 2024<br>Trial Date:   May 20, 2025 |

I, Travis Wall, hereby declare:

1.    I am an attorney in good standing and licensed to practice in the State of California, and am admitted to practice before the United States District Court for the Central District of California.  I am partner with Kennedys CMK LLP, counsel for Plaintiff Hiscox Insurance Company, Inc. ("Hiscox" or "Plaintiff").  I have personal

knowledge of the matters set forth herein, and if called to testify, I could and would testify competently thereto.

2.      I make this Declaration in support of Plaintiff's Motion for Partial Summary Judgment, submitted concurrently herewith, and for the purposes of authenticating certain documents that have been produced and obtained through discovery in this matter.

**Pre-Filing Conference Per L.R. 7-3**

3.      Prior to filing this motion, Joshua Zlotlow, Esq., counsel for Defendant American Guard Services, Inc. ("American Guard"), and I met and conferred by telephone in an attempt to narrow the scope of Hiscox's motion for summary judgment, pursuant to Local Rule 7-3. The meet and confer continued by email. John Fu, Esq., counsel for Seven Safe and Jonathan Armbrister, did not respond to requests to meet and confer about the motion.

**Authentication of Exhibits Attached to Appendix**

4.      Attached hereto as **Exhibit 1** is a true and correct copy of the third amended complaint filed in the *Grant* lawsuit.

5.      Attached hereto as **Exhibit 2** are true and correct copies of the DOE amendments adding Lester Finnell dba Seven Safe and Jonathan Armbrister to the *Grant* lawsuit.

6.      Attached hereto as **Exhibit 3** is a true and correct copy of the second amended complaint filed in the *Penn* lawsuit.

7.      Attached hereto as **Exhibit 4** is a true and correct copy of Ralphs' cross-complaint against American Guard in the *Penn* lawsuit.

8.      Attached hereto as **Exhibit 5** is a true and correct copy of the second amended complaint filed in the *Vega* lawsuit.

9.      Attached hereto as **Exhibit 6** is a true and correct copy of the DOE amendment adding Seven Safe to the *Vega* lawsuit.

DECLARATION OF TRAVIS WALL IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
2:24-cv-01155 MCS (ASx)

10. Attached hereto as **Exhibit 7** is a true and correct copy of Ralphs' cross-complaint against American Guard in the *Vega* lawsuit.

11. Attached hereto as **Exhibit 8** is a true and correct copy of the complaint filed in the *Bigger* lawsuit.

12. Attached hereto as **Exhibit 9** is a true and correct copy of Ralphs' cross-complaint against American Guard in the *Bigger* lawsuit.

13. Attached hereto as **Exhibit 10** is a true and correct copy of the complaint filed in the *Mendez* lawsuit.

14. Attached hereto as **Exhibit 11** is a true and correct copy of the DOE amendment adding Seven Safe to the *Mendez* lawsuit.

15. Based on my docket search, the *Vega*, *Penn* and *Mendez* lawsuits are still pending. The *Grant* lawsuit recently settled, and the court has dismissed the *Biggers* lawsuit for lack of prosecution.

I certify under penalty of perjury under the laws of the United States that the statements in this declaration are true and correct to the best of my knowledge. Executed this 7th day of October 2024, at San Francisco, California.

Travis Wall

DECLARATION OF TRAVIS WALL IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
2:24-cv-01155 MCS (ASx)

EXHIBIT 1

Electronically Received 12/21/2022 10:46 PM

1  John C. Carpenter (SBN 155610)
   *carpenter@czrlaw.com*
2  Asa O. Eaton, Esq. (SBN 316888)
   *eaton@cz.law*
3  Carlos A. Hernandez, Esq. (SBN 316905)
   *chernandez@czrlaw.com*
4  Matthew J. Singer, Esq. (SBN 327860)
   *msinger@czrlaw.com*
5  **CARPENTER & ZUCKERMAN**
   8827 West Olympic Boulevard
6  Beverly Hills, California 90211
   Tel: (310) 273-1230
7  Fax: (310) 858-1063

8  Attorneys for Plaintiff,
9  MIYOSHI GRANT

**FILED**
Superior Court of California
County of Los Angeles

**12/21/2022**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____M. Carino_____ Deputy

10            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                **FOR THE COUNTY OF LOS ANGELES**

12

13

14  MIYOSHI GRANT, an individual;

15            Plaintiff,

16       vs.

17  KROGER COMPANY, a corporation;
18  RALPHS GROCERY COMPANY, a corporation;
    AMERICAN GUARD SERVICES, INC., a
19  corporation; and DOES 1 through 50, Inclusive;

20            Defendants.

21

22

23

24

25

26

27  ///

28

**CASE NO.: 21STCV46592**

**THIRD AMENDED COMPLAINT FOR DAMAGES FOR:**

1. **ASSAULT AND BATTERY**
2. **NEGLIGENCE**
3. **NEGLIGENT HIRING, RETENTION, AND SUPERVISION**
4. **VIOLATIONS OF THE RALPH CIVIL RIGHTS ACT, CIVIL CODE § 51.7**
5. **VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CIVIL CODE §§ 51, 52**
6. **VIOLATIONS OF THE BANE CIVIL RIGHTS ACT, CIVIL CODE § 52.1**

**\*\* DEMAND FOR JURY TRIAL \*\***

1
**THIRD AMENDED COMPLAINT FOR DAMAGES**

1   COMES NOW, Plaintiff MIYOSHI GRANT, an individual, who complains and alleges

2   against Defendants KROGER COMPANY, a corporation; RALPHS GROCERY COMPANY, a

3   corporation; AMERICAN GUARD SERVICES, INC., a corporation, SEVEN SAFE SERVICES,

4   INC., a corporation; JONATHAN ARMBRISTER, an individual; and DOES 1 through 50,

5   inclusive (hereinafter collectively referred to as "DEFENDANTS"), the following:

6

7                                        **PARTIES**

8      1.     Plaintiff MIYOSHI GRANT (hereinafter "Plaintiff") was, at all times relevant

9   herein, a resident of the County of Los Angeles in the State of California.

10     2.     Defendant KROGER COMPANY (hereinafter "KROGER") is and was at all relevant

11  times a corporation headquartered in Cincinnati, Ohio, and operating within the State of California

12  with the capacity to sue and be sued.  KROGER as a parent company operates retail stores across the

13  United States under several different names.  For KROGER's Supermarket operations, KROGER

14  operates as Kroger, Ralphs, Dillons, King Soopers, Fry's, QFC, City Market, Owen's, Jal C, Pay

15  Less, Baker's, Gerbes, Harris Teeter, Pick 'n Save, Metro Market, and Mariano's.  In Southern

16  California, KROGER promulgates, authorizes, and ratifies RALPHS policy.  There are no KROGER

17  grocery stores in Southern California because RAPLHS represents KROGER's presence in the area.

18  There are no RAPLHS branded supermarkets outside of Southern California because KROGER

19  operates stores in other regions under the name Kroger or under the name of the regionally acquired

20  supermarkets.  KROGER dictates policy and procedures to RALPHS as its parent company.  For

21  example, RAPLHS shoplifting policy is entitled "Kroger Shoplifting Policy."  RALPHS corporate

22  managers are KROGER employees.  When seeking a person most knowledgeable about RALPHS

23  video retention policies, RALPHS produced a KROGER employee.  KROGER refers to RALPHS as

24  a division of KROGER.  KROGER also dictates polies and procedures to other third parties, joint

25  ventures, independent contractors, and agents including but not limited to security companies on

26  behalf of and as the principal for RALPHS.  At all relevant times herein, Defendant KROGER is

27  responsible for the actions, omissions, policies, procedures, practices, and customs of KROGER and

28  RALPHS and of its various agents, agencies, employees, and joint venturers.  Further, at all times

---

2

**THIRD AMENDED COMPLAINT FOR DAMAGES**

1  relevant to the facts alleged herein, Defendant KROGER was responsible for assuring that, without

2  limitation, the actions, omissions, policies, procedures, practices, and customs of KROGER and

3  RALPHS and of its various agents, agencies, employees, and joint venturers complied with the laws

4  and Constitutions of the United States and of the State of California.  Defendant KROGER is

5  responsible for the unlawful conduct by, without limitation, authorizing, acquiescing, or failing to

6  take action to prevent the unlawful conduct. Defendant KROGER is further responsible for the

7  unlawful conduct by, without limitation, failing to adequately hire, train, supervise, discipline, and

8  terminate its agents, agencies, employees, and joint venturers.

9        3.        Defendant RALPHS GROCERY COMPANY (hereinafter "RALPHS") is and was at

10  all relevant times a corporation headquartered in Ohio at the same location as KROGER.  RALPHS

11  operates within the State of California and has the capacity to sue and be sued.  Defendant RALPHS

12  is a wholly owned subsidiary of KROGER.  Ralphs operates as KROGER's grocery supermarket

13  presence in the Southern California area.  RALPHS policies and procedures are KROGER policies

14  and procedures created by its parent company KROGER.  RALPHS store management reports

15  directly to KROGER corporate employees.  RAPLHS is a division of KROGER and is operated as

16  KROGER's supermarket operations in Southern California.  At all relevant times herein, Defendant

17  RALPHS is responsible for the actions, omissions, policies, procedures, practices, and customs of

18  RALPHS and of its various agents, agencies, employees, and joint venturers.  Further, at all times

19  relevant to the facts alleged herein, Defendant RALPHS was responsible for assuring that, without

20  limitation, the actions, omissions, policies, procedures, practices, and customs of RALPHS and of its

21  various agents, agencies, employees, and joint venturers complied with the laws and Constitutions of

22  the United States and of the State of California.  Defendant RALPHS is responsible for the unlawful

23  conduct by, without limitation, authorizing, acquiescing, or failing to take action to prevent the

24  unlawful conduct. Defendant RALPHS is further responsible for the unlawful conduct by, without

25  limitation, failing to adequately hire, train, supervise, discipline, and terminate its employees,

26  independent contractors, agents, and joint venturers.  All allegations against RALPHS made herein

27  shall be deemed to mean the acts and omissions of RALPHS and KROGER (herein collectively

28  referred to as "GROCERY DEFENDANTS") individually, jointly, and severally.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

1        4.      Defendant AMERICAN GUARD SERVICES, INC. (hereinafter "AMERICAN

2  GUARD") is and was at all relevant times a corporation operating within the State of California with

3  the capacity to sue and be sued.  At all relevant times herein, Defendant AMERICAN GUARD is

4  responsible for the actions, omissions, policies, procedures, practices, and customs of AMERICAN

5  GUARD and of its various agents, agencies, employees, and joint venturers.  Further, at all times

6  relevant to the facts alleged herein, Defendant AMERICAN GUARD was responsible for assuring

7  that the actions, omissions, policies, procedures, practices, and customs of AMERICAN GUARD and

8  of its various agents, agencies, employees, and joint venturers complied with the laws and

9  Constitutions of the United States and of the State of California.  Defendant AMERICAN GUARD is

10  a security company that provides security services nationwide, including security guards for

11  RALPHS grocery stores.  Defendant AMERICAN GUARD is responsible for the unlawful conduct

12  by authorizing, acquiescing, or failing to take action to prevent the unlawful conduct. Defendant

13  AMERICAN GUARD is further responsible for the unlawful conduct by failing to adequately hire,

14  train, supervise, discipline, and terminate its agents, independent contractors, employees, and/or joint

15  venturers.

16        5.      Defendant SEVEN SAFE SERVICES, INC. (hereinafter "SEVEN SAFE"), is and

17  was at all relevant times a corporation operating within the State of California with the capacity to

18  sue and be sued.  At all relevant times herein, Defendant SEVEN SAFE, is responsible for the

19  actions, omissions, policies, procedures, practices, and customs of SEVEN SAFE, and of its various

20  agents, agencies, employees, and joint venturers.  Further, at all times relevant to the facts alleged

21  herein, Defendant SEVEN SAFE, was responsible for assuring that the actions, omissions, policies,

22  procedures, practices, and customs of SEVEN SAFE, and of its various agents, agencies, employees,

23  and joint venturers complied with the laws and Constitutions of the United States and of the State of

24  California. Plaintiff is informed and believes that Defendant SEVEN SAFE and/or AMERICAN

25  GUARD employed the security guards at RALPHS on the day of the incident, including Defendant

26  JONATHAN ARMBRISTER.   Defendant SEVEN SAFE is responsible for the unlawful conduct by

27  authorizing, acquiescing, or failing to take action to prevent the unlawful conduct. Defendant

28  SEVEN SAFE is further responsible for the unlawful conduct by failing to adequately hire, train,

**THIRD AMENDED COMPLAINT FOR DAMAGES**

supervise, discipline, and terminate its agents, independent contractors, employees, and/or joint venturers.

6.    Defendant JONATHAN ARMBRISTER (hereinafter "ARMBRISTER") was an employee acting in his individual capacity and/or within the course and scope of his employment with SEVEN SAFE and/or AMERICAN GUARD.  ARMBRISTER is responsible for the unlawful conduct by inter alia, participating in the conduct or jointly acting with others who did so when ARMBRISTER, without limitation, wrongfully and/or unlawfully harassed, threatened, assaulted, and battered Plaintiff. All allegations against ARMBRISTER made herein shall be deemed to mean the acts and omission of DEFENDANTS, individually, jointly, and severally.

7.    Plaintiff is informed and believes, and thereon alleges that at all times relevant and mentioned herein, the Defendants, including DOES 1 to 50 (herein after "DOE DEFENDANTS"), and each of them, were agents, independent contractors, employees, employers, co-conspirators, and/or joint venturers of their co-Defendants.  Plaintiff is further informed and believes, and thereon alleges that at all relevant times each Defendant, including DOE DEFENDANTS, acted within the scope and authority of said agency, employment, and/or joint venture.  When acting as a principal, employer, and/or joint venturer, each Defendant was negligent when it selected, hired, retained, trained, and supervised each co-Defendant as an agent, employee, and/or joint venturer.

8.    Each DOE DEFENDANT caused and is responsible for the unlawful conduct by personally participating in the conduct, or acting jointly and in concert with others who did so by, without limitation, authorizing, acquiescing, or failing to take action to prevent the unlawful conduct, by promulgating policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing, with deliberate indifference to Plaintiff's rights, to initiate and maintain adequate supervision and/or training, and by ratifying the unlawful conduct that occurred by employees, joint venturers, independent contractors, and/or agents under their direction and control. Whenever reference is made herein to any act by a Defendant and/or Doe Defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant individually, jointly, and severally.  They are each sued in their individual and official capacities and in some manner are responsible for the acts and omissions alleged herein.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

9.      The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of DOE DEFENDANTS are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  The full extent of the facts linking such fictitiously sued Defendants is unknown to Plaintiff.  Plaintiff is informed and believes and thereon alleges that each DOE DEFENDANT was and is negligent, or in some other actionable manner, is responsible for the described events and happenings.  Thereby, each DOE DEFENDANT legally and proximately caused Plaintiff's injuries and damages by negligence or some other actionable manner.

10.      Each of the Defendants and Doe Defendants caused and is responsible for the unlawful conduct and resulting by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, ratifying, and/or failing to take action to prevent the unlawful conduct, by promulgating policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing, with deliberate indifference to Plaintiff's rights, to initiate and maintain adequate supervision, retention, and/or training, and by ratifying the unlawful conduct that occurred by employees, joint venturers, agents, and/or ostensible agents under their direction, authority, and/or control.  Whenever and wherever reference is made in this Complaint to any act by a Defendant and/or Doe Defendants, such allegation and reference shall also be deemed to mean the acts and failure to act of each Defendant individually, jointly, and severally. All Defendants are sued in their individual and official capacities and in some manner are responsible for the acts and omissions alleged herein.

11.      Plaintiff will hereafter seek leave of the Court to amend this Complaint to show the Defendants' true names and capacities after the same have been ascertained.

## JURISDICTION AND VENUE

12.      The acts which are the subject of this Complaint took place at or near a grocery store owned and/or operated by RALPHS and/or KROGER, located at 645 West 9th Street, Los Angeles, CA 90015.

13.      As such, this Court has jurisdiction because the alleged acts and omissions giving rise to the allegations contained herein occurred in the County of Los Angeles, and the Defendants either reside in or conduct business in the State of California, County of Los Angeles.

6

**THIRD AMENDED COMPLAINT FOR DAMAGES**

14. Venue is proper in this county in accordance with California *Code of Civil Procedure* §§ 395(a) and 395.5 because the obligation or liability arose in the County of Los Angeles and breaches occurred in said county.

**GENERAL ALLEGATIONS**

15. On December 22, 2021 at approximately 10:00pm, Plaintiff entered the grocery store operated by GROCERY DEFENDANTS located at 645 West 9th Street, Los Angeles, CA 90015. Plaintiff immediately walked to the back of the grocery store to use the restroom, passing a shelf with discounted bakery items.

16. A few minutes later, Plaintiff exited the restroom and was inspecting a 10" round bundt cake packaged and discounted on the aforementioned shelf at the back of the store. While Plaintiff was still inspecting the bundt cake, she noticed a female RALPHS employee observing her closely with a hostile facial expression while standing in an aisle approximately 20 yards from Plaintiff.

17. Based on information and belief, the female RALPHS made a comment to Plaintiff, and Plaintiff responded by asking, "What are you talking about?" At all relevant times, the female RALPHS employee was acting and speaking with hostility towards Plaintiff, so much so that Plaintiff placed the bundt cake back on the shelf and proceeded to exit the store. The female RALPHS employee followed Plaintiff while Plaintiff was proceeding out of the store and continued to speak in a confrontational manner at Plaintiff. Eventually, the RALPHS employee departed angrily out of Plaintiff's sight.

18. Plaintiff is informed and believes the female RALPHS employee solicited ARMBRISTER. As Plaintiff proceeded to exit the store, she saw ARMBRISTER approach her from the same aisle the RALPHS employee had departed. Plaintiff recognized the ARMBRISTER from her previous occasions shopping in the grocery store.

19. ARMBRISTER appeared to be a man in his late 20s to early 30s, approximately 6'2", athletically fit, and wearing DEFENDANTS' security uniform. Plaintiff is informed and believes the security guard was armed with mace, a bullet proof vest, and police belt carrying a standard baton and/or rifle. He was employed to provide security services to the subject RALPHS grocery

7

**THIRD AMENDED COMPLAINT FOR DAMAGES**

1 | store.

2 |     20.    Plaintiff is informed and believes ARMBRISTER made wrongful and aggressive

3 | comments towards her, prompting Plaintiff to state, "I want to speak to a manager." ARMBRISTER

4 | refused, stating she could not. The Plaintiff again requested to speak with a manager.  For several

5 | minutes Plaintiff was aggressively confronted by ARMBRISTER and denied access to a manager.

6 | Plaintiff felt threatened by his demeanor, tone, and hostile words, and she became increasingly

7 | fearful for her safety.  She stopped talking, turned away, and walked towards the manager counter at

8 | the front of the store.

9 |     21.    Plaintiff stood at the manager counter in front of the cashier lines at the front of the

10 | store, waiting for several minutes for a store manager. Despite Plaintiff's repeated requests to

11 | DEFENDANTS' employees for a manager, none was provided.  Plaintiff still felt threatened and

12 | afraid by ARMBRISTER's aggressive words and actions towards her, so Plaintiff called 911.

13 |     22.    Plaintiff was speaking to 911 on her cell phone when, without warning,

14 | ARMBRISTER approached and forcefully shoved Plaintiff.  Plaintiff did not see ARMBRISTER

15 | approaching; he was out of her view.  Plaintiff is a petite African American woman, nearly 59 years

16 | old, 5'4", and approximately 130 pounds. Plaintiff was shocked and overtaken by the force of his

17 | shove upon her torso. She landed disoriented on the floor by the manager counter. At no time did

18 | Plaintiff consent to this unwelcome harmful and offensive touch to her person.

19 |     23.    Immediately after she landed, ARMBRISTER stood over her and attacked her.  He

20 | repeatedly and violently punched her face.

21 |     24.    Plaintiff began screaming beneath the violent blows from ARMBRISTER to her face.

22 | ARMBRISTER eventually retrieved a pepper spray can from his uniform and unlawfully sprayed

23 | Plaintiff's eyes and face for a prolonged time. Plaintiff's face was drenched in pepper spray,

24 | resulting in excruciating pain to her eyes and face and emotional distress. Plaintiff became

25 | cognitively disoriented and physically incapacitated because of the pepper spray.

26 |     25.    At all relevant times and without limitation, Plaintiff was humiliated and terrified as

27 | she continued to scream for help.

28 |     26.    ARMBRISTER then forcefully grabbed Plaintiff.  He dragged her body across the

8

**THIRD AMENDED COMPLAINT FOR DAMAGES**

1   RALPHS store, before all the customers and employees at the check-out aisles, through the

2   automatic exit doors, and threw her onto the cement pavement outside of the store.

3       27.     Without limitation, Plaintiff remained in a state of terror and humiliation, now

4   coughing from the pepper spray that entered her nose, mouth, and lungs, and begging passersby

5   RALPHS employees and customers for water to stop the burning sensation.

6       28.     Plaintiff was still coughing and gasping for air when Los Angeles Police Department

7   officers arrived approximately 15 to 20 minutes later. Two police officers lifted Plaintiff to her feet

8   and escorted her to the back of their police vehicle.  Plaintiff continued coughing and desperately

9   asking for water to alleviate severe pain in her eyes, face, and throat.  Nevertheless, RALPHS

10  employees, agents, independent contractors and/or joint venturers ignored Plaintiff's requests.

11  They continued to ignore her requests the entire time she sat in the police vehicle – approximately

12  15 to 20 minutes.

13      29.     After ARMBRISTER assaulted and battered Plaintiff, DEFENDANTS unlawfully

14  and wrongfully executed a Private Person Arrest of Plaintiff.  While Plaintiff was waiting in the

15  back of a police vehicle, DEFENDANTS conspired with one another to have Plaintiff falsely

16  arrested even though it was known that Plaintiff was unarmed, had been unlawfully assaulted and

17  battered by a GROCERY DEFENDANTS and/or AMERICAN GUARD employee, agent, and/or

18  independent contractor, and knew Plaintiff had violated no laws, posed no danger to the public, and

19  was peacefully shopping.

20      30.     Moreover, when GROCERY DEFENDANTS and/or AMERICAN GUARD

21  employees communicated with law enforcement officers, they did so within the course and scope of

22  their employment and/or agency with the GROCERY DEFENDANTS and/or AMERICAN

23  GUARD and used their actual and/or apparent authority as such to protect the premises of the

24  subject Ralphs grocery store.

25      31.     As a result of DEFENDANTS' wrongful conduct, Plaintiff was unlawfully and

26  unreasonably handcuffed, detained, confined, falsely imprisoned, and deprived of her liberty

27  against her will because law enforcement personnel were knowingly and falsely informed by

28  GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE that Plaintiff's conduct

9

**THIRD AMENDED COMPLAINT FOR DAMAGES**

1  had been unlawful when, in fact, DEFENDANTS knew her conduct, at all relevant times, had been

2  lawful.

3      32.    At no time did PLAINTIFF consent to her unlawful and unreasonable detention,

4  confinement, false imprisonment, and/or deprivation of her liberty which was instigated,

5  perpetuated, and carried out by DEFENDANTS.

6      33.    Plaintiff was booked at the Los Angeles Police Department jail and released the

7  following morning, on December 23, 2020, around 4:00 a.m.  Plaintiff had a continuing coughing

8  from the moment ARMBRISTER wrongfully and unlawfully sprayed her face with pepper spray

9  and felt in need of urgent medical care.  Plaintiff went to Martin Luther King Hospital Emergency

10  Room for treatment.

11      34.    Plaintiff then returned to RALPHS to retain her cell phone, which she dropped when

12  ARMBRISTER forcefully hit her body.  Plaintiff was too frightened to enter the RALPHS, but

13  instead waited outside for a RALPHS manager to help retrieve her phone. A RALPHS employee

14  informed Plaintiff that RALPHS did not have her cell phone.

15      35.    Plaintiff attempted to relay to the RALPHS manager the conduct she had endured

16  from employees of GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE,

17  particularly from ARMBRISTER. The RALPHS manager refused, stating he was very busy and the

18  soonest he could speak with her was next year.

19      36.    Immediately after the RALPHS manager walked away, another male security guard

20  employed by GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE,

21  (hereinafter referred to as "DOE SECURITY GUARD 2") approached her.  Plaintiff did not

22  recognize DOE SECURITY GUARD 2 and did nothing wrongful to provoke him. Nevertheless,

23  DOE SECURITY GUARD 2 made inappropriate and unlawful threats to her. He unlawfully

24  threatened to subject her to the same violence as ARMBISTER had unlawfully perpetrated upon

25  her. Simultaneously, DOE SECURITY GUARD 2 grabbed his pepper spray while taunting Plaintiff

26  and continuing to threaten her with physical violence. Plaintiff departed frightened and in great

27  emotional distress.

28      37.    A corporation is a "person" within meaning of Cal. Civil Code §51.9, which subjects

---

10

**THIRD AMENDED COMPLAINT FOR DAMAGES**

persons to liability for misconduct within a business, service or professional relationship, and such an entity defendant may be held liable under this statute for the acts of its employees. (*See C.R. v. Tenet Healthcare Corp.* (2009) 169 Cal.App.4th 1094.) Further, ratification principles apply when the principal ratifies an agent's originally unauthorized harassment and/or violence as is alleged to have occurred herein.

38.    At all times mentioned herein above, DOE DEFENDANTS wore RALPHS, AMERICAN GUARD, and/or SEVEN SAFE uniforms and were acting in their individual and/or professional capacity within the course and scope of their employment as RALPHS, AMERICAN GUARD, and/or SEVEN SAFE agents, employees, independent contractors, and/or joint venturers.

39.    At all times mentioned herein above, DOE DEFENDANTS intentionally, recklessly, and wantonly exercised their actual and/or apparent authority, including without limitation, their position of authority as a security guard, their weapons supplied by GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE, and their actual or perceived superior strength over Plaintiff, when they subjected her to harassment, assault, threats of violence, actual violence upon her person, and humiliation in front of DEFENDANTS' customers.

40.    At all times mentioned herein above, DOE DEFENDANTS' intentional, reckless, and wanton misconduct was purposed to and succeeded in preventing Plaintiff from exercising her constitutional and statutory rights to be free from assault and battery, gender violence, and discrimination based on, without limitation, her race, color, national origin, and/or gender.  DOE DEFENDANTS exercised this authority over Plaintiff intentionally and with conscious disregard for Plaintiff's civil rights.  Plaintiff is informed and believes such violence was due at least in part because of her actual or perceived race, ethnicity, color, national origin, and/or gender.

41.    Plaintiff is informed and believes and thereon alleges GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE had been informed of the tortious conduct of DOE DEFENDANTS and/or its other agents, independent contractors, and/or employees. GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE knew or should have known of the wrongful conduct and intentional, reckless, and wanton civil rights violations by DOE DEFENDANTS and/or its other agents, independent contractors, and/or employees. Nevertheless,

1    GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE did nothing to

2    investigate, supervise, and/or terminate DOE DEFENDANTS and other said agents, employees,

3    and/or independent contractors to ensure the safety of people, like Plaintiff, who were on their

4    premises. GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE also failed to

5    implement and enforce policies and procedures that would have ensured the safety of its customers,

6    including Plaintiff. Thereby, GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN

7    SAFE sanctioned, authorized, ratified, and worked in concert with DOE DEFENDANTS in all their

8    misconduct.

9          42.    The conduct of DOE DEFENDANTS was ratified by GROCERY DEFENDANTS,

10   AMERICAN GUARD, and/or SEVEN SAFE both before and after the event.

11         43.    DEFENDANTS' conduct and the conduct of their agents, employees, independent

12   contractors, and/or joint venturers was a breach of their duties to Plaintiff.

13         44.    As a direct and/or proximate result of DEFENDANTS' unlawful conduct as alleged

14   hereinabove, Plaintiff suffered, without limitation, great pain of mind and body, shock emotional

15   distress, physical manifestations of emotional distress including without limitation, humiliation,

16   embarrassment, loss of self-esteem, disgrace, anxiety, loss of enjoyment of life, and Plaintiff was

17   prevented and will continue to be prevented from performing daily activities and obtaining the full

18   enjoyment of life, all in an amount exceeding the jurisdictional minimum of the Superior Court

19   according to proof at trial.

20         45.    As a direct and proximate result of DEFENDANTS' unlawful conduct as alleged

21   hereinabove, Plaintiff continues to suffer from physical injuries sustained as a result of

22   DEFENDANTS' aforementioned tortious conduct, including, without limitation, from respiratory

23   injury. As a result of this incident and without limitation, Plaintiff sustained trauma and injury to

24   her face, head, nose, mouth, and respiratory system. To date, Plaintiff continues to suffer breathing

25   spasms and breathing attacks as a result of her aggravated respiratory injury. Plaintiff will sustain

26   loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for

27   medical and psychological treatment, therapy, and counseling.

28         46.    As a direct and proximate result of DEFENDANTS' tortious acts, omissions,

12

**THIRD AMENDED COMPLAINT FOR DAMAGES**

1  wrongful conduct and breaches of their duties, Plaintiff's employment and professional development

2  has been adversely affected. Plaintiff claims past and future wage loss and earning capacity in an

3  amount to be determined at trial. As a further direct and proximate result of DEFENDANTS'

4  tortious conduct, Plaintiff has suffered substantial economic injury, all to Plaintiff's general, special

5  and consequential damage in an amount to be proven at trial, but in no event less than the minimum

6  jurisdictional amount of this Court.

7  **FIRST CAUSE OF ACTION**

8  **For Assault and Battery against all Defendants**

9  47.    Plaintiff incorporates herein by reference, each and every allegation and statement

10  aforementioned herein, as if the same had been set forth fully below.

11  48.    In performing the acts described herein, DOE DEFENDANTS, acting in their

12  individual and professional capacities, committed the act of civil assault and battery in violation of

13  Cal. Civ. Code §1708, when, without limitation they acted with the intent to make a harmful and

14  offensive contact with Plaintiff's person.

15  49.    DOE DEFENDANTS did, in fact, bring themselves into offensive and unwelcome

16  contact with Plaintiff as described hereinabove.

17  50.    At all relevant times, Plaintiff found DOE DEFENDANTS' contact to be offensive to

18  her person and dignity. At no time did Plaintiff knowingly consent to any of DOE DEFENDANTS'

19  acts alleged hereinabove.

20  51.    Plaintiff was physically harmed and/or experienced offensive contact with his person

21  as a result of DOE DEFENDANTS wrongful acts as hereinabove alleged.

22  52.    Plaintiff is informed and thereon alleges that GROCERY DEFENDANTS,

23  AMERICAN GUARD, and/or SEVEN SAFE had been informed of the tortious conduct of DOE

24  DEFENDANTS and Does 1 through 50 and, despite being informed of their unlawful conduct,

25  GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE, and each of them, (1)

26  failed to properly hire, train, and supervise their agents, employees, independent contractors, and/or

27  joint venturers, (2) failed to implement and enforce policies and procedures to ensure Plaintiff's

28  safety, (3) failed providing adequate number and presence of managers throughout the Ralphs

13

**THIRD AMENDED COMPLAINT FOR DAMAGES**

17

grocery store, (4) failed to eliminate known dangers, including dangers based on Plaintiff's actual and/or perceived race, color, ethnicity, sex, age and/or economic status, and (5) failed to discipline DOE DEFENDANTS and Does 1 through 50 and kept them in their employ, thereby sanctioning, authorizing, ratifying, and working in concert with DOE DEFENDANTS in their negligent and/or unlawful conduct.

53. As a direct and/or proximate result of DEFENDANTS' unlawful conduct as alleged hereinabove, Plaintiff suffered, without limitation, great pain of mind and body, shock emotional distress, physical manifestations of emotional distress including without limitation, humiliation, embarrassment, loss of self-esteem, disgrace, anxiety, loss of enjoyment of life, and Plaintiff was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and other consequential damages, all in an amount exceeding the jurisdictional minimum of the Superior Court according to proof at trial.

54. DOE DEFENDANTS' misconduct was willful, wanton, and malicious. Further, DOE DEFENDANTS acted intentionally or with reckless disregard that their conduct was certain to injure Plaintiff. Consequently, Plaintiff is entitled to recover punitive and exemplary damages from DEFENDANTS according to proof at trial.

## SECOND CAUSE OF ACTION FOR NEGLIGENCE

### Negligence against all Defendants

55. Plaintiff incorporates herein by reference, each and every allegation and statement aforementioned herein, as if the same had been set forth fully below.

56. DEFENDANTS, and each of them, had a duty to exercise ordinary or reasonable care in activities from which harm might reasonably be anticipated. DEFENDANTS conducted commercial business on the premises and had invited Plaintiff on the premises as their consumer.

57. DEFENDANTS, and each of them, failed to use ordinary or reasonable care in their interactions with Plaintiff and negligently caused Plaintiff to be assaulted and battered as alleged herein. GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE are each liable to Plaintiff for the acts of their employees, agents and Does 1 through 50 pursuant to, without limitation, California *Government Code* § 815.2.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

58.    DEFENDANTS breached their duty when, without limitation, they invited Plaintiff onto the RALPHS premises, which they knew or should have known was unsafe for Plaintiff. DEFENDANTS further breached their duty when they failed to take proper measures to ensure the premises would be safe for customers like Plaintiff, including without limitation, installing proper surveillance in RALPHS stores, ensuring that an adequate number of managers are on duty for each shift, and engaging customers with reasonable concern for their safety and well-being.

59.    The actions of ARMBRISTER and DOE DEFENDANTS, who were GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE's agents, agencies, employees, independent contractors, and/or joint venturers, constituted a failure to use reasonable care within their individual capacity and within the course and scope of their employment, agency, independent contracting relationship, and/or joint venture with GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE.

60.    ARMBRISTER and DOE DEFENDANTS failed to use reasonable care to Plaintiff, without limitation, when they wrongfully harassed and intimidated Plaintiff, threatened Plaintiff's safety, and/or aggressively battered the Plaintiff with fists and pepper spray. ARMBRISTER and DOE DEFENDANTS failed to use reasonable care to respect Plaintiff's rights when they wrongfully identified her in part based on her protected characteristics as an African American female, wrongfully accused her of theft when she was lawfully shopping on the Ralphs premises, provoked Plaintiff, failed to defuse the dangerous situation, wrongfully escalated a peaceful situation to conflict and violence, and/or wrongfully retrieved Plaintiff's possessions without her consent.

61.    As a direct, legal, and proximate cause of DEFENDANTS' aforementioned conduct, Plaintiff suffered physical, mental, and emotional injuries. Plaintiff's injuries include, without limitation, exacerbated and aggravated respiratory attacks and spasms, severe eye, nose, and face pain, throat pain, embarrassment, humiliation, trauma, mental distress, emotional anguish, fear, and anxiety.  Plaintiff is further informed and believes, and thereon alleges that said injuries may or will result in permanent disability, all to her general damages in an amount which will be stated according to proof, but are in an amount that exceeds the minimum jurisdiction of this Court.

62.     As a further direct and proximate cause of DEFENDANTS aforementioned conduct, Plaintiff has employed and will continue to employ the services of medical providers for her treatment.  Plaintiff has incurred and will continue to incur hospital, medical, professional, and incidental expenses, in an exact amount which will be stated according to proof.

63.     As a further direct and proximate cause of DEFENDANTS' aforementioned conduct, Plaintiff has incurred and will continue to incur economic losses in an amount to be stated according to proof.

**<u>THIRD CAUSE OF ACTION</u>**

**Negligent Hiring, Supervising, and Retention**

**against Ralphs, American Guard, and Seven Safe**

64.     Plaintiff incorporates herein by reference, each and every allegation and statement aforementioned herein as if the same had been set forth fully below.

65.     Plaintiff is informed and believes, and thereon alleges that DOE DEFENDANTS perpetrated the wrongful conduct and/or assault and battery that caused her physical injuries and that GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE are responsible for this harm because they negligently hired, supervised, and retained their employees, agents, independent contractors, and/or joint venturers, including DOE DEFENDANTS.

66.     At all relevant times herein, GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE owed Plaintiff a duty of care to act in a reasonable and ordinary manner so as not to cause Plaintiff any foreseeable harm.

67.     At all relevant times herein, GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE failed to exercise ordinary and reasonable care to avoid injury to Plaintiff, including without limitation, when they  (1) failed to implement adequate background checks and inquiries of prospective employees; (2)  failed to adopt proper hiring standards; (3) failed to implement proper policies and procedures for interacting with customers, especially vulnerable homeless customers like Plaintiff; (4) failed to investigate and/or properly respond to complaints of threats, aggression, and/or violence by their agents, employees, and independent contractors; (5) failed to properly supervise their employees, agents, and independent contractors; (6) failed to

16

**THIRD AMENDED COMPLAINT FOR DAMAGES**

properly train on customer safety and conflict resolution; and (6) wrongfully retained employees, agents, and independent contractors who they knew or should have known were unfit and/or incompetent to perform the work for which they were hired.

68.    Plaintiff is informed and believes that GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE knew or should have known that DOE DEFENDANTS were unfit and/or incompetent to perform the work for which they were hired.

69.    Plaintiff is informed and believes that prior complaints of harassment, threats of violence, and actual violence by ARMBRISTER, DOE DEFENDANT 2, and/or other RALPHS security guards were made to GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE before the incident.

70.    Plaintiff is informed and believes that GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE knew or should have known that individual DOE DEFENDANTS, including ARMBRISTER and SECURITY GUARD 2, had been harassing, threatening, assaulting, and/or battering other vulnerable homeless customers, including homeless women like Plaintiff.

71.    Plaintiff is informed and believes that GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE knew or should have known ARMBRISTER and SECURITY GUARD 2, were failing to properly perform their job duties but failed to take appropriate and corrective action.

72.    Plaintiff is informed and believes that had GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE, taken prompt and corrective action against individual DOE DEFENDANT, including ARMBRISTER and SECURITY GUARD 2, that Plaintiff would not have been harassed, threatened, assaulted, and battered.

73.    Despite being informed of individual DOE DEFENDANTS' unlawful and tortious conduct, GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE kept DOE DEFENDANTS in their employ, thereby sanctioning, authorizing, ratifying, and working in concert with DOE DEFENDANTS in their negligent and/or unlawful conduct.

74.    Plaintiff is further informed and believes that as the direct and proximate cause of DEFENDANTS' failures, she was aggressively attacked by DOE DEFENDANTS. Plaintiff is

1    informed and believes that had DEFENDANTS taken reasonable precautions and corrective

2    measures, she would not have been brutally attacked and injured.

3          75.     DEFENDANTS' conduct, and each of them, constitutes negligence and is actionable

4    under the laws of the State of California.  As a direct and proximate result of DEFENDANTS' acts

5    and omissions Plaintiff suffered, without limitation, exacerbated and aggravated respiratory attacks

6    and spasms, severe eye, nose, and face pain, throat pain, embarrassment, humiliation, trauma,

7    mental distress, emotional anguish, fear, and anxiety, shock, and other physical manifestations.

8          76.     Plaintiff is further informed and believes, and thereon alleges that said injuries may

9    or will result in permanent disability, all to her general damages in an amount which will be stated

10   according to proof, but are in an amount that exceeds the minimum jurisdiction of this Court.

11         77.     As a further direct and proximate cause of DEFENDANTS' actions and omissions,

12   Plaintiff has employed and will have to employ the services of medical providers for medical

13   treatment. Plaintiff incurred and will continue to incur medical, professional, and incidental

14   expenses, of which the exact amount will be stated according to proof.

15         78.     As a further direct and proximate cause of DEFENDANTS' actions and omissions,

16   Plaintiff incurred and will continue to incur economic losses in an amount to be stated according to

17   proof.

18   **FOURTH CAUSE OF ACTION**

19   **Violations of the California Ralph Act, Civ. Code §51.7,**

20   **against Ralphs, American Guard, and Seven Safe**

21         79.     Plaintiff incorporates herein by reference, each and every allegation and statement

22   contained in paragraphs 1 to 64, *supra*, as if the same had been set forth fully below.

23         80.     At all times mentioned herein above, Plaintiff was the subject of violence, including

24   without limitation, ARMBRISTER, SECURITY GUARD 2, and DOE DEFENDANTS'

25   intimidation, harassment, threats of violence, actual violence, including without limitation, repeat

26   punches to her face and pepper spray to her eyes, nose, and face. Plaintiff is informed and believes

27   such violence was due at least in part because of her actual or perceived race, ethnicity, color, sex,

28   and/or gender.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

81.     At all times mentioned herein above, Plaintiff's protected, identifying characteristics as an African American female were visibly apparent to ARMBRISTER and DOE DEFENDANTS. Additionally, ARMBRISTER also admittedly perceived Plaintiff to have a mental disability and/or medical condition of mental illness.

82.     Plaintiff is informed and believes that ARMBRISTER and DOE DEFENDANTS' wrongful intimidation, harassment, threats of violence, and/or actual violence were substantially motivated by Plaintiff's immediately identifying characteristics and perceived characteristics. Plaintiff is further informed and believes that ARMBRISTER's use of excessive force and humiliation to remove Plaintiff from the premises was substantially motivated by these same actual and/or perceived characteristics.

83.     Plaintiff is informed and believes that GROCERY DEFENDANTS wanted to keep other customers from witnessing Plaintiff's perceived mental disability and/or medical condition, and so instructed ARMBRISTER and/or DOE DEFENDANTS to remove her from the store.

84.     Plaintiff is informed and believes that ARMBRISTER claimed her previously told Plaintiff she could no longer patron the RALPHS grocery store due to her shoplifting. Plaintiff has neither shoplifted from the store nor has she been banned from shopping at the subject RALPHS grocery store.

85.     Plaintiff is informed and believes that ARMBRISTER and/or DOE DEFENDANTS also observed Plaintiff was as an African American homeless woman and falsely identified Plaintiff as another African American woman who had been banned for shoplifting and/or falsely stated that Plaintiff had been banned for shoplifting to justify her wrongful removal from the premises.

86.     At all times mentioned herein above, ARMBRISTER and DOE DEFENDANTS wore GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE uniforms and were acting in their individual and/or professional capacity within the course and scope of their employment as GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE agents, employees, and/or independent contractors.

87.     At all times mentioned herein above, ARMBRISTER and DOE DEFENDANTS intentionally, recklessly, and wantonly exercised their actual and/or apparent authority, including

1    without limitation, their position of authority as a security guard, their weapons supplied by

2    GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE, and their actual or

3    perceived superior strength over Plaintiff, when they subjected her to harassment, assault, threats of

4    violence, actual violence upon her person, and humiliation in front of DEFENDANTS' customers.

5         88.    At all times mentioned herein above, ARMBRISTER and DOE DEFENDANTS'

6    intentional, reckless, and wanton misconduct was purposed to and succeeded in preventing Plaintiff

7    from exercising her constitutional and statutory rights to be free from assault and battery, gender

8    violence, and discrimination based on, without limitation, her race, color, national origin, and/or

9    gender.  ARMBRISTER and DOE DEFENDANTS exercised this authority over Plaintiff

10   intentionally and with conscious disregard for Plaintiff's civil rights.  Plaintiff is informed and

11   believes such violence was due at least in part because of her actual or perceived race, ethnicity,

12   color, national origin, and/or gender.

13        89.    Plaintiff is informed and believes and thereon alleges GROCERY DEFENDANTS,

14   AMERICAN GUARD, and/or SEVEN SAFE knew or should have known of these wrongful

15   activities and intentional, reckless, and wanton civil rights violations by ARMBRISTER, DOE

16   DEFENDANTS and/or its other agents, independent contractors, and/or employees. Nevertheless,

17   GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE did nothing to

18   investigate, supervise, and/or terminate ARMBRISTER and/or DOE DEFENDANTS and other

19   said agents, employees, and/or independent contractors to ensure the safety of people, like Plaintiff,

20   who were on their premises. GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN

21   SAFE also failed to implement and enforce policies and procedures that would have ensured the

22   safety of its customers, including Plaintiff. Thereby, GROCERY DEFENDANTS, AMERICAN

23   GUARD, and/or SEVEN SAFE sanctioned, authorized, ratified, and worked in concert with DOE

24   DEFENDANTS in all their misconduct.

25        90.    The conduct of ARMBRISTER and DOE DEFENDANTS was ratified by

26   GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE both before and after

27   the event.

28        91.    As a direct and/or proximate result of DEFENDANTS' unlawful conduct as alleged

20

**THIRD AMENDED COMPLAINT FOR DAMAGES**

hereinabove, Plaintiff suffered, without limitation, great pain of mind and body, shock emotional distress, physical manifestations of emotional distress including without limitation, humiliation, embarrassment, loss of self-esteem, disgrace, anxiety, loss of enjoyment of life, and Plaintiff was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life, and other consequential damages, all in an amount exceeding the jurisdictional minimum of the Superior Court according to proof at trial.

92.     As a further direct and proximate cause of DOE DEFENDANTS' misconduct, Plaintiff has also suffered and will continue to suffer trauma and respiratory exacerbation and aggravation, and has employed and will need to employ the services of medical providers for medical treatment. Plaintiff accrued and will continue to accrue medical, professional, and incidental expenses, of which the exact amount will be stated according to proof.

93.     As a direct, legal, and proximate cause of DEFENDANTS' misconduct Plaintiff has and will continue to sustain loss of earning capacity.  Plaintiff is further informed and believes, and thereon alleges that said injuries may or will result in permanent disability, all to her general damages in an amount which will be stated according to proof, but are in an amount that exceeds the minimum jurisdiction of this Court.

94.     As a further direct and proximate cause of DEFENDANTS' misconduct, Plaintiff incurred and will continue to incur economic losses in an amount to be stated according to proof.

95.     As a further direct and proximate cause of DEFENDANTS' wrongful and illegal conduct, Plaintiff is entitled to reasonable attorneys' fees and costs for this civil lawsuit and a civil penalty of $25,000.00 as provided in Cal. Civil Code § 52.

96.     As a further direct and proximate cause of DEFENDANTS' wrongful and illegal conduct, Plaintiff is entitled to a civil penalty and exemplary damages as provided in Cal. Civil Code § 52.

97.     The conduct of DEFENDANTS, and each of them, was willful, malicious, oppressive, and/or reckless, and was done with the intent to oppress Plaintiff and with conscious disregard for Plaintiff's safety, well-being, and deprivation of her liberty.  Further, the foregoing intentional acts subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's

rights.  As a result of the foregoing, Plaintiff is entitled to punitive, exemplary, and/or treble damages against DEFENDANTS in an amount according to proof.

98.    Plaintiff shall further be entitled to appropriate equitable remedies to be proven at trial.

## FIFTH CAUSE OF ACTION

**Violations of the California Unruh Civil Rights Act, Civ. Code § 51**

**against Ralphs, American Guard, and Seven Safe**

99.    Plaintiff incorporates herein by reference, each and every allegation and statement contained in paragraphs 1 to 75, *supra*, as if the same had been set forth fully below.

100.    DEFENDANTS violated Plaintiff's civil rights, including violations through their agents, joint venturers, independent contractors, and/or employees.  Under the Unruh Civil Rights Act, Plaintiff had a right to be free from, without limitation, discrimination, abuse, and harassment based on, without limitation, her race, ethnicity, color, and/or gender.

101.    Cal. Civil Code § 51(b) states "All persons within the jurisdiction of this state are free and equal and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status, are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

102.    Cal. Civil Code § 51.5(a) states that "No business establishment of any kind whatsoever shall discriminate against…any person in this state on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51…because the person is perceived to have one or more of those characteristics, or because the person is associated with a person who has, or is perceived to have, any of those characteristics."

103.    DEFENDANTS acted in their individual and professional capacity in the scope of their employment, agency, joint venture, and/or independent contracting relationships during the instances when Plaintiff was intimidated, harassed, threatened with violence, violently restrained, forced to endure repeated punches to her face, drenched in her eyes, face, and nose with pepper

22

**THIRD AMENDED COMPLAINT FOR DAMAGES**

1    spray, dragged across the floor, and removed from the premises.

2        104.    At all times mentioned herein above, ARMBRISTER and DOE DEFENDANTS

3    intentionally, recklessly, and wantonly exercised their actual and/or apparent authority, including

4    without limitation, their position of authority as a security guard, their weapons supplied by

5    GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE, and their actual or

6    perceived superior strength over Plaintiff, when they subjected her to harassment, assault, threats of

7    violence, actual violence upon her person, and humiliation in front of DEFENDANTS' customers.

8        105.    At all times mentioned herein above, Plaintiff's protected, identifying characteristics

9    as an African American female were visibly apparent to ARMBRISTER and DOE DEFENDANTS.

10    Additionally, ARMBRISTER also admittedly perceived Plaintiff to have a mental disability and/or

11    medical condition of mental illness.

12        106.    Plaintiff is informed and believes that ARMBRISTER and DOE DEFENDANTS'

13    wrongful intimidation, harassment, threats of violence, and/or actual violence were substantially

14    motivated by Plaintiff's immediately identifying characteristics and perceived characteristics.

15    Plaintiff is further informed and believes that ARMBRISTER's use of excessive force and

16    humiliation to remove Plaintiff from the premises was substantially motivated by these same actual

17    and/or perceived characteristics.

18        107.    Plaintiff is informed and believes that DEFENDANTS denied Plaintiff equal access

19    to patron the RALPHS grocery store in substantial part because of her perceived mental disability

20    and/or medical condition. As a result, Plaintiff is informed and believes that ARMBRISTER and/or

21    DOE DEFENDANTS were instructed to remove her from the store.

22        108.    Furthermore, Plaintiff is informed and believes that DEFENDANTS conspired to

23    have Plaintiff arrested and charged for battery based in substantial part because of her actual and/or

24    perceived characteristics of having a mental disability and/or medical condition. As a result, she

25    suffered discrimination and denial of her statutory and constitutional right to liberty when she was

26    charged with battery, arrested, and transported to the police station.

27        109.    Plaintiff is informed and believes that DEFENDANTS either directed, instructed,

28    participated in, and/or enforced the aforementioned wrongful discrimination, unlawful use of excess

**THIRD AMENDED COMPLAINT FOR DAMAGES**

force, and/or denial of statutory and constitutional rights to Plaintiff. Moreover, GROCERY DEFENDANTS, AMERCIAN GUARD, and/or SEVEN SAFE failed to investigate, supervise, and/or terminate DOE DEFENDANTS and failed to develop, implement, and enforce policies and procedures that would have preserved Plaintiff's safety, security, and rights. Thereby, GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE sanctioned, authorized, ratified, and worked in concert with DOE DEFENDANTS in all their misconduct.

110.    The conduct of ARMBRISTER and DOE DEFENDANTS was ratified by GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE both before and after the event.

111.    As a direct and proximate result of DEFENDANTS' wrongful conduct and illegal civil rights violations, Plaintiff's employment and professional development has been adversely affected. Without limitation, Plaintiff has lost wages and will continue to lose wages in an amount to be determined at trial.  Plaintiff has suffered substantial economic injuries, all to Plaintiff's general, special, and consequential damages in an amount to be proven at trial, but in no event will be less than the minimum jurisdictional amount of this Court.

112.    As a direct and proximate result of DEFENDANTS' wrongful conduct and illegal civil rights violations, Plaintiff also suffered the following injuries and losses: trauma, aggravated and exacerbated respiratory injury, humiliation, emotional distress, mental anguish, fright, upset, grief, anxiety, and shock, in an amount according to proof at trial but in no event less than the jurisdictional minimum requirement of this Court.

113.    As a result of DEFENDANTS' wrongful conduct and illegal civil rights violations, Plaintiff is entitled to reasonable attorneys' fees and costs for this civil lawsuit and a civil penalty of $25,000.00 as provided in Cal. Civil Code § 52.

114.    As a result of the DEFENDANTS' wrongful conduct and illegal civil rights violations, Plaintiff is entitled to a civil penalty and exemplary damages as provided in Cal. Civil Code § 52.

115.    The conduct of DEFENDANTS, and each of them, was willful, malicious, oppressive, and/or reckless, and done with the intent to oppress plaintiff and with conscious

disregard for Plaintiff's safety, well-being, and deprivation of her liberty.  Further, the foregoing intentional acts subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's. As a result of the foregoing, Plaintiff is entitled to punitive and treble damages in an amount according to proof.

## SIXTH CAUSE OF ACTION

### Violations of the California Bane Act, Civ. Code § 52.1,

### against Ralphs, American Guard, and Seven Safe

116.    Plaintiff incorporates herein by reference, each and every allegation and statement contained in paragraphs 1 to 84, *supra*, as if the same had been set forth fully below.

117.    *Civil Code* §52.1(b) states: "Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right or rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a)."

118.    At all relevant times herein, Plaintiff was exercising her constitutional right to freely participate in society as a homeless African American woman. Plaintiff was lawfully shopping in the RALPHS grocery store, in which she was exercising her protected constitutional and statutory right to be free from threats of violence and actual violence based on her race, color, and/or gender. She was also exercising her constitutional free speech rights when she sought the RALPHS store manager, called 9-1-1 for emergency aid, and communicated with ARMBRISTER and DOE DEFENDANTS.

119.    Plaintiff was deprived of her constitutionally protected rights including, without limitation Plaintiff's rights as guaranteed by the California State Constitution Sections 1, 4, 7, 10, 13, 17 and 26 by DEFENDANTS.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

120.    DEFENDANTS violated Plaintiff's statutory and constitutionally protected rights when ARMBRISTER and/or DOE DEFENDANTS intimidated, harassed, and threatened Plaintiff with violence, and then battered, restrained, and executed a Private Person Arrest of Plaintiff. DEFENDANTS unlawfully prevented Plaintiff from exercising her right to be free from assault and battery, gender violence, harassment, and discrimination based on, without limitation, Plaintiff's race, color, national origin, and/or gender.

121.    At all relevant times, the aforementioned unlawful threats, intimidation, and violent acts committed against Plaintiff caused her to reasonably believe that if she exercised her right to be free from assault and battery, gender violence, harassment, and discrimination based on, without limitation, her race, color, national origin, and/or gender, that ARMBRISTER and DOE DEFENDANTS would commit further acts of physical violence against her. Plaintiffs believed this, in part, because DOE DEFENDANTS had the apparent ability and authority to carry out their threats and continued to carry out violence after she protested and attempted to stop the violence.

122.    At all times mentioned herein above, ARMBRISTER and DOE DEFENDANTS wore GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE uniforms and were acting in their individual and/or professional capacity within the course and scope of their employment, agency, and/or independent contracting relationship with GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE.  Furthermore, the constitutional violations committed against Plaintiff arose from the enterprise of said employment, agency, and/or independent contracting relationship, particularly providing security at RALPHS grocery stores. Moreover, the injuries and losses Plaintiff suffered were incurred by this very same employment, agency, and/or independent contracting relationship between DEFENDANTS.

123.    At all times mentioned herein above, ARMBRISTER and DOE DEFENDANTS intentionally, recklessly, and wantonly exercised their actual and/or apparent authority, including without limitation, their position of authority as a security guard, their weapons supplied by GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE, and their actual or perceived superior strength over Plaintiff, when they subjected Plaintiff to harassment, assault,

**THIRD AMENDED COMPLAINT FOR DAMAGES**

threats of violence, actual violence, and humiliation in front of DEFENDANTS' customers. The actions described hereinabove were contrary to law and Plaintiffs' constitutional rights.

124.    Further, Defendants' wrongful conduct was intended to, and did, successfully interfere with Plaintiff's constitutional rights to be free from assault and battery, gender violence, and discrimination based on, without limitation, her race, color, national origin, and/or gender.

125.    DEFENDANTS wrongfully used threats, intimidation, harassment, violence, and coercion over Plaintiff's person, to which Plaintiff had no relief except to submit to Defendants' wrongful threats, intimidation, harassment, violence, and coercion. At no time did Plaintiff submit voluntarily to such conduct.

126.    Plaintiff's race, ethnicity, color, and/or gender were substantial motivating factors for DEFENDANTS' failure to safeguard Plaintiff against these wrongful and illegal acts based on her gender, race, color, and/or national origin.  At all times relevant, Plaintiff was not provided full and equal accommodations, advantages, facilities, privileges, and healthcare services, including immediate medical attention for her injuries.

127.    Plaintiff is informed and believes and thereon alleges GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE knew or should have known of these wrongful activities and intentional, reckless, and wanton civil rights violations by ARMBRISTER, DOE DEFENDANTS and/or its other agents, independent contractors, and/or employees. Nevertheless, GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE failed to ensure Plaintiff's constitutional rights were protected, including without limitation, failing to properly hire, train, supervise and retain its agents, employees, and/or independent contractors. Furthermore, GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE failed to investigate these constitutional violations and implement and enforce policies that would have prevented Plaintiff's constitutional violations. GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE thereby sanctioned, authorized, ratified, and worked in concert with DOE DEFENDANTS in all their misconduct. GROCERY DEFENDANTS, AMERICAN GUARD, and/or SEVEN SAFE sanctioned, authorized, ratified, and worked in concert with DOE DEFENDANTS both before and after the event.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

128.    DEFENDANTS' above-noted actions were the legal and proximate cause of physical, psychological, emotional, and economic damages, and damage to Plaintiff, who has suffered and continue to suffer to this day.  The actions of DEFENDANTS have also resulted in Plaintiff incurring, and will require her to incur into the future, expenses for medical and psychological treatment, therapy, and counseling.

129.    As a result of the above-described conduct, Plaintiff suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; has and will continue to sustain loss of earning capacity; and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.  Plaintiff has also suffered economic, vocational, and employment losses, as well.

130.    As a result of DEFENDANTS and their agents,' independent contractors', joint venturers, and/or employees' illegal acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit and a civil penalty of $25,000.00 as provided in Cal. Civil Code § 52.

131.    Furthermore, as a result of DEFENDANTS, and each of their wrongful and illegal conduct as alleged herein, Plaintiff is also entitled to three times their actual damages, which in no case shall be less than $4,000.00.

132.    The conduct of DEFENDANTS, and each of them, was willful, malicious, oppressive, and/or reckless, and done with the intent to oppress plaintiff and with a conscious disregard for Plaintiff's safety, well-being, and deprivation of her liberty.  Further, the foregoing intentional acts subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights.  As a result of the foregoing, Plaintiff is entitled to punitive, exemplary, and/or treble damages against DEFENDANTS, and each of them, in an amount according to proof.

133.    Plaintiff shall further be entitled to appropriate equitable remedies to be proven at trial.

**THIRD AMENDED COMPLAINT FOR DAMAGES**

1

2                                    **PRAYER FOR RELIEF**

3          WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them,

4    including Does 1 through 50, Inclusive, as follows:

5       1.  For compensatory, general, and special damages against each Defendant, jointly and

6           severally, in an amount to be proven at trial;

7       2.  For punitive and exemplary damages against DEFENDANTS in an amount appropriate to

8           punish DEFENDANTS and deter others from engaging in similar misconduct;

9       3.  For civil penalties as permitted by law;

10      4.  For trebling of actual damages;

11      5.  For costs, including reasonable attorneys' fees;

12      6.  For pre-judgment and post-judgment interest as permitted by law;

13      7.  For other such relief as the Court may deem proper.

14

15

16   Dated:  December 20, 2022              **CARPENTER & ZUCKERMAN**

17

18                                          DocuSigned by:

19                        BY: _____*John Carpenter*_____

20                            John C. Carpenter
                              Attorney for Plaintiff,
21                            MIYOSHI GRANT

22

23

24

25

26

27

28

**THIRD AMENDED COMPLAINT FOR DAMAGES**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Plaintiff MIYOSHI GRANT hereby demands a trial of all causes by jury.

Dated: December 20, 2022                    **CARPENTER & ZUCKERMAN**

DocuSigned by:

BY: *John Carpenter*

John C. Carpenter
Attorney for Plaintiff,
MIYOSHI GRANT

**THIRD AMENDED COMPLAINT FOR DAMAGES**

## **PROOF OF SERVICE**

### **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 8827 West Olympic Boulevard, Beverly Hills, California 90211.

On Wednesday, December 21, 2022, I served the foregoing document described as:

### **THIRD AMENDED COMPLAINT**

**[ X ]**    by placing [ ] the original  [ **X** ] copies addressed as follows:

**[X]**    **VIA ELECTRONIC TRANSMISSION** to the addressee(s) listed below:

Edward Seo
Heejoong Kim
Lewis Brisbois Bisgaard & Smith LLP
633 W 5th Street, #4000
Los Angeles, CA 90071
Phone: 213.680.5079; Fax: 213.250.7900
Edward.Seo@lewisbrisbois.com
Heejoong.Kim@lewisbrisbois.com
**Attorneys for Defendant RALPHS GROCERY COMPANY dba RALPHS and AMERICAN GUARD SERVICES, INC.**

Ronald Zurek, Esq.
Sheral A. Hyde, Esq.
Veronica Cisneros
Wesierski & Zurek LLP
100 Corson St., Suite 300
Pasadena, CA 91103
Tel. No. (213) 627-2300
Fax. No. (213) 629-2725
fdoro@wzllp.com
Shyde@wzllp.com
VCisneros@wzllp.com
eservicepasadena@wzllp.com
**Attorneys for Defendant Kroger Company**

~~Kym Green, Esq.~~
~~Jeff Levine, Esq.~~
~~Nick Shepard, Esq.~~
~~Matheny Sears Linkert & Jaime~~
~~3638 American River Dr,~~
~~Sacramento, CA 95864~~
~~Tel. No. (916) 978-3434~~
~~Fax. No (916) 978-3430~~
~~kgreen@matthenysears.com~~
~~nshepard@matthenysears.com~~
~~jlevine@matthenysears.com~~
~~jbullard@matthenysears.com~~
~~**Attorneys for Defendant, American Guard Services, Inc.**~~

**No Counsel of Record for Doe 1 Defendant, Seven Safe Services, Inc.**

**No Counsel of Record for Doe 2 Defendant, Jonathan Armbrister**

**No Counsel of Record for Doe 3 Defendant, Guardian International Solutions Inc.**

**[X]**     BY ELECTRONIC SERVICE: Pursuant to Code of Civil Procedure § 1010.6(a)(2)(A)(i), 1010.6(a)(2)(A)(ii), and/or necessity resulting from the Safer at Home order/regulation issued by the City and County of Los Angeles effective March 20, 2020:  from my email address vtompkins@cz.law to the e-mail address(es) listed above.

**[ ]**     BY MAIL: I am familiar with the practice of Carpenter & Zuckerman for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Carpenter & Zuckerman, Los Angeles, California, following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on Wednesday, December 21, 2022, at Los Angeles, California.

_____
DocuSigned by:

*Valerie Tompkins*

Valerie Tompkins

EXHIBIT 2

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| John Carpenter, Esq. / Asa O. Eaton, Esq.<br>Carpenter & Zuckerman<br>8827 W. Olympic Blvd., Beverly Hills, CA 90211<br>ph: 3102731230                     fax:  3108581063<br>e-mail:  eaton@czrlaw.com<br>ATTORNEY FOR (Name): Miyoshi Grant | 155610 / 316888 | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>4/19/2023 10:50 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By R. Pineda, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS: 111 N. Hill Street, Los Angeles, CA 90012

PLAINTIFF: MIYOSHI GRANT

DEFENDANT: KROGER COMPANY, et al.

| **AMENDMENT TO COMPLAINT**<br>**(Fictitious /Incorrect Name)** | CASE NUMBER:<br>21STCV46592. |
|---|---|

---

☒ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
Doe 4

and having discovered the true name of the defendant to be:

TRUE NAME
Lester Finnell dba Seven Safe Services

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE<br>April 12, 2023 | TYPE OR PRINT NAME<br>John Carpenter, Esq. / Asa O. Eaton, Esq. | SIGNATURE OF ATTORNEY |
|---|---|---|

---

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|

---

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____
Dated

_____
Judicial Officer

LASC LACIV 105 (Rev. 08/18)
For Optional Use

**AMENDMENT TO COMPLAINT**
**(Fictitious / Incorrect Name)**

Code Civ. Proc., §§ 471.5,
472, 473, 474

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 8827 West Olympic Boulevard, Beverly Hills, California 90211.

On Tuesday, April 18, 2023, I served the foregoing document described as:

### AMENDMENT TO COMPLAINT

**[ X ]**    by placing [  ] the original  **[ X ]** copies addressed as follows:

### SEE SERVICE LIST

**[X]**    BY ELECTRONIC SERVICE: Pursuant to Code of Civil Procedure § 1010.6(a)(2)(A)(i), 1010.6(a)(2)(A)(ii), and/or necessity resulting from the Safer at Home order/regulation issued by the City and County of Los Angeles effective March 20, 2020:  from my email address asilva@cz.law to the e-mail address(es) listed above.

**[  ]**    BY MAIL: I am familiar with the practice of Carpenter & Zuckerman for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.  On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Carpenter & Zuckerman, Los Angeles, California, following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on Tuesday, April 18, 2023, at Los Angeles, California.

_____
Ashley Silva

1

2

3

## SERVICE LIST

4

5

6

7

8

Edward Seo, Esq.
Heejoong Kim, Esq.
JongWon Kevin Yang, Esq.
Lewis Brisbois Bisgaard & Smith LLP
633 W 5th Street, #4000
Los Angeles, CA 90071
Phone: 213.680.5079; Fax: 213.250.7900

No Counsel of Record for Defendant Jonathan Armbrister

No Counsel of Record for Defendant, Guardian International Solutions Inc.

9

Edward.Seo@lewisbrisbois.com
Heejoong.Kim@lewisbrisbois.com
Blair.Kim@lewisbrisbois.com

10

Kevin.Yang@lewisbrisbois.com
Belinda.Villalobos@lewisbrisbois.com

Ronald Zurek, Esq.
Sheral A. Hyde, Esq.
Veronica Cisneros
Wesierski & Zurek LLP
100 Corson St., Suite 300
Pasadena, CA 91103
Tel. No. (213) 627-2300
Fax. No. (213) 629-2725
fdoro@wzllp.com
Shyde@wzllp.com
VCisneros@wzllp.com
eservicepasadena@wzllp.com
**Attorneys for Defendant Kroger Company**

11

**Attorneys for Defendant RALPHS GROCERY COMPANY dba RALPHS and AMERICAN GUARD SERVICES, INC., KROGER COMPANY and SEVEN SAFE SERVICES, INC.**
**(VIA EMAIL)**

12

13

14

15

16

17

18

19

20

21

Kym Green, Esq.
Jeff Levine, Esq.
Nick Shepard, Esq.
Matheny Sears Linkert & Jaime
3638 American River Dr,
Sacramento, CA 95864
Tel. No. (916) 978-3434
Fax. No (916) 978-3430
kgreen@mathenysears.com
nshepard@mathenysears.com
jlevine@mathenysears.com
jbullard@mathenysears.com
**Attorneys for Defendant, American Guard Services, Inc.**

22

23

24

25

26

27

28

2

PROOF OF SERVICE

Electronically FILED by Superior Court of California, County of Los Angeles on 08/17/2022 02:26 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Bolden, Deputy Clerk

Electronically Received 08/17/2022 02:26 PM

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>John Carpenter, Esq. / Matthew J. Singer<br>Carpenter & Zuckerman<br>8827 W. Olympic Blvd., Beverly Hills, CA 90211<br>ph: (310) 273-1230          fax: (310) 858-1063<br>e-mail: carpenter@cz.law / msinger@cz.law<br>ATTORNEY FOR (Name): Miyoshi Grant | STATE BAR NUMBER<br>155160 / 327860 | *Reserved for Clerk's File Stamp* |
|---|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS: 111 N. Hill Street, Los Angeles, CA 90012

PLAINTIFF: Miyoshi Grant

DEFENDANT: Kroger Company, et al.

| **AMENDMENT TO COMPLAINT**<br>(Fictitious /Incorrect Name) | CASE NUMBER:<br>21STCV46592 |
|---|---|

☒ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

| FICTITIOUS NAME<br>Doe 2 |
|---|

and having discovered the true name of the defendant to be:

| TRUE NAME<br>Jonathan Armbrister |
|---|

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE<br>August 17, 2022 | TYPE OR PRINT NAME<br>John Carpenter, Esq. | SIGNATURE OF ATTORNEY<br>*John Carpenter*<br>C118626E1EB642F... |
|---|---|---|

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

| INCORRECT NAME |
|---|

and having discovered the true name of the defendant to be:

| TRUE NAME |
|---|

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____          _____
       Dated                                    Judicial Officer

LASC LACIV 105 (Rev. 08/18)
For Optional Use

**AMENDMENT TO COMPLAINT**
(Fictitious / Incorrect Name)

Code Civ. Proc., §§ 471.5,
472, 473, 474

**PROOF OF SERVICE**

STATE OF CALIFORNIA        ]
                           ]ss.
COUNTY OF LOS ANGELES      ]

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 8827 West Olympic Boulevard, Beverly Hills, CA 90211-3613.

On August 16, 2022, I served the foregoing document described as: **AMENDMENT TO COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Frank J. D'Oro [Bar No. 81832]
fdoro@wzllp.com
Vahan Gabrielyan [Bar No. 328381]
vgabrielyan@wzllp.com
WESIERSKI & ZUREK LLP
100 Corson Street, Suite 300
Pasadena, California 91103
Telephone: (213) 627-2300
Facsimile: (213) 629-2725
Electronic service of documents only:
eServicePasadena@wzllp.com
Email lguerrero@wzllp.com
Attorneys for Defendant, RALPHS
GROCERY COMPANY dba RALPHS

Law Offices of
MATHENY SEARS LINKERT & JAIME, LLP
JEFFREY E. LEVINE, ESQ. (SBN 255862)
NICHOLAS R. SHEPARD, ESQ. (SBN 300629)
3638 American River Drive
Sacramento, California 95864
Telephone: (916) 978-3434
Facsimile: (916) 978-3430
dsears@mathenysears.com
jlevine@mathenysears.com
Attorneys for Defendant, AMERICAN GUARD
SERVICES, INC.

____    **BY MAIL:**  I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.  I am readily familiar with the  business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

____    **BY OVERNIGHT DELIVERY:**  By sealing the envelope and placing it for collection and overnight delivery in a box regularly maintained by an overnight delivery service with delivery fees paid or provided for in accordance with ordinary business practices.

____    **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to counsel for defendants.

____    **VIA FACSIMILE:** I certify that no transmission errors was reported by the facsimile machine used to transmit the document(s) listed herein to the parties to this action.  I also caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

1

Carpenter
&
Zuckerman
LLP

<u>  x  </u>    **BY ELECTRONIC MAIL:**  I caused all of the pages of the above-entitled document(s) to be sent to the recipients noted above via electronic mail ("E-Mail") at the respective e-mail addresses indicated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 16, 2022, at Beverly Hills, California.

DocuSigned by:

*Valerie Tompkins*

Valerie Tompkins

Carpenter
&
Zuckerman
LLP

2

EXHIBIT 3

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| AMINPOUR & ASSOCIATES<br>A. King Aminpour, Esq.(SBN 183534); Oliver Shami, Esq. (SBN157921)<br>Mike VanGalio, Esq.(SBN: 314675); Chelsea Grover, Esq. (SBN: 306590)<br>317 Ash Street, San Diego, CA 92101<br>TELEPHONE NO: (619) 238-1177    FAX NO. *(Optional):* (619) 238-1188<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff Penn | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**07/05/2022** at 10:26:00 AM<br>Clerk of the Superior Court<br>By Emily Schilawski,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego CA 92101
BRANCH NAME: Central Courthouse

PLAINTIFF: Gwendolyn D. Penn, individually and as Successor-In-Interest to Zhadius Penn, Deceased

DEFENDANT: The Kroger Co.;American Guard Services, Inc.;Adam T Burkett;Prolific Protection; [See Attachment]; and

☑ DOES 1 TO  10

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
☑ **AMENDED** *(Number):* Second
**Type** *(check all that apply):*
☐ MOTOR VEHICLE    ☑ OTHER *(specify):* Premises Liability
☐ Property Damage    ☑ Wrongful Death
☑ Personal Injury    ☐ Other Damages *(specify):*

**Jurisdiction** *(check all that apply):*
☐ ACTION IS A LIMITED CIVIL CASE
Amount demanded    ☐ does not exceed $10,000
☐ exceeds $10,000, but does not exceed $25,000
☑ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
☐ from limited to unlimited
☐ from unlimited to limited

CASE NUMBER:
37-2021-00029278-CU-PO-CTL

1. **Plaintiff** *(name or names):* Gwendolyn D. Penn, indiv. and as Successor-In-Interest to Zhadius Penn, Deceased
   alleges causes of action against **defendant** *(name or names):*
   The Kroger Co.; American Guard Services, Inc.; Adam T. Burkett; Prolific Protection; [See Attachment]
2. This pleading, including attachments and exhibits, consists of the following number of pages: 8
3. Each plaintiff named above is a competent adult
   a. ☐ **except plaintiff** *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*
   b. ☐ **except plaintiff** *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
*www.courtinfo.ca.gov*

PLD-PI-001

| SHORT TITLE:<br>Penn v. Kroger; et. al. | CASE NUMBER:<br>37-2021-00029278-CU-PO-CTL |
|---|---|

4. ☐ Plaintiff *(name)*:
   is doing business under the fictitious name *(specify)*:

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☑ **except** defendant *(name)*: The Kroger Co.
      (1) ☐ a business organization, form unknown
      (2) ☑ a corporation
      (3) ☐ an unincorporated entity *(describe)*:
      (4) ☐ a public entity *(describe)*:
      (5) ☐ other *(specify)*:

   c. ☑ **except** defendant *(name)*: Prolific Protection
      (1) ☑ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe)*:
      (4) ☐ a public entity *(describe)*:
      (5) ☐ other *(specify)*:

   b. ☑ **except** defendant *(name)*: AmGuardServices, Inc
      (1) ☐ a business organization, form unknown
      (2) ☑ a corporation
      (3) ☐ an unincorporated entity *(describe)*:
      (4) ☐ a public entity *(describe)*:
      (5) ☐ other *(specify)*:

   d. ☑ **except** defendant *(name)*: SevenSafeServices
      (1) ☑ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe)*:
      (4) ☐ a public entity *(describe)*:
      (5) ☐ other *(specify)*:

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☑ Doe defendants *(specify Doe numbers)*: 1 to 10    were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☑ Doe defendants *(specify Doe numbers)*: 1 to 10    are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

8. This court is the proper court because
   a. ☑ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify)*:

9. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify)*:

PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Page 2 of 3

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Penn v. Kroger; et. al. | 37-2021-00029278-CU-PO-CTL |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☐ Motor Vehicle
   b. ☑ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☑ Premises Liability
   f. ☐ Other *(specify)*:

11. Plaintiff has suffered
   a. ☑ wage loss
   b. ☐ loss of use of property
   c. ☐ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☑ loss of earning capacity
   g. ☑ other damage *(specify):*
      Wrongful Death

12. ☑ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☑ listed in Attachment 12.
   b. ☑ as follows:
      Plaintiff Gwendolyn D. Penn is the mother of the Decedent, Zhadius Penn. Decedent left three (3) surviving adult siblings: Keostophe, Enzishah, and Anthony Penn.

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☑ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: 6/21/22

King Aminpour, Esq.
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Penn; et. al. v Kroger; et. al. | 37-2021-00029278-CU-PO-CTL |

**ATTACHMENT** *(Number):* 1 (SAC)

*(This Attachment may be used with any Judicial Council form.)*

ADDITIONAL DEFENDANT:

Lester Finnell dba Seven Safe Services

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 4 of 8

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

48

PLD-PI-001(4)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Penn v. Kroger, et. al. | 37-2021-00029278-CU-PO-CTL |

2nd Amended   1st          **CAUSE OF ACTION—Premises Liability**          Page ___4___
(number)

ATTACHMENT TO    ☑ Complaint      ☐ Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* Gwendolyn D. Penn
    alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
    On *(date):* February 12, 2021          plaintiff was injured on the following premises in the following
    fashion *(description of premises and circumstances of injury):*

    At the Ralph's Grocery Store at 101 G Street in San Diego, CA, Plaintiff's son and decedent, Zhadius Penn, was shot and killed by security guard Adam T. Burkett acting on behalf of his employer, The Kroger Co. dba Ralphs acting through a series of subcontracting hiring agencies, to wit: American Guard Services, Inc., Prolific Protection, and Lester Finnell dba Seven Safe Services, each company maintaining an agency relationship with the others, with The Kroger Co., and with Adam T. Burkett.

Prem.L-2.  ☑  **Count One—Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names):*
    The Kroger Co. dba Ralphs; Adam T. Burkett; American Guard Services, Inc.; Prolific Protection; Lester Finnell dba Seven Safe Services; and
    ☑ Does 1     to 10

Prem.L-3.  ☐  **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names):*

    ☐ Does _____ to _____
    Plaintiff, a recreational user, was ☐ an invited guest ☐ a paying guest.

Prem.L-4.  ☐  **Count Three—Dangerous Condition of Public Property** The defendants who owned public property on which a dangerous condition existed were *(names):*

    ☐ Does _____ to _____
    a. ☐ The defendant public entity had ☐ actual ☐ constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.
    b. ☐ The condition was created by employees of the defendant public entity.

Prem.L-5. a. ☑ **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names):*
    Agent: Adam T. Burkett
    Principals: The Kroger Co.; AmGuard Services, Inc.; Prolific Protection;Seven Safe Svc
    ☑ Does 1     to 10

    b. ☐ The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
    ☐ described in attachment Prem.L-5.b ☐ as follows *(names):*

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]

**CAUSE OF ACTION—Premises Liability**

Page 1 of 1

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Penn v. The Kroger Co., et. al. | 37-2021-00029278-CU-PO-CTL |

2nd Amended   2nd          **CAUSE OF ACTION—General Negligence**          Page ___5___
<u>(number)</u>

ATTACHMENT TO  [✓] Complaint    [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):*  Gwendolyn Penn

alleges that defendant *(name):*  Adam T. Burkett; and

[✓] Does  1_____  to  10_____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date):*  February 12, 2021
at *(place):*  Ralphs Store at 101 G Street, San Diego, CA 92101

*(description of reasons for liability):*

Plaintiff hereby repeats and realleges each and every allegation contained in the First Cause of Action.

Defendants, and each of them, owned, controlled, leased, rented, maintained, inspected, repaired, managed, serviced, and operated, including the provision of security services for, the premises located at 101 G Street, San Diego, CA 92101 as a supermarket.

Decedent Zhadius Penn was a business invitee of the store.  At all times relevant hereto, an armed security guard, Adam T. Burkett, employed by Defendant The Kroger Co. dba Ralphs thru at least three intermediary hiring agencies [to wit: American Guard Services, Inc., Prolific Protection, and Lester Finnell dba Seven Safe Services], who lacked the training, temperament, and experience required to be entrusted with firearms and the power, if not the right, to take someone's life in service to Defendant The Kroger Co. dba Ralphs, did engage in an altercation with Plaintiff's son, Zhadius Penn, resulting in Burkett shooting and killing Mr. Penn.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Penn v. The Kroger Co., et. al. | 37-2021-00029278-CU-PO-CTL |

2nd Amended   3rd        **CAUSE OF ACTION—General Negligence**     Page ___6___
___(number)___

ATTACHMENT TO  ☑ Complaint      ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:   Gwendolyn Penn

 alleges that defendant *(name)*:   The Kroger Co.;AmGuard Services;Prolific Protection;SevenSafeSvcs

 ☑ Does  1_____   to   10_____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date)*:  February 12, 2021
at *(place)*:  Ralphs Store at 101 G Street, San Diego, CA 92101

*(description of reasons for liability):*

Plaintiff hereby repeats and realleges each and every allegation contained in the First and Second
Causes of Action.

Defendants, and each of them, owned, controlled, leased, rented, maintained, inspected, repaired,
managed, serviced, and operated, including the provision of security services for, the premises
located at 101 G Street, San Diego, CA 92101 as a supermarket.

Decedent Zhadius Penn was a business invitee of the store.  At all times relevant hereto, said
Defendants, and each of them, warranted the store to be safe, habitable, and free from artificial,
latent, or natural conditions on the premises that would expose Plaintiff to unreasonable risk of
harm.  Defendants were negligent in the inspection, management, construction, maintenance,
repair, control, and operation of the premises.  Defendants should have known through the
exercise of reasonable care that they had a defect in the common area of the premises that
presented a danger to customers, guests, business visitors, and the general public, to wit:

An armed security guard (Burkett)) who lacked the training, temperament, and experience
required to be entrusted with firearms and the power, if not the right, to take someone's life in
service to Defendant The Kroger Co. dba Ralphs and hired through Defendants American Guard
Services, Inc., Prolific Protection, and Lester Finnell dba Seven Safe Services, rendering said
business and corporate defendants liable for Defendant Burkett's negligence as a matter of law.

As a direct, foreseeable, and proximate result of the foregoing, Plaintiff's son, Decedent Zhadius
Penn, died.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]
**CAUSE OF ACTION—General Negligence**
Code of Civil Procedure 425.12
www.courtinfo.ca.gov

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Penn v. The Kroger Co., et. al. | 37-2021-00029278-CU-PO-CTL |

2nd Amended 4th (Surv)    **CAUSE OF ACTION—General Negligence**    Page ___7___
(number)

ATTACHMENT TO ☑ Complaint    ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:  Gwendolyn Penn, as Successor-In-Interest to Zhadius Penn, Decedent

alleges that defendant *(name)*:  The Kroger Co.;AmGuard Services;Prolific Protection;SevenSafeSvcs

☑ Does  1_____  to  10_____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date)*:  February 12, 2021
at *(place)*:  Ralphs Store at 101 G Street, San Diego, CA 92101

*(description of reasons for liability)*:

Plaintiff hereby repeats and realleges each and every allegation contained in the First, Second, and Third Causes of Action.

As a result of the foregoing, Decedent suffered immense pain and suffering prior to his death from DOE No. 1's gunshot.  As her son's Successor-In-Interest, Plaintiff is entitled to all damages to which Decedent would have been entitled had he survived being shot including, but not limited to, pain and suffering prior to death and all intentional tort damages if the facts ultimately support the conclusion Decedent was intentionally, rather than negligently, shot and killed.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
*www.courtinfo.ca.gov*

EXHIBIT 4

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**01/11/2022** at 01:13:00 PM
Clerk of the Superior Court
By Melissa Valdez, Deputy Clerk

1  JAMES J. RIJ  ESQ. (SBN: 94347)
   LIEBMAN, QUIGLEY & SHEPPARD
2  A Professional Law Corporation
   401 West A Street, Suite 1150
3  San Diego, CA  92101-7920
   Tel:  (619) 232-0777 / Fax:  (619) 238-5442
4

5  Attorneys for Defendant, RALPHS GROCERY COMPANY d.b.a. RALPHS, erroneously sued and
   served as "THE KROGER CO. d.b.a. RALPHS"
6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                 **FOR THE COUNTY OF SAN DIEGO**

10  GWENDOLYN D. PENN, individually and as          Case No.:  37-2021-00029278-CU-PO-CTL
    Successor-In-Interest to ZHADIUS PENN,
11  Deceased                                        I/C Judge: HON. KENNETH J. MEDEL

                                                    Dept:    C-66
12          Plaintiff,
                                                    **CROSS-COMPLAINT BY RALPHS**
13  v.                                              **GROCERY COMPANY d.b.a.**
                                                    **RALPHS FOR IMPLIED**
14  THE KROGER CO. d.b.a. RALPHS; DOE No.           **INDEMNITY; EQUITABLE**
    1; ROE No. 1; DOES 2 to 10; and ROES 2 to       **INDEMNITY; CONTRIBUTION;**
15  10, Inclusive,                                  **EXPRESS INDEMNITY; BREACH**
                                                    **OF CONTRACT AND**
16          Defendants.                             **DECLARATORY RELIEF**

17  ─────────────────────────────────              *[TRIAL:  NOT SET]*

18  RALPHS GROCERY COMPANY d.b.a.
    RALPHS,
19
            Cross-Complainant,
20
    v.
21
    AMERICAN GUARD SERVICES, INC.,
22  PROLIFIC PROTECTION GROUP, INC.,
    ADAM TROY BURKETT, and ROES 1 to 20,
23  inclusive,

24          Cross-Defendants.

25          Cross-Complainant, RALPHS GROCERY COMPANY d.b.a. RALPHS ("Cross-Complainant")

26  alleges as follows:

27  ///

28  ///

                              CROSS-COMPLAINT
                                     1

*FIRST CAUSE OF ACTION FOR IMPLIED INDEMNITY*

*AGAINST ALL CROSS-DEFENDANTS*

1.      The true names and capacities, whether individual, corporate, associate, or otherwise of Cross-Defendants designated herein as ROES 1 THROUGH 20, inclusive, are unknown to this Cross-Complainant, who therefore sues the Cross-Defendants by such fictitious names. Cross-Complainant will seek leave to amend this Cross-Complaint, to show their true names and capacities when such have been ascertained.

2.      Cross-Complainant is informed and believes and thereon alleges that Cross-Defendant AMERICAN GUARD SERVICES, INC. is, and at all times pertinent to this case, was a corporation qualified or authorized to do business, and doing business in the County of San Diego, State of California.

3.      Cross-Complainant is informed and believes and thereon alleges that Cross-Defendant PROLIFIC PROTECTION SERVICES GROUP, INC. is, and at all times pertinent to this case, was a corporation qualified or authorized to do business, and doing business in the County of San Diego, State of California.

4.      Cross-Complainant is informed and believes and thereon alleges that Cross-Defendant ADAM TROY BURKETT is, and at all times pertinent to this case was, an individual acting in the course and scope of his employment and/or agency with cross-defendants AMERICAN GUARD SERVICES, INC., PROLIFIC PROTECTION GROUP, INC. and/or ROES 1-10, inclusive, and each of them.

5.      Each of the Cross-Defendants is the agent, servant, or employee of each of the remaining Cross-Defendants, and in doing the acts herein alleged, were acting within the course and scope of said agency, service and employment, and with the full knowledge of each of the remaining Cross-Defendants.

6.      Cross-Complainant is informed and believes and thereon alleges that Cross-Defendants, are, and at all times herein mentioned, were individuals residing in the State of California, or corporations or other business entities duly qualified or authorized to do business and doing business in the State of California.

CROSS-COMPLAINT
2

7.   Plaintiff has commenced an action against Cross-Complainant alleging damages as a result of Cross-Complainant's alleged negligence, and said Plaintiff's First Amended Complaint is entitled *GWENDOYN D. PENN, individually and as Successor-In-Interest to ZHADIUS PENN, Deceased v. The Kroger Co. d.b.a. Ralphs, et al.,* San Diego Superior Court Case No. 37-2021-00029278-CU-PO-CTL. Cross-Complainant has denied and continues to deny the allegations of the First Amended Complaint and has pled certain affirmative defenses as set forth in its Answer to the First Amended Complaint, which Answer is incorporated herein by this reference as if fully set forth herein.

8.   Cross-Complainant is in no way liable for this accident, inident injuries or damages alleged in the First Amended Complaint. The accident, injuries and damages alleged in the First Amended Complaint were the direct and proximate result of the conduct of Cross-Defendants, and each of them. However, if as a result of the allegations in the First Amended Complaint, Cross-Complainant is held liable for all or any part of the damages alleged by Plaintiff, Cross-Complainant is entitled to indemnification by Cross-Defendants, and each of them, on the theory of implied indemnity.

9.   Cross-Complainant has incurred costs and expenses herein and will incur additional costs and reasonable attorney's fees. If, upon the trial, Plaintiff procures judgment against Cross-Complainant, then Cross-Complainant will be further damaged in the sums awarded to Plaintiff. The exact amount of Cross-Complainant's damage is unknown at this time, and Cross-Complainant will seek leave of Court to set forth the full amount of said damages at the conclusion of the trial in this matter.

## SECOND CAUSE OF ACTION FOR EQUITABLE INDEMNITY
## AGAINST ALL CROSS-DEFENDANTS

10.   Cross-Complainant refers to and incorporates by this reference, each and every allegation of Paragraphs 1 through 9, of its First Cause of Action, and makes them a part hereof as if fully set forth.

11.   Cross-Complainant was in no way liable for the accident, incident, damages or injuries alleged in the First Amended Complaint. The accident, incident, injuries and damages alleged in the First Amended Complaint were the direct and proximate result of the conduct of the Cross-Defendants, and each of them. However, if as a result of the allegations of the Complaint, Cross-Complainant should be found liable for all or any part of the damages alleged by Plaintiff, Cross-Complainant is entitled to equitable indemnity on a comparative fault basis from Cross-Defendants, and each of them.

1           ***THIRD CAUSE OF ACTION FOR CONTRIBUTION***

2               ***AGAINST ALL CROSS-DEFENDANTS***

3        12.    Cross-Complainant refers to and incorporates by this reference, each and every allegation

4 of Paragraphs 1 through 11, of its First and Second Causes of Action, and makes them a part hereof as

5 if fully set forth.

6        13.    Cross-Complainant contends that it is not legally responsible for the damages alleged in

7 the First Amended Complaint. However, if as a result of the matters alleged in the First Amended

8 Complaint, Cross-Complainant is found liable for all or any part of the claim asserted against it, Cross-

9 Defendants, and each of them, to the extent their fault is determined by the Court, are obligated to

10 reimburse and are liable to Cross-Complainant for all or any liabilities so assessed by way of

11 contribution. Cross-Complainant accordingly asserts its rights to such contribution.

12          ***FOURTH CAUSE OF ACTION FOR EXPRESS INDEMNITY***

13     ***AGAINST GUARD-SYSTEMS, INC. AND ROES 1-5, INCLUSIVE***

14        14.    Cross-Complainant refers to and incorporates by this reference, each and every allegation

15 of Paragraphs 1 through 13, and the entirety of its First, Second and Third Causes of Action, and makes

16 them a part hereof as if fully set forth herein.

17        15.    This Cross-Complainant is informed and believes and thereon alleges that on or about

18 June 11, 2016, and/or prior to and effective on February 12, 2021, THE KROGER CO., on behalf of its

19 subsidiaries and affiliates, including Cross-Complainant RALPHS GROCERY COMPANY d.b.a.

20 RALPHS, and Cross-Defendants, AMERICAN GUARD SERVICES, INC. and ROES 1-5, inclusive,

21 and each of them, entered into a Master Services Agreement and/or other written agreements, for

22 consideration, whereby said cross-defendants, independent contractors, agreed to perform uniformed

23 security officer services and related activity at specified Ralphs Grocery Company stores, including the

24 involved store herein, Ralphs Grocery Store No. 123 located at 101 G Street, San Diego, California

25 92101. Pursuant to said Master Services Agreement and/or other written agreements, Cross-Defendants

26 AMERICAN GUARD SERVICES, INC. and ROES 1-5, inclusive, and each of them, agreed, in part,

27 to improve the overall customer shopping experience; to provide a visual deterrent to criminal activity;

28 and to help make the store a safe environment for customers and associates; and that said Cross-

1   defendants, and each of them, were solely responsible for the actions and conduct of said Cross-
2   defendants' personnel and for the supervision and training of said personnel.

3          16.    This Cross-Complainant is also informed and believes, and thereon alleges, that pursuant
4   to said Master Services Agreement and/or other written agreements, Cross-Defendants  AMERICAN
5   GUARD SERVICES, INC. and ROES 1-5, inclusive, and each of them, agreed to indemnify and hold
6   Cross-Complainant harmless from and against all suits, proceedings at law or equity, claims, liabilities,
7   costs, payments and expenses (including reasonable attorney's fees) asserted against Cross-Complainant
8   or incurred by Cross-Complainant, arising out of or in connection with Cross-Defendants' breach of the
9   agreements, any claim for damages to property or injuries to persons caused by or resulting from the
10  willful or negligent acts or omissions of Cross-Defendants' personnel, or any claim by any third-party
11  regarding a caused by the services of Cross-Defendants.  The scope of the defense and indemnity
12  provision of said agreements includes claims by and on behalf of Cross-Complainant, and guests and
13  customers of Cross-Complainant, and all third-parties who are injured or damaged by or as result of
14  Cross-Defendants' services and employees, guests, sub-contractors, agents or representatives; and said
15  Cross-Defendants' duty to defend and indemnify Cross-Complainant shall not be compromised,
16  modified or reduced by any partial negligence or fault [active or passive] of Cross-Complainant's
17  employees, agents, representatives, invitees, guests, customers, licensees, vendors or subcontractors or
18  any other person, entity or party.

19         17.    This Cross-Complainant is also informed and believes, and thereon alleges, that pursuant
20  to said Master Services Agreement and/or other written agreements, Cross-Defendants,  AMERICAN
21  GUARD SERVICES, INC. and ROES 1-5, inclusive, and each of them, agreed to maintain at all times
22  while providing the services to Cross-Complainant, at Cross-Defendants' own cost and expense,
23  insurance coverage, including commercial general liability coverage in the amount of Three Million
24  Dollars each occurrence, as primary and non-contributory coverage, naming The Kroger Co. and
25  Kroger's affiliates and subsidiaries including Cross-Complainant RALPHS GROCERY COMPANY
26  d.b.a. RALPHS as additional insureds. Said Cross-Defendants agreed to deliver to Cross-Complainant,
27  prior to performing services, a Certificate of Insurance consistent with the foregoing requirements and
28  additional requirements as specified within said Master Services Agreement and/or other written

CROSS-COMPLAINT
5

1    agreements.

2        18.    This Cross-Complainant is further informed and believes, and thereon alleges, that said

3    Master Services Agreement and/or other written agreements, were effective on February 12, 2021 at the

4    involved Ralphs Grocery Store No. 123 and at all times pertinent to the accident, incident, casualty or

5    event alleged within the aforementioned plaintiff's First Amended Complaint entitled *GWENDOYN D.*

6    *PENN, individually and as Successor-In-Interest to ZHADIUS PENN, Deceased v. The Kroger Co.*

7    *d.b.a. Ralphs, et al.,* San Diego Superior Court Case No. 37-2021-00029278-CU-PO-CTL.

8        19.    This Cross-Complainant has performed all of the conditions and obligations to be

9    performed on its part under the aforementioned contracts.

10       20.    Cross-Defendants, and each of them, have failed and refuse to perform the conditions and

11   obligations to be performed on their part under said agreement, and have breached said agreements with

12   Cross-Complainant.

13       21.    By reason of the foregoing, Cross-Complainant will be damaged in the sum of any

14   recovery obtained by plaintiff GWENDOLYN D. PENN and decedent ZHADIUS PENN against this

15   Cross-Complainant.  By the terms of the aforesaid contracts, this Cross-Complainant is entitled to

16   recover such damages, if any, from Cross-Defendants, and each of them.

17       22.    Furthermore, by reason of the foregoing, this Cross-Complainant has incurred attorneys'

18   fees, costs and expenses herein, and will continue to incur additional attorneys' fees, costs and expenses,

19   including all of those caused, arising from or related to this litigation, including pleadings, investigation,

20   discovery, court filings, court appearances, and trial, court reporter's fees, attorney service fees, expert

21   witness fees, subpoena costs, records duplication costs, photocopy costs, court costs and other

22   miscellaneous fees and costs, defending against the First Amended Complaint of plaintiff,

23   GWENDOYN D. PENN, individually and as Successor-In-Interest to ZHADIUS PENN, deceased, and

24   in prosecuting this action against Cross-Defendants, and each of them.  By reason of the aforementioned

25   contracts, Cross-Complainant is entitled to recover such attorneys' fees, costs and expenses from Cross-

26   Defendants, and each of them.  The exact amount of this Cross-Complainant's damages is currently

27   unknown, and this Cross-Complainant will seek leave of court to set forth the full amount of damages

28   at the conclusion of trial of this matter.

*FIFTH CAUSE OF ACTION FOR EXPRESS INDEMNITY*

*AGAINST PROLIFIC PROTECTION GROUP, INC. AND ROES 6-10, INCLUSIVE*

23.    Cross-Complainant refers to and incorporates by this reference, each and every allegation of Paragraphs 1 through 22, and the entirety of its First, Second, Third and Fourth Causes of Action, and makes them a part hereof as if fully set forth herein.

24.    This Cross-Complainant is informed and believes and thereon alleges that prior to and effective on February 12, 2021, THE KROGER CO., on behalf of its subsidiaries and affiliates, including Cross-Complainant RALPHS GROCERY COMPANY d.b.a. RALPHS, or alternatively, Cross-complainant RALPHS GROCERY COMPANY, and Cross-Defendants, PROLIFIC PROTECTION GROUP, INC. and ROES 6-10, inclusive, and each of them, entered into written agreements, for consideration, whereby said cross-defendants, independent contractors, agreed to provide uniformed security officer services and related activities at specified Ralphs Grocery Company stores, including the involved store herein, Ralphs Grocery Store No. 123 located at 101 G Street, San Diego, California 92101. Pursuant to said written agreements, and each of them, Cross-Defendants PROLIFIC PROTECTION GROUP, INC. and ROES 6-10, inclusive, and each of them, agreed, in part, to improve the overall customer shopping experience; to provide a visual deterrent to criminal activity; and to help make the store a safe environment for customers and associates. Furthermore, said cross-defendants, and each of them, agreed they would be solely responsible for the employment, training, actions and conduct of said cross-defendants' personnel and agents.

25.    This Cross-Complainant is also informed and believes and thereon alleges, that pursuant to said written agreements, Cross-Defendants, PROLIFIC PROTECTION GROUP, INC. and ROES 6-10, inclusive, and each of them, agreed to indemnify and hold cross-complaint harmless from and against all liability, suits, claims, damages and costs, including reasonable attorney's fees, asserted against cross-complainant or incurred by cross-complainant, arising out of or in connection with the conduct and activity of said cross-defendants and each of their personnel or agents, any breach of the agreements, any claim for injuries to persons and/or damages to property caused by or resulting from the willful or negligent acts or omissions of said cross-defendants and/or their personnel or agents, or any claim by any third party arising from or related to the services of said cross-defendants, and each of them.

26. This Cross-Complainant is also informed and believes, and there on alleges, that pursuant to said written agreements, Cross-Defendants, PROLIFIC PROTECTION GROUP, INC. and ROES 6-10, inclusive, and each of them, agreed to maintain at all times while providing the services to cross-complainant at said cross-defendants' own cost and expense, insurance coverage, including commerical general liability insurance as primary and non-contributing, naming THE KROGER CO. and its affiliates and subsidiaries, including RALPHS GROCERY COMPANY d.b.a. RALPHS, as additional insureds. Said cross-defendants, and each of them, agreed to deliver to cross-complainant, prior to performing services, a certificate of insurance consistent with the foregoing requirements and additional requirements specified within said written agreements.

27. This cross-complainant is further informed and believes and thereon alleges, that said written agreements were effective on February 12, 2021, at the involved Ralphs Grocery Store No. 123 and at all times pertinent to the alleged accident, incident, casualty or event alleged within the aforementioned plaintiff's First Amended Complaint entitled *GWENDOYN D. PENN, individually and as Successor-In-Interest to ZHADIUS PENN, Deceased v. The Kroger Co. d.b.a. Ralphs, et al.*, San Diego Superior Court Case No. 37-2021-00029278-CU-PO-CTL.

28. This Cross-Complainant has performed all of the conditions and obligations to be performed on its part under the aforementioned contracts.

29. Cross-Defendants, and each of them, have failed and refuse to perform the conditions and obligations to be performed on their part under said agreement, and have breached said agreement with Cross-Complainant.

30. By reason of the foregoing, Cross-Complainant will be damaged in the sum of any recovery obtained by plaintiff GWENDOLYN D. PENN and/or decedent ZHADIUS PENN against this Cross-Complainant. By the terms of the aforesaid contracts, this Cross-Complainant is entitled to recover such damages, if any, from Cross-Defendants, and each of them.

31. Furthermore, by reason of the foregoing, this Cross-Complainant has incurred attorneys' fees, costs and expenses herein, and will continue to incur additional attorneys' fees, costs and expenses, including all of those caused, arising from or related to this litigation, including pleadings, investigation, discovery, court filings, court appearances, and trial, court reporter's fees, attorney service fees, expert

CROSS-COMPLAINT
8

1   witness fees, subpoena costs, records duplication costs, photocopy costs, court costs and other

2   miscellaneous fees and costs, defending against the First Amended Complaint of plaintiff,

3   GWENDOLYN D. PENN and in prosecuting this action against Cross-Defendants, and each of them.

4   By reason of the aforementioned contract, Cross-Complainant is entitled to recover such attorneys' fees,

5   costs and expenses from Cross-Defendants, and each of them.   The exact amount of this Cross-

6   Complainant's damages is currently unknown, and this Cross-Complainant will seek leave of court to

7   set forth the full amount of damages at the conclusion of trial of this matter.

8                   ***SIXTH CAUSE OF ACTION FOR BREACH OF CONTRACT***

9       ***AGAINST AMERICAN GUARD SERVICES, INC., PROLIFIC PROTECTION GROUP, INC.***

10                          ***AND ROES 1-10, INCLUSIVE***

11          32.    Cross-Complainant refers to and incorporates by this reference, each and every allegation

12   of Paragraphs 1 through 31, and the entirety of its First, Second, Third, Fourth and Fifth Causes of

13   Action, and makes them a part hereof as if fully set forth herein.

14          33.    This Cross-Complainant has performed all of the conditions and obligations to be

15   performed on its part under the aforesaid written contracts.

16          34.    Cross-Defendants, and each of them, have failed and refused to perform the conditions

17   and obligations to be performed on their part under said written contracts, and have breached the

18   aforementioned written contracts, and have failed and refused to indemnify, hold harmless, defend and

19   afford commercial general liability insurance coverage for Cross-Complainant, from and against the

20   Complaint of plaintiff, GWENDOLYN D. PENN and all liabilities, injuries, damages, attorneys' fees,

21   costs and expenses therefrom.

22               ***SEVENTH CAUSE OF ACTION FOR DECLARATORY RELIEF***

23                        ***AGAINST ALL CROSS-DEFENDANTS***

24          35.    Cross-Complainant refers to and incorporates by this reference, each and every allegation

25   of Paragraphs 1 through 34, and the entirety of its First, Second, Third, Fourth, Fifth and Sixth Causes

26   of Action, and makes them a part hereof as if fully set forth herein.

27          36.    By reason of the foregoing, a dispute has arisen and an actual controversy exists between

28   Cross-Complainant and Cross-Defendants, and each of them, concerning their respective rights, and

1    obligations, and in particular, with respect to the obligations of Cross-Defendants, and each of them, to

2    indemnify and hold harmless Cross-Complainant. Cross-Complainant respectfully requests a declaration

3    of the rights and duties of each of the Cross-Defendants, and of Cross-Complainant herein. Such

4    declaration will avoid the filing of separate actions against Cross-Defendants, at a later date, and thus

5    eliminate multiplicity of actions.

6    **WHEREFORE,** Cross-Complainant, RALPHS GROCERY COMPANY d.b.a. RALPHS prays

7    for judgment against Cross-Defendants, and each of them, as follows:

8        1.    If Cross-Complainant is held liable for judgment in favor of Plaintiff, then judgment in

9    the same amount will be rendered against Cross-Defendants, and each of them, and in favor of Cross-

10    Complainant.

11        2.    In the event the foregoing full indemnification is determined to be not appropriate, then

12    for a declaration of the proportionate negligence and/or fault of the Cross-Defendants, and each of them,

13    and for a corresponding order that each of the Cross-Defendants be required to reimburse Cross-

14    Complainant for that proportionate share of any judgment Cross-Complainant may be required to pay.

15        3.    That a declaration be entered stating the obligations of Cross-Defendants, and each of

16    them, to the extent their negligence and/or fault is determined by the Court, to satisfy any judgment

17    rendered in favor of Plaintiff and/or reimburse Cross-Complainant for all or any liabilities so assessed

18    by way of contribution.

19        4.    That a declaration be entered stating the duties and obligations of Cross-Defendants, and

20    each of them, to indemnify, hold harmless and defend Cross-Complainant, and provide insurance

21    coverage for Cross-Complainant, pursuant to the provisions of the contracts between Cross-Complainant

22    and Cross-Defendants, and each of them.

23        5.    For costs of suit, expenses and interest incurred in the defense of Plaintiff's action and

24    the prosecution of this Cross-Complaint, according to proof, as to each Cross-Defendant herein.

25        6.    For such other and further relief as this Court may deem just and proper.

26    / / /

27    / / /

28    / / /

1    Dated:   January 6, 2022                    **LIEBMAN, QUIGLEY & SHEPPARD**
2                                                 A Professional Law Corporation
3                                                 By:_____
4                                                 JAMES J. RIJ, ESQ.
                                                  Attorneys for Defendant and CRoss-Complainant
5                                                 RALPHS      GROCERY     COMPANY     d.b.a.
                                                  RALPHS
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CROSS-COMPLAINT
11

ELECTRONICALLY FILED
County of San Diego
01/11/2022 at 01:13:00 PM
Clerk of the Superior Court
By Melissa Valdez,Deputy Clerk

CASE : *Gwendolyn Penn, et al. v. The Kroger Co. d.b.a. Ralphs, et al. & DOE 1; ROE No. 1; DOES 2 to 10 and ROES 2 to 10, Inclusive*
*San Diego Superior Court Case No. 37-2021-00029278-CU-PO-CTL*

PROOF OF SERVICE
1013A (3) CCP Revised 5/1/88

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 401 West A Street, Suite 1150, San Diego, California 92101-7920.

On January 11, 2022, I served the foregoing document(s) described as:

**RALPHS GROCERY COMPANY d.b.a. RALPHS' SUMMONS & CROSS-COMPLAINT v. AMERICAN GUARD SERVICES, INC., PROLIFIC PROTECTION GROUP, INC., ADAM TROY BURKETT AND ROES 1-20, INCLUSIVE**

on the interested parties in this action by delivering a true copy to the following:

Mike VanGalio, Esq.
Aminpour & Associates
317 Ash Street
San Diego, CA 92101
Ph.: (619) 238-1177 / Fax: (619) 238-1188
Email: vangalio@yourlawoffice.com
**Attorney for Plaintiff**

[] (BY OVERNIGHT DELIVERY) I caused the above-referenced document to be delivered by inserting a true and correct copy in an envelope and addressing same to the addressee(s) named above, then depositing it with **California Overnight** on this day, using California Overnight Air Tracking No. _____
**Executed on _____, 2022, at San Diego, California.**

[] (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the ordinary course of business with the U.S. postal service on that same day with postage thereon fully prepaid.
**Executed on January 11, 2022, at San Diego, California.**

[XX] (BY ELECTRONIC MAIL) Sent to e-mail addresses provided by above counsel on January 11, 2022.

[] (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the office of _____ on January 11, 2022.

[] (BY FACSIMILE) to all parties
**Executed on January 11, 2022, at _____ in San Diego, California.**

[XX] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



E. Delacruz

2

EXHIBIT 5

ORIGINAL

1  Robert J. Ounjian, SBN 210213
2  Michael G. Geragos, SBN 311083
   CARPENTER & ZUCKERMAN
3  8827 West Olympic Boulevard
   Beverly Hills, CA 90211
4  Telephone: (310) 273-1230; Facsimile: (310) 858-1063

5  Patricia Alabise, SBN 305279
6  Pamela Rodriguez, SBN 333997
   THE DOMINGUEZ FIRM
7  3250 Wilshire Boulevard, Suite 2200
   Los Angeles, CA 90010
8  Telephone: (213) 388-7788

9  Attorneys for Plaintiffs OCTAVIO VEGA, JR.,
   TALINA SALINAS, AUBREY CRYSTAL VEGA
10

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

**SEP 19 2022**

BY _Michelle Munguia_ DEPUTY

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                **FOR THE COUNTY OF SAN BERNARDINO**

| | |
|---|---|
| 13  OCTAVIO VEGA, JR., an individual, ) | CASE NO.: CIVSB2029071 |
| TALINA SALINAS, an individual and ) | |
| 14  AUBREY CRYSTAL VEGA, a minor, by ) | |
| and through her Guardian ad Litem TALINA ) | **SECOND AMENDED COMPLAINT** |
| 15  SALINAS, ) | **FOR DAMAGES FOR** |
| Plaintiffs, ) | |
| 16  ) | 1. **NEGLIGENT HIRING,** |
| vs. ) | **SUPERVISION, AND** |
| 17  ) | **RETENTION** |
| THE KROGER COMPANY d/b/a RALPHS ) | 2. **PREMISES LIABILITY** |
| 18  SUPERMARKET, a corporation; and DOES ) | 3. **BATTERY** |
| 1 to 50, inclusive, ) | 4. **INTENTIONAL INFLICTION OF** |
| 19  ) | **EMOTIONAL DISTRESS** |
| 20  Defendants. ) | **DEMAND FOR JURY TRIAL** |
| _____ ) | |
| 21  ) | |
| RALPHS GROCERY COMPANY d.b.a. ) | |
| 22  RALPHS, ) | |
| Cross-Complainant, ) | |
| 23  ) | |
| 24  vs. ) | |
| ) | |
| 25  AMERICAN GUARD SERVICES, INC., ) | |
| and ROES 1-20, inclusive, ) | |
| 26  ) | |
| Cross-Defendants. ) | |
| 27  _____ ) | |

28

BY FAX

---

1

SECOND AMENDED COMPLAINT FOR DAMAGES





COME NOW Plaintiffs OCTAVIO VEGA, JR. ("OCTAVIO VEGA"), TALINA SALINAS ("SALINAS"), and AUBREY CRYSTAL VEGA ("AUBREY VEGA"), (hereinafter collectively referred to as "PLAINTIFFS"), for causes of action against Defendants, THE KROGER COMPANY, IRICK HALE, 909 SECURITY MANAGEMENT, INC., 09 SECURITY, RALPHS GROCERY COMPANY d.b.a. RALPHS, AMERICAN GUARD SERVICES, INC., SEVEN SAFE SERVICES INC., RICHARD DIXON, ZERO 9 SECURITY SPECIALIST, ZERO 9 MULTIMEDIA ENTERTAINMENT, INC., ZERO 9 RECORDS and DOES 11 to 50, inclusive (hereinafter collectively referred to as "DEFENDANTS"), who complain and allege as follows:

**PARTIES**

1.    PLAINTIFFS are and were, at all times relevant to this action, residents of the State of California, residing in San Bernardino County.

2.    Upon information and belief, DEFENDANT THE KROGER COMPANY d/b/a RALPH'S SUPERMARKET (hereafter "KROGER"), at all relevant times, did business in the City of San Bernardino, in San Bernardino County, in the State of California.

3.    Upon information and belief, DEFENDANT RALPHS GROCERY COMPANY d.b.a. RALPHS (hereafter "RALPHS"), at all relevant times, did business in the City of San Bernardino, in San Bernardino County, in the State of California.  On January 13, 2022, Plaintiffs filed an amendment to their First Amended Complaint to identify Defendant DOE 4 as RALPHS GROCERY COMPANY d.b.a. RALPHS.

4.    Upon information and belief, 909 SECURITY MANAGEMENT, INC. (hereafter "909 SECURITY"), at all relevant times, did business in the City of San Bernardino, in San Bernardino County, in the State of California.  On January 13, 2022, Plaintiffs filed an amendment to their First Amended Complaint to identify Defendant DOE 2 as 909 SECURITY MANAGEMENT, INC.

5.    Upon information and belief, 09 SECURITY (hereafter "09 SECURITY"), at all relevant times, did business in the City of San Bernardino, in San Bernardino County, in the State

2
SECOND AMENDED COMPLAINT FOR DAMAGES

1  of California. On January 13, 2022, Plaintiffs filed an amendment to their First Amended Complaint
2  to identify Defendant DOE 3 as 09 SECURITY.

3      6.      Upon information and belief, AMERICAN GUARD SERVICES, INC. (hereafter
4  "AMERICAN GUARD"), at all relevant times, did business in the City of San Bernardino, in San
5  Bernardino County, in the State of California.  On May 2, 2022, Plaintiffs filed an amendment to
6  their First Amended Complaint to identify Defendant DOE 5 as AMERICAN GUARD SERVICES,
7  INC..

8      7.      Upon information and belief, SEVEN SAFE SERVICES INC. (hereafter "SEVEN
9  SAFE"), at all relevant times, did business in the City of San Bernardino, in San Bernardino County,
10  in the State of California.  On June 8, 2022, Plaintiffs filed an amendment to their First Amended
11  Complaint to identify Defendant DOE 6 as SEVEN SAFE SERVICES INC..

12      8.      Upon information and belief, RICHARD DIXON (hereafter "DIXON"), at all
13  relevant times, was an individual conducting business in the City of San Bernardino, in San
14  Bernardino County, in the State of California. On July 5, 2022, Plaintiffs filed an amendment to
15  their First Amended Complaint to identify Defendant DOE 7 as RICHARD DIXON.

16      9.      Upon information and belief, ZERO 9 SECURITY SPECIALIST (hereafter "ZERO
17  9 SECURITY"), at all relevant times, did business in the City of San Bernardino, in San Bernardino
18  County, in the State of California.  On July 5, 2022, Plaintiffs filed an amendment to their First
19  Amended Complaint to identify Defendant DOE 8 as ZERO 9 SECURITY SPECIALIST.

20      10.     Upon information and belief, ZERO 9 MULTIMEDIA ENTERTAINMENT, INC.
21  (hereafter "ZERO 9 MEDIA"), at all relevant times, did business in the City of San Bernardino, in
22  San Bernardino County, in the State of California.  On July 5, 2022, Plaintiffs filed an amendment
23  to their First Amended Complaint to identify Defendant DOE 9 as ZERO 9 MULTIMEDIA
24  ENTERTAINMENT, INC..

25      11.     Upon information and belief, ZERO 9 RECORDS (hereafter "ZERO 9 RECORDS"),
26  at all relevant times, did business in the City of San Bernardino, in San Bernardino County, in the
27  State of California.   On July 5, 2022, Plaintiffs filed an amendment to their First Amended
28

1 | Complaint to identify Defendant DOE 10 as ZERO 9 RECORDS.

2 |     12.    PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT
3 | IRICK HALE (hereafter "DEFENDANT HALE") and DOES 11-50 is a security guard who worked
4 | for DEFENDANTS at Ralph's Supermarket at 4444 University Parkway, San Bernardino, CA
5 | 92407. On January 13, 2022, Plaintiffs filed an amendment to their First Amended Complaint to
6 | identify DEFENDANT DOE 1 as IRICK HALE.

7 |     13.    PLAINTIFFS are informed and believe and thereon allege, that on or about May 17,
8 | 2020, DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY, AMERICAN
9 | GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS,
10 | and DOES 11 to 50 owned, leased, operated, controlled, managed, inspected, directed, constructed,
11 | repaired, modified, maintained and/or in some other manner oversaw and supervised the operation
12 | and maintenance of the certain premises including, the floors, of the Ralph's Supermarket at 4444
13 | University Parkway, San Bernardino, CA 92407 ("the Premises").

14 |     14.    Upon information and belief, DEFENDANT HALE is and was, at all times relevant
15 | to this action, a resident of the State of California, residing in San Bernardino County. Also, upon
16 | information and belief, DEFENDANT HALE and DOES 11-50 was employed or contracted to work
17 | for DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY, AMERICAN
18 | GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS,
19 | and DOES 11 to 50 as a security guard on the Premises as of May 17, 2020, and was acting at all
20 | times described herein as DEFENDANTS' agent.

21 |     15.    The true names and capacities, whether individual, plural, corporate, partnership,
22 | associate, or otherwise, of DEFENDANTS DOES 11 to 50, inclusive, are unknown to PLAINTIFFS
23 | who therefore sue said defendants by such fictitious names. The full extent of the facts linking such
24 | fictitiously sued defendants is unknown to PLAINTIFFS. PLAINTIFFS are informed and believe,
25 | and thereupon allege, that each of the defendants designated herein as a DOE was, and is, negligent,
26 | or in some other actionable manner, responsible for the events and happenings hereinafter referred
27 | to, and thereby negligently, or in some other actionable manner, legally and proximately caused the

28 |

hereinafter described injuries and damages to PLAINTIFFS. PLAINTIFFS will hereafter seek leave of the Court to amend this Complaint to show the defendants' true names and capacities after the same have been ascertained.

16. PLAINTIFFS are further informed and believe, and thereon allege, that all DEFENDANTS, including DOES 11 through 50, inclusive, were agents, servants, employees, successors in interest, and/or joint venturers of their co-defendants, and were, as such, acting within the course, scope, and authority of said agency, employment and/or venture, and that each and every defendant, as aforesaid, when acting as a principal, was negligent in the selection of each and every other defendant as an agent, servant, employee, successor in interest, and/or joint venturer.

## **JURISDICTION AND VENUE**

17. This is an unlimited case, over which this Court has jurisdiction. The total amount of damages sought by PLAINTIFFS exceeds $25,000.

18. Venue is proper in the County of San Bernardino pursuant to California Code of Civil Procedure Section 395(a) because, upon information and belief, DEFENDANT HALE is a resident of the County of San Bernardino, DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, and ZERO 9 RECORDS conducted business in the County of San Bernardino, and the subject incident occurred in the County of San Bernardino.

## **GENERAL ALLEGATIONS**

19. On May 17, 2020, at about 9:00 p.m., PLAINTIFF OCTAVIO VEGA drove to the Premises to buy groceries. In the car with him were his girlfriend, PLAINTIFF SALINAS, and their 8-year-old daughter, PLAINTIFF AUBREY VEGA.

20. Upon arriving at the Premises, PLAINTIFF OCTAVIO VEGA parked his car in the parking lot of the Premises. PLAINTIFF SALINAS and PLAINTIFF AUBREY VEGA remained in the car while PLAINTIFF OCTAVIO VEGA entered the Premises. He selected groceries,

1 | checked out, paid for the groceries with cash, obtained a receipt, and walked toward the Premises'
2 | exit doors.

3 |     21.    As PLAINTIFF OCTAVIO VEGA was exiting the Premises, DEFENDANT HALE
4 | and DOES 11-50 called to him and showed him a picture of a man. The man appeared to look similar
5 | to PLAINTIFF OCTAVIO VEGA. DEFENDANT HALE and DOES 11-50 told PLAINTIFF
6 | OCTAVIO VEGA to put his arms up because he was under arrest. PLAINTIFF OCTAVIO VEGA
7 | told DEFENDANT HALE and DOES 11-50 that he was not the man in the picture. DEFENDANT
8 | HALE and DOES 11-50 instructed PLAINTIFF OCTAVIO VEGA to remain on the Premises
9 | because he was placing PLAINTIFF OCTAVIO VEGA under arrest.

10 |     22.    PLAINTIFF OCTAVIO VEGA noticed that DEFENDANT HALE and DOES 11-
11 | 50 possessed a firearm.  He became afraid and started to run away. DEFENDANT HALE and DOES
12 | 11-50 ran after PLAINTIFF OCTAVIO VEGA, but PLAINTIFF OCTAVIO VEGA made it to his
13 | car before DEFENDANT HALE and DOES 11-50 reached him.

14 |     23.    As PLAINTIFF OCTAVIO VEGA drove away, with PLAINTIFF SALINAS and
15 | PLAINTIFF AUBREY VEGA in the car, DEFENDANT HALE and DOES 11-50 pulled his firearm
16 | and sprayed PLAINTIFF's car with gunshots. Several shots hit the car. All three PLAINTIFFS were
17 | shot.  A bullet or bullets struck PLAINTIFF OCTAVIO VEGA in his upper chest and his left
18 | shoulder. He suffered gunshot wounds and fractures to his humerus, scapula, and to the spinal
19 | process of thoracic vertebra.  PLAINTIFF OCTAVIO VEGA was hospitalized due to his injuries
20 | and had to undergo reconstructive surgery. PLAINTIFF SALINAS was grazed on her upper back
21 | by bullets and injured her back. A bullet also grazed the right shoulder of 8-year-old PLAINTIFF
22 | AUBREY VEGA.

23 |     24.    All three PLAINTIFFS suffered injuries and general and special damages as a result
24 | of the shooting.

25 |     25.    Upon information and belief, DEFENDANT HALE and DOES 11-50  was prone to
26 | use of excessive force against one or more of DEFENDANTS KROGER, RALPHS, 909
27 | SECURITY, 09 SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9
28 |

SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES 11 to 50's business invitees, with DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES 11 to 50 knowledge. Yet DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES 11 to 50 failed to take corrective action and allowed DEFENDANT HALE and DOES 11-50 to remain in his position and to continue to carry a firearm. ~~DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES 11 to 50 further failed to properly supervise DEFENDANT HALE and ensure he received the proper training.~~

26.    Upon information and belief, DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES 11 to 50 contracted with or employed DEFENDANT HALE and DOES 11-50  to provide security guard services on the Premises.  DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES 11 to 50 knew DEFENDANT HALE and DOES 11-50 was prone to use excessive force while executing his duties as a security guard. Yet, DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES 11 to 50 contracted with or employed DEFENDANT HALE and DOES 11-50 to provide security guard services on the Premises.  DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES 11 to 50 failed to take corrective action and allowed DEFENDANT HALE and DOES 11-50 to remain in his position and to continue to carry a firearm.

27.    Further, DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9

7

1  RECORDS, and DOES 11 to 50 failed to properly supervise DEFENDANT HALE and DOES 11-
2  50 and ensure he received the proper training.

3      28.    Also, upon information and belief, DEFENDANTS KROGER, RALPHS, 909
4  SECURITY, 09 SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9
5  SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES 11 to 50 failed to take any
6  corrective action whatsoever after DEFENDANT HALE and DOES 11-50's shooting of
7  PLAINTIFFS on May 17, 2020. DEFENDANTS permitted DEFENDANT HALE and DOES 11-
8  50 to continue his employment, and to continue acting as the armed security guard on the Premises,
9  ratifying his conduct. Upon information and belief, less than two weeks after DEFENDANT HALE
10 and DOES 11-50's shooting of PLAINTIFFS, he pulled his firearm on another customer on the
11 Premises while inside the Premises.

12

13 **<u>ALLEGATIONS THAT DEFENDANT HALEAND DOES 11-50 COMMITTED ACTS</u>**
14 **<u>CONSTITUTING MALICE AND OPPRESSION (CAL. CIV. CODE § 3294, ET SEQ.)</u>**
15 **<u>ENTITLING PLAINTIFFS TO PUNITIVE DAMAGES</u>**

16     29.    PLAINTIFFS hereby reassert and incorporate herein by reference each and every
17 allegation contained in the previous paragraphs as though fully set forth herein.

18     30.    DEFENDANT HALE and DOES 11-50, by firing on PLAINTIFF OCTAVIO
19 VEGA as he was fleeing the Premises, and by spraying gunfire on his vehicle as he drove away,
20 which also contained his wife, PLAINTIFF SALINAS, and minor child, AUBREY VEGA, acted
21 with malice toward all three PLAINTIFFS. "Malice" is defined as "conduct which is intended by
22 the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the
23 defendant with a willful and conscious disregard of the rights and safety of others." Cal. Civ. Code
24 § 3294(c)(1).

25     31.    DEFENDANT HALE and DOES 11-50, by shooting into PLAINTIFFS' car as they
26 were driving off the PREMISES, acted with oppression toward PLAINTIFFS. California Civil Code
27 § 3294(c)(2) defines oppression as "despicable conduct that subjects a person to cruel and unjust
28

8
SECOND AMENDED COMPLAINT FOR DAMAGES

hardship in conscious disregard of that person's rights." Punitive damages are proper when tortious conduct rises to the level of willful and malicious conduct, a level which decent citizens should not have to tolerate. *See, e.g., Tomaselli v. Transamerica Ins. Co.* (1994), 25 Cal.App.4th 1269, 1287.

32.     In addition to their prayer for special and general damages, and for the reasons pled more fully above and specifically herein, PLAINTIFFS seek an award of punitive damages against DEFENDANT HALE and DOES 11-50.

## FIRST CAUSE OF ACTION

### NEGLIGENT HIRING, SUPERVISION AND RETENTION

### (On Behalf of All Plaintiffs Against Defendants Kroger, Ralphs, 909 Security, 09 Security, American Guard, Seven Safe, Dixon, Zero 9 Security, Zero 9 Media, Zero 9 Records, and Does 11-50)

33.     PLAINTIFFS hereby reassert and incorporate herein by reference each and every allegation contained in the previous paragraphs as though fully set forth herein.

34.     DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES 11 to 50 hired DEFENDANT HALE and DOES 11-50  to work on the Premises as Ralph's Supermarket's security guard, where DEFENDANT HALE and DOES 11-50 was working on the date of the incident, May 17, 2020. DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES 11 to 50 had a duty of care under California law in hiring, supervising and retaining DEFENDANT HALE and DOES 11-50. California employers are liable for negligently hiring, supervising, and/or retaining an unfit employee if the employer knew or should have known that hiring the employee created a risk or hazard that, in fact, materializes. *See e.g., Phillips v. TLC Plumbing, Inc.*, 172 Cal. App. 4th 1133, 1139 (2009). An employer's liability for negligent supervision and retention is direct, not merely vicarious. *Delfino v. Agilent Techs., Inc.*, 145 Cal. App. 4th 790, 815 (2006).

35. Upon information and belief, DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES 11 to 50 had actual and constructive knowledge that DEFENDANT HALE and DOES 11-50 was an unfit employee and posed a danger to its customers and business invitees. Upon information and belief, DEFENDANT HALE and DOES 11-50 had not been trained or instructed in matters essential to his occupation, including the safe use and operation of a firearm, and the laws limiting his use of force, including lethal force.

36. DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES 11 to 50 had a duty of care under California law to supervise DEFENDANT HALE and DOES 11-50. California employers are liable for negligently hiring, supervising, and/or retaining an unfit employee if the employer knew or should have known that hiring the employee created a risk or hazard that, in fact, materializes. *See e.g., Phillips v. TLC Plumbing, Inc.*, 172 Cal. App. 4th 1133, 1139 (2009). An employer's liability for negligent supervision and retention is direct, not merely vicarious. *Delfino v. Agilent Techs., Inc.*, 145 Cal. App. 4th 790, 815 (2006).

37. DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES 11 to 50 negligently, recklessly and intentionally failed to supervise DEFENDANT HALE and DOES 11-50. DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES 11 to 50 had actual and/or constructive knowledge that DEFENDANT HALE and DOES 11-50 was not trained and otherwise not fit to carry a firearm as part of his job duties; upon information and belief, DEFENDANT HALE and DOES 11-50 had a tendency to be careless with his firearm and should not have been acting as a security guard, let alone an armed security guard.

38. DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9

RECORDS, and DOES 11 to 50 also negligently, recklessly, and intentionally retained
DEFENDANT HALE and DOES 11-50  as an employee despite having actual and/or constructive
knowledge that DEFENDANT HALE and DOES 11-50  engaged in patterns and practices of
conduct while on the clock that made him a danger to DEFENDANTS KROGER, RALPHS, 909
SECURITY, 09 SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9
SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES 11 to 50's customers and business
invitees. Based on such improper practices, which DEFENDANTS KROGER, RALPHS, 909
SECURITY, 09 SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9
SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES 11 to 50 would have observed had
they exercised reasonable diligence.

39.    DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY,
AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9
RECORDS, and DOES 11 to 50 were negligent in failing to terminate DEFENDANT HALE and
DOES 11-50'S employment before the time he shot at PLAINTIFFS' vehicle while they were in it.

40.    DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY,
AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9
RECORDS, and DOES 11 to 50  knew or should have known that DEFENDANT HALE and DOES
11-50, as their agent, was carrying out these acts, omissions, decisions, practices, and customs, both
formally and informally. DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY,
AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9
RECORDS, and DOES 11 to 50 took no steps to acknowledge and prevent DEFENDANT HALE
and DOES 11-50'S misconduct and failed to take disciplinary action against DEFENDANT HALE
and DOES 11-50. In fact, upon information and belief, DEFENDANT HALE and DOES 11-50
pulled a gun on another of DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY,
AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9
RECORDS, and DOES 11 to 50's customers on the Premises one to two weeks after his shooting
of PLAINTIFFS in this case. Consequently, DEFENDANTS KROGER, RALPHS, 909

1    SECURITY, 09 SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9

2    SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES 11 to 50 ratified DEFENDANT

3    HALE and DOES 11-50'S misconduct.

4

5                    **SECOND CAUSE OF ACTION – PREMISES LIABILITY**

6        **(On Behalf of All Plaintiffs Against Defendants Kroger, Ralphs, 909 Security, 09**

7       **Security, American Guard, Seven Safe, Dixon, Zero 9 Security, Zero 9 Media, Zero 9**

8                            **Records, and Does 11-50)**

9            41.    PLAINTIFFS hereby reassert and incorporate herein by reference each and every

10    allegation contained in the previous paragraphs as though fully set forth herein.

11            42.    DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY,

12    AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9

13    RECORDS, and DOES 11 to 50 owned, controlled, and/or operated the Premises, and as such had

14    a duty to exercise reasonable care to ensure the Premises are in safe condition. *See* Cal. Civ. Code

15    § 1714.  Moreover, to the extent any defendant contends that DEFENDANT HALE and DOES 11-

16    50  was an independent contractor of one or more DEFENDANTS, a possessor of land owes a non-

17    delegable duty to others to put land in a reasonably safe condition and cannot escape such liability

18    by hiring an independent contractor.  An owner or controller of land cannot avoid responsibility for

19    failure to maintain property in a safe condition by delegating such duty to an independent

20    contractor. *Strithong v. Total Investment Co.* (1994) 23 Cal. App. 4th 721.  The duty which an

21    owner or controller of land owes to others to put and maintain it in a reasonably safe condition is

22    nondelegable.  If an independent contractor, no matter how carefully selected, is employed to

23    perform it, the owner or controller is answerable for harm caused by the negligent failure of his

24    contractor to put or maintain the property in a reasonably safe condition.  *La Count v. Henzel Phelps*

25    *Construction Co.* (1978) 79 Cal.App.3d 754, 772-773; *Delgado v. W.C. Garcia & Associates* (1963)

26    212 Cal.App.2d 5, 27; *Brown v. George Pepperdine Foundation* (1943) 23 Cal.2d 256, 259-260.

27            43.    On or about May 17, 2020, PLAINTIFFS were business invitees, and at all relevant

28

                                        12
                    SECOND AMENDED COMPLAINT FOR DAMAGES

1  times herein PLAINTIFFS were within the scope of this invitation as said business invitee. At said

2  time and place DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY,

3  AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9

4  RECORDS, and DOES 11 to 50, and each of them, inclusive, negligently operated, negligently

5  trained, hired, retained, and supervised its managers and employees contractors, and agents, and

6  negligently maintained and operated the Premises.

7       44.    Prior to, and on, May 17, 2020, DEFENDANTS KROGER, RALPHS, 909

8  SECURITY, 09 SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9

9  SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES 11 to 50 owned, operated,

10  possessed, controlled, maintained, cleaned, repaired, managed, supervised and/or otherwise held

11  sufficient custody and/or control of the Premises, as to owe a duty to exercise ordinary care in

12  maintaining the Premises in a reasonably safe condition free of unreasonable risks of harm.

13      45.    As alleged above, DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09

14  SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9

15  MEDIA, ZERO 9 RECORDS, and DOES 11 to 50, and each of them, negligently controlled,

16  maintained and/or managed the Premises in an unsafe manner, by causing and permitting a

17  dangerous condition to exist on the Premises in the form of an armed security guard, DEFENDANT

18  HALE and DOES 11-50, who threatened physical violence against invitees on the Premises who

19  posed no threat of physical harm to him, and who drew and fired his gun at business invitees, and

20  posed a danger to others.

21      46.    Also, as alleged above, DEFENDANTS KROGER, RALPHS, 909 SECURITY,

22  09 SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9

23  MEDIA, ZERO 9 RECORDS, and DOES 11 to 50, and each of them, knew or should have known

24  of the dangerous condition as it had existed for a sufficiently long period of time and a reasonable

25  inspection would have revealed it.

26      47.    Despite the facts alleged herein above, the DEFENDANTS KROGER, RALPHS,

27  909 SECURITY, 09 SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9

28

1  SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES 11 to 50, and each of them

2  inclusive, negligently breached their duty of due care to provide proper warnings for areas where an

3  unsafe condition existed for business invitees.  The DEFENDANTS KROGER, RALPHS, 909

4  SECURITY, 09 SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9

5  SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES 11 to 50 violated their duty to warn

6  and in doing so demonstrated a wanton and reckless disregard for the health, safety and welfare of

7  its citizens and patrons in general, and PLAINTIFFS herein in particular.  The failure of

8  DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY, AMERICAN GUARD,

9  SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES

10  11 to 50 to provide proper warnings created a substantial risk of serious bodily injury to all persons

11  within the premises in general.  Each of these acts and omissions proximately caused and permitted

12  DEFENDANT HALE and DOES 11-50  to injure PLAINTIFFS.

13        48.     As a direct and proximate result of the negligence, carelessness and recklessness

14  ~~and of the~~ DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY, AMERICAN

15  GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS,

16  and DOES 11 to 50, and each of them, inclusive, the PLAINTIFFS have been hurt and injured in

17  their bodies and persons. PLAINTIFFS suffered serious and permanent injuries all of which have

18  caused, and continue to cause pain, suffering and nervousness which were a direct and proximate

19  result of the negligence of the DEFENDANTS, and each of them, inclusive. The PLAINTIFFS were

20  required to be hospitalized and required medical consultation, care and treatment from physicians

21  and surgeons and have undergone surgeries, CT scans, MRIs, examinations and other diagnostic

22  tests and treatments, and the PLAINTIFFS will, in the future, require medical consultations and the

23  care and treatment of physicians, surgeons as well as additional examinations and other diagnostic

24  tests and treatments to cure and correct the effects of injuries suffered by PLAINTIFFS  all in an

25  amount which is presently unknown to the PLAINTIFFS herein but, the PLAINTIFFS believe, and

26  thereon allege, that said damages and injuries are in an amount which exceeds the minimal

27  jurisdictional limit of the court of unlimited jurisdiction.

28

## THIRD CAUSE OF ACTION

### BATTERY

### (On Behalf of All Plaintiffs Against All Defendants)

49.     PLAINTIFFS re-allege and incorporate by reference all prior and subsequent paragraphs as though fully set forth herein.

50.     At all times relevant to this action, DEFENDANT HALE and DOES 11-50 was acting in the course and scope of his work for DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES 11 to 50 when he shot PLAINTIFFS on May 17, 2020 as described above.

51.     A person is liable for battery if he intentionally performed an act that resulted in a harmful or offensive contact with the plaintiff's person; plaintiff did not consent to the contact; and the harmful or offensive contact caused injury, damage, loss or harm to plaintiff. DEFENDANT HALE and DOES 11-50, by drawing his firearm on PLAINTIFF OCTAVIO VEGA as he drove his car from the Premises and firing numerous shots at the car, with all three PLAINTIFFS inside, committed a harmful contact with PLAINTIFFS' persons as all three were struck by bullets. PLAINTIFFS obviously did not consent, as they were in their car leaving the Premises at the time of the shooting. DEFENDANT HALE and DOES 11-50'S shooting caused harm to all three PLAINTIFFS, as all three were struck by bullets and had to be hospitalized and undergo medical treatment.

52.     DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES 11 to 50 are also vicariously liable to PLAINTIFFS for DEFENDANT HALE and DOES 11-50'S assault. Under the doctrine of *respondeat superior*, an employer may be held vicariously liable for torts committed by an employee within the scope of employment. *Mary M. v. City of Los Angeles*, 54 Cal. 3d 202 (1991); *Perez v. Van Groningen & Sons, Inc.*, 41 Cal. 3d

15

1  962, 967 (1986). Moreover, should DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09

2  SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9

3  MEDIA, ZERO 9 RECORDS, and DOES 11 to 50 assert that DEFENDANT HALE and DOES 11-

4  50 was their "independent contractor," these defendants are still vicariously liable under the doctrine

5  of "peculiar risk," which is also referred to as the "non-delegable duty" doctrine. *See, e.g., Privette*

6  *v. Superior Court* (1993) 5 Cal.4th 689, 695-696. This doctrine applies where there is a risk that is

7  "peculiar to the work to be done," i.e., "a special, recognizable danger arising out of the work itself"

8  that creates a non-delegable duty on the part of the contractor's hirer. *Id.*

9      53.    Here, the job of ***armed security guard*** clearly entails a recognizable danger that is

10  "peculiar to" and "arising out of" the very job description itself. An armed security guard has been

11  retained for the specific purpose of arresting wrongdoers and using ***lethal force*** to protect him or

12  herself as allowed under the law. Yet a private security guard does not have the same legal right to

13  enforce the law as a police officer. Rather, a private security guard's right to arrest and detain a

14  person is commensurate only to that of any private citizen. *See, e.g., People v. Zelinski* (1979), 24

15  Cal.3d 357.

16      54.    Here, DEFENDANT HALE and DOES 11-50'S battery of PLAINTIFFS occurred

17  on the Premises in the course of DEFENDANT HALE and DOES 11-50'S work for

18  DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY, AMERICAN GUARD,

19  SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES

20  11 to 50. Therefore, DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY,

21  AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9

22  RECORDS, and DOES 11 to 50 are vicariously liable for DEFENDANT HALE and DOES 11-50'S

23  battery of PLAINTIFFS.

24      55.    As a direct and proximate result of DEFENDANT HALE and DOES 11-50'S

25  battery of PLAINTIFFS, which occurred in the course and scope of his employment for

26  DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY, AMERICAN GUARD,

27  SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES

28

16
SECOND AMENDED COMPLAINT FOR DAMAGES

1  11 to 50, PLAINTIFFS suffered, and continue to suffer, injuries requiring medical treatment, and

2  emotional distress.

3

4  ## FOURTH CAUSE OF ACTION

5  ### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

6  **(On Behalf of All Plaintiffs Against All Defendants)**

7  56.  PLAINTIFFS re-allege and incorporate by reference all prior and subsequent

8  paragraphs as though fully set forth herein.

9  57.  At all times relevant to this action, DEFENDANT HALE and DOES 11-50 was

10  acting in the course and scope of his employment with DEFENDANTS KROGER, RALPHS, 909

11  SECURITY, 09 SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9

12  SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES 11 to 50 when he pulled his gun

13  on PLAINTIFF OCTAVIO VEGA while he was attempting to leave the Premises, spraying gunfire

14  into the car as PLAINTIFF OCTAVIO VEGA was driving way, and shooting him and his family,

15  including PLAINTIFF SALINAS and minor child PLAINTIFF AUBREY VEGA. In doing so

16  DEFENDANT HALE and DOES 11-50 intentionally inflicted emotional distress on all three

17  PLAINTIFFS.

18  58.  A person is liable for intentional infliction of emotional distress if his or her

19  conduct is outrageous; the person either intended to cause another emotional distress or acted with

20  reckless disregard of the probability that the other person would suffer emotional distress; the other

21  person suffered emotional distress; and the conduct was a substantial factor in causing the emotional

22  distress.

23  59.  DEFENDANT HALE and DOES 11-50, by firing his gun multiple times into a

24  vehicle containing three people, including a minor child, engaged in extreme and outrageous

25  conduct against PLAINTIFFS. DEFENDANT HALE and DOES 11-50 intended to cause or acted

26  in reckless disregard of the probability of causing emotional distress to PLAINTIFFS.

27  60.  DEFENDANT HALE and DOES 11-50'S extreme and outrageous conduct was a

28

17
SECOND AMENDED COMPLAINT FOR DAMAGES

1 | substantial factor in causing PLAINTIFFS' emotional distress.

2 |      61.      DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY,

3 | AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9

4 | RECORDS, and DOES 11 to 50 are also liable for DEFENDANT HALE and DOES 11-50'S

5 | intentional infliction of emotional distress. At all times relevant to this action, DEFENDANT HALE

6 | and DOES 11-50 was acting as DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09

7 | SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9

8 | MEDIA, ZERO 9 RECORDS, and DOES 11 to 50's employee within the scope of his employment.

9 | Under the doctrine of *respondeat superior*, an employer may be held vicariously liable for torts

10 | committed by an employee within the scope of employment. *Mary M. v. City of Los Angeles*, 54

11 | Cal. 3d 202 (1991); *Perez v. Van Groningen & Sons, Inc.*, 41 Cal. 3d 962, 967 (1986). Here,

12 | DEFENDANT HALE and DOES 11-50'S battery of PLAINTIFFS occurred when PLAINTIFF

13 | OCTAVIO VEGA entered the Premises as a business invitee of DEFENDANTS KROGER,

14 | RALPHS, 909 SECURITY, 09 SECURITY, AMERICAN GUARD, SEVEN SAFE, DIXON,

15 | ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES 11 to 50 to purchase items.

16 | Indeed, DEFENDANT HALE and DOES 11-50 used his position as the guard hired by

17 | DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY, AMERICAN GUARD,

18 | SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES

19 | 11 to 50 to harass PLAINTIFF OCTAVIO VEGA, claim to arrest him, and then fire his gun at

20 | PLAINTIFF OCTAVIO VEGA and his family as they drove away.  Further, DEFENDANTS

21 | KROGER, RALPHS, 909 SECURITY, 09 SECURITY, AMERICAN GUARD, SEVEN SAFE,

22 | DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES 11 to 50 ratified

23 | DEFENDANT HALE and DOES 11-50'S excessive use of lethal force when they failed to

24 | discipline or fire him, but instead allowed him to remain as the security guard on the premises, where

25 | less than two weeks later, he pulled a gun on another customer on the Premises. Therefore,

26 | DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY, AMERICAN GUARD,

27 | SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES

28 |

18
SECOND AMENDED COMPLAINT FOR DAMAGES

1    11 to 50 are vicariously liable for DEFENDANT HALE and DOES 11-50'S assault of

2    PLAINTIFFS.

3        62.    As a direct and proximate result of DEFENDANT HALE and DOES 11-50'S

4    assault of PLAINTIFFS, which occurred in the course and scope of his employment for

5    DEFENDANTS KROGER, RALPHS, 909 SECURITY, 09 SECURITY, AMERICAN GUARD,

6    SEVEN SAFE, DIXON, ZERO 9 SECURITY, ZERO 9 MEDIA, ZERO 9 RECORDS, and DOES

7    11 to 50, PLAINTIFFS suffered, and continue to suffer, severe emotional distress and other

8    damages. PLAINTIFFS were physically injured by DEFENDANT HALE and DOES 11-50'S

9    terrifying armed attack on them, and they have suffered and continue to suffer severe anxiety as a

10   result. PLAINTIFFS fear leaving their home and entering groceries and other retail establishments.

11   As a result of DEFENDANT HALE and DOES 11-50'S shooting PLAINTIFFS in their car,

12   PLAINTIFFS suffer depression and feelings of hopelessness.

13

14                          **PRAYER FOR DAMAGES**

15       WHEREFORE, PLAINTIFFS pray for judgment against all DEFENDANTS as follows:

16       1.    For all general and special damages in excess of the minimum jurisdiction for an

17   unlimited civil case, the exact amount according to proof;

18       2.    For all medical, professional and incidental expenses, past and future, according to

19   proof;

20       3.    For all loss of financial earnings, past and future, according to proof;

21       4.    For punitive damages;

22       5.    For all costs of suit, according to proof;

23       6.    For all interest and costs, pursuant to Civil Code §§3287, 3288, and 3291, as well

24   as C.C.P. §§ 1032 and 1033.5; and

25       7.    For such other and further relief as this court may deem just and proper.

26

27   ///

28

1
2   Dated: August 2, 2022                    CARPENTER & ZUCKERMAN

3                                            *Michael G. Geragos*

4                                   By:  _____
5                                        Michael G. Geragos
                                         Attorneys for Plaintiffs
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 8827 W. Olympic Blvd., Beverly Hills, CA 90211.

5

6

On September 15, 2022, I served the foregoing document(s) described as **SECOND AMENDED COMPLAINT FOR DAMAGES** on all interested parties in this action as set forth on the attached service list as follows:

7

8

Jim Rij, Esq.                                        **VIA EMAIL**

9

LIEBMAN, QUIGLEY & SHEPPARD, APLC
401 West A Street, Suite 1150
San Diego, CA 92101-7920

10

Tel: (619) 232-0777
Fax: (619) 238-5442

11

jrij@lqss.com
edelacruz@lqss.com

12

ATTORNEYS FOR DEFENDANT THE KROGER COMPANY d/b/a RALPHS

13

SUPERMARKET

14

Patricia Alabise                                     **VIA EMAIL**

15

Pamela Rodriguez
patricia.alabise@dominguezfirm.com

16

pamela.rodriguez@dominguezfirm.com
pablo.mezquita@dominguezfirm.com

17

**THE DOMINGUEZ FIRM**
3250 Wilshire Blvd. Suite 2200

18

Los Angeles, CA 90010

19

Telephone: (213) 388-7788
Facsimile: (213) 388-9540

20

21

Robert H. Stellwagen, Jr.                            **VIA EMAIL**
Aaron L. Britton

22

Collins + Collins LLP
790 E. Colorado Boulevard, Suite 600

23

Pasadena, CA 91101
Tel: 626-243-1100

24

Fax: 626-243-1111
rstellwagen@ccllp.law

25

abritton@ccllp.law
sroldan@ccmslaw.com

26

pporter@ccllp.law

27

Attorneys for Cross-Defendant AMERICAN GUARD SERVICES

28

1  Irick Hale                                    **VIA MAIL**
   11825 Steeplechase Drive
2  Moreno Valley CA 92504

3  X    **BY ELECTRONIC SERVICE:**  Pursuant to Code of Civil Procedure §
4       1010.6(a)(2)(A)(i), 1010.6(a)(2)(A)(ii), and/or necessity resulting from the Safer at
        Home order/regulation issued by the City and County of Los Angeles effective March
5       20, 2020:  from my email address veronica@cz.law to the e-mail address(es) listed
        above.
6

7  X    **BY MAIL:**  I placed a true copy of the above captioned documents for collection and
        processing for mailing, following this business' usual practices, with which I am readily
8       familiar. On the same day correspondence is placed for collection and mailing, it is
        deposited in the ordinary course of business with the United States Postal Service.
9

10 X    **STATE**:       I declare under penalty of perjury under the laws of the State of
        California that the above is true and correct.
11
        Executed on September 15, 2022 at Beverly Hills, California.
12

13                                  *Veronica Bustos*
14                         _____
                                    Veronica Bustos
15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 6

| ATTORNEY OR PARTY WITHOUT (Name, State Bar Number, and address):<br>Robert J. Ounjian, SBN 210213          Michael G. Geragos, SBN 311083<br>8827 West Olympic Blvd., Beverly Hills, CA 90211<br>E-MAIL: mgeragos@cz.law<br>Telephone No.: (310) 273-1230          Fax No. (Optional): (310) 858-1063<br>ATTORNEY FOR (Name): Plaintiffs          Bar No.: | COURT USE<br>ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**<br><br>STREET ADDRESS 247 West Third Street<br>MAILING ADDRESS 247 West Third Street<br>CITY AND ZIP CODE San Bernardino, 92415-0210<br>BRANCH NAME San Bernardino District - Civil Division | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>**JUN 09 2022**<br><br>BY *Michelle Munguia*<br>Michelle Munguia  DEPUTY<br>*CLERK'S USE ONLY* |
| PLAINTIFF(S)/PETITIONER(S):<br>Octavio Vega Jr., et al. | |
| DEFENDANT(S)/RESPONDENT(S):<br>The Kroger Company, et al. | |
| **AMENDMENT TO COMPLAINT** | CASE NUMBER:<br>CIVSB2029071 |

**FICTITIOUS NAME** (No order required)

Upon filing the complaint herein, plaintiff(s) being ignorant of the true name of a defendant, and having designated said defendant in the complaint by the fictitious name of:
DOE 6

and having discovered the true name of the said defendant to be:

SEVEN SAFE SERVICES INC.

hereby amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

June 8, 2022
_____          *Michael G. Geragos*
          Date                              *Declarant's Signature*

---

**INCORRECT NAME** (Order required)
Plaintiff(s) having designated a defendant in the complaint by the incorrect name of :
_____

and having discovered the true name of the said defendant to be:
_____

hereby amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

_____          _____
          Date                              *Declarant's Signature*

**ORDER**
Proper cause appearing, the above amendment to the complaint is allowed

Dated _____          _____
                                                      *Judge/Commissioner*

AMENDMENT TO COMPLAINT

SB-16778,
Rev. 04-2014 **Optional**

REC___IVED

2022 JUN  9  A  0: 59

SUPERIOR C(
COUNTY OF
SAN BERN

EXHIBIT 7

1  JAMES J. RIJ ESQ. (SBN: 94347)
   LIEBMAN, QUIGLEY & SHEPPARD
2  A Professional Law Corporation
   401 West A Street, Suite 1150
3  San Diego, CA 92101-7920
   Tel: (619) 232-0777 / Fax: (619) 238-5442
4

5  Attorneys for Defendant
   RALPHS GROCERY COMPANY d.b.a. RALPHS, Erroneously sued and served as "THE KROGER
6  COMPANY d/b/a RALPHS SUPERMARKET, A CORPORATION"

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **FOR THE COUNTY OF SAN BERNARDINO**

10

11  OCTAVIO VEGA, JR., an individual, TALINA          Case No.: CIVSB2029071
    SALINAS, an individual, and AUBREY               I/C Judge: HON. JOHN M. PACHECO
12  CRYSTAL VEGA, a minor, by and through her        Dept:    S31
    Guardian ad Litem, TALINA SALINAS,
13                                                    **CROSS-COMPLAINT BY RALPHS**
                Plaintiffs,                           **GROCERY COMPANY d.b.a.**
14                                                    **RALPHS FOR IMPLIED**
    v.                                               **INDEMNITY; EQUITABLE**
15                                                    **INDEMNITY; CONTRIBUTION;**
    THE KROGER COMPANY d/b/a RALPHS                  **EXPRESS INDEMNITY; BREACH**
16  SUPERMARKET, a corporation; and DOES 1           **OF CONTRACT AND**
    to 50, inclusive,                                **DECLARATORY RELIEF**
17
                Defendants.                          *[TRIAL: NOT SET]*
18  ──────────────────────────────

19  RALPHS GROCERY COMPANY d.b.a.
    RALPHS,
20
                Cross-Complainant,
21
    v.
22
    AMERICAN GUARD SERVICES, INC., and
23  ROES 1 to 20, inclusive,

24              Cross-Defendants.

25        Cross-Complainant, RALPHS GROCERY COMPANY d.b.a. RALPHS ("Cross-Complainant")

26  alleges as follows:

27  ///

28  ///

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 2 6 2022

BY _____
   ALMA VALLEJO GARCIA, DEPUTY



### *FIRST CAUSE OF ACTION FOR IMPLIED INDEMNITY*
### *AGAINST ALL CROSS-DEFENDANTS*

1.     The true names and capacities, whether individual, corporate, associate, or otherwise of Cross-Defendants designated herein as ROES 1 THROUGH 20, inclusive, are unknown to this Cross-Complainant, who therefore sues the Cross-Defendants by such fictitious names.  Cross-Complainant will seek leave to amend this Cross-Complaint, to show their true names and capacities when such have been ascertained.

2.     Cross-Complainant is informed and believes and thereon alleges that Cross-Defendant AMERICAN GUARD SERVICES, INC. is, and at all times pertinent to this case, was a corporation qualified or authorized to do business, and doing business in the County of Bernardino, State of California.

3.     Each of the Cross-Defendants is the agent, servant, or employee of each of the remaining Cross-Defendants, and in doing the acts herein alleged, were acting within the course and scope of said agency, service and employment, and with the full knowledge of each of the remaining Cross-Defendants.

4.     Cross-Complainant is informed and believes and thereon alleges that Cross-Defendants, are, and at all times herein mentioned, were individuals residing in the State of California, or corporations or other business entities duly qualified or authorized to do business and doing business in the State of California.

5.     Plaintiffs have commenced an action against Cross-Complainant alleging damages as a result of Cross-Complainant's alleged negligence, and said Plaintiffs' Complaint is entitled *Octavio Vega, an individual, Talina Salinas, an individual and Aubrey Crystal Vega, a minor by an through her Guardian ad Litem, Talina Salinas v. The Kroger Co. d.b.a. Ralphs Supermarket, et al.*, San Bernardino Superior Court Case No. CIVSB2029071.  Cross-Complainant has denied and continues to deny the allegations of the Amended Complaint and has pled certain affirmative defenses as set forth in its Answer to the Amended Complaint, which Answer is incorporated herein by this reference as if fully set forth herein.

///

6.   Cross-Complainant is in no way liable for this accident, inident injuries or damages alleged in the Amended Complaint. The accident, incident, injuries and damages alleged in the Amended Complaint were the direct and proximate result of the conduct of Cross-Defendants, and each of them. However, if as a result of the allegations in the Complaint, Cross-Complainant is held liable for all or any part of the damages alleged by Plaintiffs, Cross-Complainant is entitled to indemnification by Cross-Defendants, and each of them, on the theory of implied indemnity.

7.   Cross-Complainant has incurred costs and expenses herein and will incur additional costs and reasonable attorney's fees. If, upon the trial, Plaintiffs procure judgment against Cross-Complainant, then Cross-Complainant will be further damaged in the sums awarded to Plaintiffs. The exact amount of Cross-Complainant's damage is unknown at this time, and Cross-Complainant will seek leave of Court to set forth the full amount of said damages at the conclusion of the trial in this matter.

## SECOND CAUSE OF ACTION FOR EQUITABLE INDEMNITY
## AGAINST ALL CROSS-DEFENDANTS

8.   Cross-Complainant refers to and incorporates by this reference, each and every allegation of Paragraphs 1 through 7, of its First Cause of Action, and makes them a part hereof as if fully set forth.

9.   Cross-Complainant was in no way liable for the accident, incident, damages or injuries alleged in the Complaint. The accident, incident, injuries and damages alleged in the Complaint were the direct and proximate result of the conduct of the Cross-Defendants, and each of them. However, if as a result of the allegations of the Complaint, Cross-Complainant should be found liable for all or any part of the damages alleged by Plaintiffs, Cross-Complainant is entitled to equitable indemnity on a comparative fault basis from Cross-Defendants, and each of them.

## THIRD CAUSE OF ACTION FOR CONTRIBUTION
## AGAINST ALL CROSS-DEFENDANTS

10.   Cross-Complainant refers to and incorporates by this reference, each and every allegation of Paragraphs 1 through 9, of its First and Second Causes of Action, and makes them a part hereof as if fully set forth.

11.   Cross-Complainant contends that it is not legally responsible for the damages alleged in the Complaint. However, if as a result of the matters alleged in the Complaint, Cross-Complainant is

1  found liable for all or any part of the claim asserted against it, Cross-Defendants, and each of them, to
2  the extent their fault is determined by the Court, are obligated to reimburse and are liable to Cross-
3  Complainant for all or any liabilities so assessed by way of contribution.    Cross-Complainant
4  accordingly asserts its rights to such contribution.

5  ### FOURTH CAUSE OF ACTION FOR EXPRESS INDEMNITY

6  ### AGAINST AMERICAN GUARD-SYSTEMS, INC. AND ROES 1-10, INCLUSIVE

7       12.    Cross-Complainant refers to and incorporates by this reference, each and every allegation
8  of Paragraphs 1 through 11, and the entirety of its First, Second and Third Causes of Action, and makes
9  them a part hereof as if fully set forth herein.

10      13.    This Cross-Complainant is informed and believes and thereon alleges that on or about
11  June 11, 2016, and/or prior to and effective on May 17, 2020, THE KROGER CO., on behalf of its
12  subsidiaries and affiliates, including Cross-Complainant RALPHS GROCERY COMPANY d.b.a.
13  RALPHS, and Cross-Defendants, AMERICAN GUARD SERVICES, INC. and ROES 1-10, inclusive,
14  and each of them, entered into a Master Services Agreement and/or other written agreements, for
15  consideration, whereby said cross-defendants, independent contractors, agreed to  perform uniformed
16  security officer services and related activity at specified Ralphs Grocery Company stores, including the
17  involved store herein, Ralphs Grocery Store No. 753 located at 4444 University Parkway, San
18  Bernardino, California 92407.    Pursuant to said Master Services Agreement and/or other written
19  agreements, Cross-Defendants AMERICAN GUARD SERVICES, INC. and ROES 1-10, inclusive, and
20  each of them, agreed, in part, to improve the overall customer shopping experience; to provide a visual
21  deterrent to criminal activity; and to help make the store a safe environment for customers and
22  associates; and that said Cross-defendants, and each of them, were solely responsible for the actions and
23  conduct of said Cross-defendants' personnel and for the supervision and training of said personnel.

24      14.    This Cross-Complainant is also informed and believes, and thereon alleges, that pursuant
25  to said Master Services Agreement and/or other written agreements, Cross-Defendants  AMERICAN
26  GUARD SERVICES, INC. and ROES 1-10, inclusive, and each of them, agreed to indemnify and hold
27  Cross-Complainant harmless from and against all suits, proceedings at law or equity, claims, liabilities,
28  costs, payments and expenses (including reasonable attorney's fees) asserted against Cross-Complainant

1  or incurred by Cross-Complainant, arising out of or in connection with Cross-Defendants' breach of the
2  agreements, any claim for damages to property or injuries to persons caused by or resulting from the
3  willful or negligent acts or omissions of Cross-Defendants' personnel, or any claim by any third-party
4  regarding a caused by the services of Cross-Defendants.  The scope of the defense and indemnity
5  provision of said agreements includes claims by and on behalf of Cross-Complainant, and guests and
6  customers of Cross-Complainant, and all third-parties who are injured or damaged by or as result of
7  Cross-Defendants' services and employees, guests, sub-contractors, agents or representatives; and said
8  Cross-Defendants' duty to defend and indemnify Cross-Complainant shall not be compromised,
9  modified or reduced by any partial negligence or fault [active or passive] of Cross-Complainant's
10  employees, agents, representatives, invitees, guests, customers, licensees, vendors or subcontractors or
11  any other person, entity or party.

12       15.    This Cross-Complainant is also informed and believes, and thereon alleges, that pursuant
13  to said Master Services Agreement and/or other written agreements, Cross-Defendants,  AMERICAN
14  GUARD SERVICES, INC. and ROES 1-10, inclusive, and each of them, agreed to maintain at all times
15  while providing the services to Cross-Complainant, at Cross-Defendants' own cost and expense,
16  insurance coverage, including commercial general liability coverage in the amount of Three Million
17  Dollars each occurrence, as primary and non-contributory coverage, naming The Kroger Co. and
18  Kroger's affiliates and subsidiaries, including Cross-Complainant RALPHS GROCERY COMPANY
19  d.b.a. RALPHS as additional insureds.  Said Cross-Defendants agreed to deliver to Cross-Complainant,
20  prior to performing services, a Certificate of Insurance consistent with the foregoing requirements and
21  additional requirements as specified within said Master Services Agreement and/or other written
22  agreements.

23       16.    This Cross-Complainant is further informed and believes, and thereon alleges, that said
24  Master Services Agreement and/or other written agreements, were effective on May 17, 2020 at the
25  involved Ralphs Grocery Store No. 753 and at all times pertinent to the accident, incident, casualty or
26  event alleged within the aforementioned plaintiffs' Complaint entitled *Octavio Vega, an individual,*
27  *Talina Salinas, an individual and Aubrey Crystal Vega, a minor by an through her Guardian ad Litem,*
28  *Talina Salinas v. The Kroger Co. d.b.a. Ralphs Supermarket, et al.,* San Bernardino Superior Court Case

CROSS-COMPLAINT
5

1  No. CIVSB2029071.

2      17.    This Cross-Complainant has performed all of the conditions and obligations to be
3  performed on its part under the aforementioned contracts.

4      18.    Cross-Defendants, and each of them, have failed and refuse to perform the conditions and
5  obligations to be performed on their part under said agreement, and have breached said agreements with
6  Cross-Complainant.

7      19.    By reason of the foregoing, Cross-Complainant will be damaged in the sum of any
8  recovery obtained by plaintiffs OCTAVIO VEGA, TALINA SALINAS and AUBREY CRYSTAL
9  VEGA, a minor by an through her Guardian ad Litem, TALINA SALINAS against this Cross-
10  Complainant. By the terms of the aforesaid contracts, this Cross-Complainant is entitled to recover such
11  damages, if any, from Cross-Defendants, and each of them.

12      20.    Furthermore, by reason of the foregoing, this Cross-Complainant has incurred attorneys'
13  fees, costs and expenses herein, and will continue to incur additional attorneys' fees, costs and expenses,
14  including all of those caused, arising from or related to this litigation, including pleadings, investigation,
15  discovery, court filings, court appearances, and trial, court reporter's fees, attorney service fees, expert
16  witness fees, subpoena costs, records duplication costs, photocopy costs, court costs and other
17  miscellaneous fees and costs, defending against the Complaint of plaintiff, OCTAVIO VEGA, TALINA
18  SALINAS and AUBREY CRYSTAL VEGA, a minor by an through her Guardian ad Litem, TALINA
19  SALINAS , and in prosecuting this action against Cross-Defendants, and each of them.  By reason of
20  the aforementioned contracts, Cross-Complainant is entitled to recover such attorneys' fees, costs and
21  expenses from Cross-Defendants, and each of them.  The exact amount of this Cross-Complainant's
22  damages is currently unknown, and this Cross-Complainant will seek leave of court to set forth the full
23  amount of damages at the conclusion of trial of this matter.

24      ***FIFTH CAUSE OF ACTION FOR BREACH OF CONTRACT***

25      ***AGAINST AMERICAN GUARD SERVICES, INC. AND ROES 1-10, INCLUSIVE***

26      21.    Cross-Complainant refers to and incorporates by this reference, each and every allegation
27  of Paragraphs 1 through 20, and the entirety of its First, Second, Third, Fourth and Fifth Causes of
28  Action, and makes them a part hereof as if fully set forth herein.

1       22.    This Cross-Complainant has performed all of the conditions and obligations to be

2 performed on its part under the aforesaid written contracts.

3       23.    Cross-Defendants, and each of them, have failed and refused to perform the conditions

4 and obligations to be performed on their part under said written contracts, and have breached the

5 aforementioned written contracts, and have failed and refused to indemnify, hold harmless, defend and

6 afford commercial general liability insurance coverage for Cross-Complainant, from and against the

7 Complaint of plaintiffs, OCTAVIO VEGA, TALINA SALINAS and AUBREY CRYSTAL VEGA, a

8 minor by an through her Guardian ad Litem, TALINA SALINAS and all liabilities, injuries, damages,

9 attorneys' fees, costs and expenses therefrom.

10                         *SEVENTH CAUSE OF ACTION FOR DECLARATORY RELIEF*

11                                  *AGAINST ALL CROSS-DEFENDANTS*

12       24.    Cross-Complainant refers to and incorporates by this reference, each and every allegation

13 of Paragraphs 1 through 23, and the entirety of its First, Second, Third, Fourth and Fifth Causes of

14 Action, and makes them a part hereof as if fully set forth herein.

15       25.    By reason of the foregoing, a dispute has arisen and an actual controversy exists between

16 Cross-Complainant and Cross-Defendants, and each of them, concerning their respective rights, and

17 obligations, and in particular, with respect to the obligations of Cross-Defendants, and each of them, to

18 indemnify and hold harmless Cross-Complainant. Cross-Complainant respectfully requests a declaration

19 of the rights and duties of each of the Cross-Defendants, and of Cross-Complainant herein. Such

20 declaration will avoid the filing of separate actions against Cross-Defendants, at a later date, and thus

21 eliminate multiplicity of actions.

22       ***WHEREFORE,*** Cross-Complainant, RALPHS GROCERY COMPANY d.b.a. RALPHS prays

23 for judgment against Cross-Defendants, and each of them, as follows:

24       1.    If Cross-Complainant is held liable for judgment in favor of Plaintiffs, then judgment in

25 the same amount will be rendered against Cross-Defendants, and each of them, and in favor of Cross-

26 Complainant.

27       2.    In the event the foregoing full indemnification is determined to be not appropriate, then

28 for a declaration of the proportionate negligence and/or fault of the Cross-Defendants, and each of them,

CROSS-COMPLAINT
7

and for a corresponding order that each of the Cross-Defendants be required to reimburse Cross-Complainant for that proportionate share of any judgment Cross-Complainant may be required to pay.

3.      That a declaration be entered stating the obligations of Cross-Defendants, and each of them, to the extent their negligence and/or fault is determined by the Court, to satisfy any judgment rendered in favor of Plaintiffs and/or reimburse Cross-Complainant for all or any liabilities so assessed by way of contribution.

4.      That a declaration be entered stating the duties and obligations of Cross-Defendants, and each of them, to indemnify, hold harmless and defend Cross-Complainant, and provide insurance coverage for Cross-Complainant, pursuant to the provisions of the contracts between Cross-Complainant and Cross-Defendants, and each of them.

5.      For costs of suit, expenses and interest incurred in the defense of Plaintiff's action and the prosecution of this Cross-Complaint, according to proof, as to each Cross-Defendant herein.

6.      For such other and further relief as this Court may deem just and proper.

Dated:   April 25, 2022

LIEBMAN, QUIGLEY & SHEPPARD
A Professional Law Corporation

By: _____
JAMES J. RU, ESQ.
Attorneys for Defendant and CRoss-Complainant
RALPHS    GROCERY    COMPANY    d.b.a.
RALPHS

CROSS-COMPLAINT
8

103

CASE : *Octavio Vega, Jr., et al. v. The Kroger Company d/b/a Ralphs Supermarkets, et al.*
*San Bernardino Superior Court Case No. CIVSB2029071*

## PROOF OF SERVICE
1013A (3) CCP Revised 5/1/88

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; my business address is 401 West A Street, Suite 1150, San Diego, California 92101-7920.

On April 25, 2022, I served the foregoing document(s) described as:

- **SUMMONS & CROSS-COMPLAINT BY DEFENDANT/CROSS-COMPLAINANT RALPHS GROCERY COMPANY d.b.a. RALPHS**

on the interested parties in this action by delivering a true copy to the following:

| | |
|---|---|
| Patricia D. Alabise, Esq.<br>The Dominguez Firm<br>3250 Wilshire Boulevard, Suite 2200<br>Los Angeles, CA 90010<br>Ph.: (213) 388-7788 / Fax: (213) 388-9540<br>Email:<br>Patricia.Alabise@dominguezfirm.com<br>**Attorney for Plaintiff** | Robert J. Ounjian, Esq.<br>Carpenter & Zuckerman<br>8827 W. Olympic Boulevard<br>Beverly Hills, CA 90211<br>Ph.: (310) 273-1230 / Fax: (310) 858-1063<br>Email: robert@czrlaw.com<br>**Attorney for Plaintiff** |
| Jourdan Cerrillo, Processing Supervisor<br>Agent for Service of Process<br>Incorp Services, Inc.<br>5716 Corsa Avenue, Suite 110<br>Westlake Village, CA 91362-7354<br>**Agent for Service of Process for American Guard Services, Inc.<br>(Via U.S. Mail)** | |

[] (BY OVERNIGHT DELIVERY) I caused the above-referenced document to be delivered by inserting a true and correct copy in an envelope and addressing same to the addressee(s) named above, then depositing it with **California Overnight** on this day, using California Overnight Air Tracking No. _____.
**Executed on _____, 2022, at San Diego, California.**

[] (BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the ordinary course of business with the U.S. postal service on that same day with postage thereon fully prepaid.
**Executed on April 25, 2022, at San Diego, California.**

[XX] (BY ELECTRONIC MAIL) Sent to e-mail addresses provided by above counsel **on April 25, 2022.**

[] (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the office of _____ **on April 25, 2022.**

1

1    []     (BY FACSIMILE) to all parties

2     **Executed on April 25, 2022, at _____ in San Diego, California.**

3    [XX]    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

4    []     (Federal) I declare that I am employed in the office of a member of the bar of this court

5 at whose direction the service was made.

6     E. Delacruz

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



EXHIBIT 8

Electronically FILED by Superior Court of California, County of Los Angeles on 12/21/2022 09:47 AM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez,Deputy Clerk

Case 2:24-cv-01155-MCS-AS    Document 41-3    Filed 10/07/24    Page 108 of 138    Page
ID #:328

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Audra Mori

1  **DANIEL AZIZI, ESQ., State Bar No. 268995**
2  **DOWNTOWN L.A. LAW GROUP**
   601 N. Vermont Ave.
3  Los Angeles, CA 90004
   Tel: (213)389-3765
4  Fax: (877)389-2775
   Email: Daniel@downtownlalaw.com
5
6  Attorneys for Plaintiff,
   JUSTIN BIGGERS
7

8          **SUPERIOR COURT OF CALIFORNIA**

9            **COUNTY OF LOS ANGELES**

10

11 JUSTIN BIGGERS, an individual.          Case No.:    22STCV39533

12                 Plaintiff,              **COMPLAINT FOR DAMAGES**

13        v.                               **1.  ASSAULT**
                                           **2.  BATTERY**
14 RALPHS GROCERY COMPANY, a Ohio          **3.  INTENTIONAL INFLICTION**
   corporation; THE KROGER CO., a Ohio         **OF EMOTIONAL DISTRESS**
15 corporation; JOHN DOE, an individual; and **4.  NEGLIGENCE**
   DOES 1 TO 100, inclusive.              **5.  NEGLIGENT HIRING,**
16                                             **SUPERVISION AND**
                                               **RETENTION**
17

18                 Defendants.             [JURY DEMANDED]

19

20

21         COMES NOW, Plaintiff, JUSTIN BIGGERS, and alleges against Defendants, and

22 each of them, as follows:

23                            **PARTIES**

24 1.     At all times relevant herein, Plaintiff JUSTIN BIGGERS ("Plaintiff"), was and is a

25 resident of the County of Los Angeles, State of California.

26 2.     Plaintiff is informed and believes, and based upon such information and belief

27 alleges that at all times relevant hereto Defendants RALPHS GROCERY COMPANY, a

28 Ohio corporation; THE KROGER CO., a Ohio corporation; and DOES 1 TO 100, inclusive,

*Downtown L.A. Law Group*
*601 N. Vermont Ave.*
*Los Angeles, CA 90004*

**1**
**COMPLAINT FOR DAMAGES**

1    are corporations organized and existing under and by virtue of the laws of the State of

2    California with its principal place of business in the County of Los Angeles, California.

3    3.      Plaintiff is informed and believes, and based upon such information and belief

4    alleges that at all times relevant hereto Defendants JOHN DOE, an individual; and DOES 1-

5    100, inclusive, are, and at all times herein mentioned were individuals, corporations, sole

6    proprietors, shareholders, associations, partners and partnerships, joint ventures, and/or

7    business entities unknown, primarily residing and doing business in the County of Los

8    Angeles, State of California.

9    4.      Plaintiff is informed and believes, and based upon such information and belief,

10   alleges that at all times relevant hereto Defendant JOHN DOE , an individual and resident of

11   the County of Los Angeles, California and a direct employee of Defendants RALPHS

12   GROCERY COMPANY, a Ohio corporation; THE KROGER CO., a Ohio corporation; and

13   DOES 1 TO 100, inclusive.

14   5.      Defendants DOES 1-100, inclusive, are sued herein under fictitious names, their true

15   names and capacities being unknown to Plaintiff.  Plaintiff will amend this complaint to

16   allege their true names and capacities when ascertained.  Plaintiff is informed and believes

17   and thereon alleges that each of the fictitiously named Defendants is responsible in some

18   manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged

19   were proximately caused by those Defendants.

20   6.      At all times herein mentioned, Defendants, and each of them, were the agents,

21   servants, and employees of their co-defendants, and in doing the things hereinafter alleged

22   were acting in the scope of their authority as agents, servants, and employees, and with

23   permission and consent of their co-defendants.  Plaintiff is further informed and believes,

24   and thereon alleges, that each of the Defendants herein gave consent to, ratified, and

25   authorized the acts alleged herein to each of the remaining Defendants.

26   7.      The location of the incident(s) giving rise to this action occurred at or near 2600 S

27   Vermont Ave., Los Angeles, CA 90007, in the State of California, County of Los Angeles

28   ("The Subject Premises").

Downtown L.A. Law Group
601 N. Vermont Ave.
Los Angeles, CA  90004

**2**
**COMPLAINT FOR DAMAGES**

## GENERAL ALLEGATIONS

8.     On or about January 5, 2021, Plaintiff was a patron at the subject premises. Plaintiff was approached by Defendant JOHN DOE and questioned regarding items in his possession. As Plaintiff provided a receipt for his purchase, Defendant JOHN DOE, suddenly and without warning, physically attacked and assaulted Plaintiff with such force that Plaintiff suffered injuries and damages.

9.     The force of Defendant JOHN DOE's assault to Plaintiff's body caused Plaintiff to suffer physical injuries and damages.

10.    At no time before, during or after the attack did Plaintiff batter or attempt to batter Defendant JOHN DOE.

11.    As a result of the aforementioned conduct, Plaintiff was physically and psychologically damaged, incurred medical bills, sustained disability and had to retain an attorney and has incurred legal costs in connection therewith in order to prosecute this action.

## FIRST CAUSE OF ACTION

### (Assault Against Defendant JOHN DOE)

12.    Plaintiff re-alleges each and every allegation contained in the above Paragraphs 1 through 11, and by this reference incorporates said paragraphs as though fully set forth herein.

13.    On or about January 5, 2021, Defendant JOHN DOE acting within the course and scope of his employment as a security officer engaged by Defendants, and each of them, intentionally acted with the intent to cause harmful contact approached Plaintiff and unexpectedly and violently assaulted him at the subject premises.

14.    Believing he was about to be touched in a harmful manner, the Plaintiff attempted to avoid contact with Defendant JOHN DOE.

15.    Defendant JOHN DOE aggressively approached the Plaintiff, leaning forward and getting within inches of his person, and in a loud bellicose manner threatened to touch

Downtown L.A. Law Group
601 N. Vermont Ave.
Los Angeles, CA 90004

Downtown L.A. Law Group
601 N. Vermont Ave.
Los Angeles, CA 90004

1 and/or grab Plaintiff in a harmful manner such that it reasonably appeared that Defendant

2 JOHN DOE was about to carry out the threat.

3 16.   Plaintiff did not consent to Defendant JOHN DOE's conduct.

4 17.   As a result of Defendant JOHN DOE's conduct the Plaintiff was physically and

5 psychologically damaged, incurred medical bills, sustained disability and had to retain an

6 attorney and has incurred legal costs in connection therewith in order to prosecute this

7 action.

8 18.   Defendant JOHN DOE's threatening and aggressive behavior was a substantial

9 factor in Plaintiff's fear for Plaintiff's reasonable physical person and his sense of personal

10 dignity.

11 19.   Defendant JOHN DOE's malicious and oppressive despicable conduct set forth

12 above was intended to cause injury to the Plaintiff and subjected the Plaintiff to cruel and

13 unjust hardship with a willful and conscious disregard for the Plaintiff's rights and safety

14 such that Defendant is subject to punitive damages as set forth in California Civil Code §

15 3294.

16 **<u>SECOND CAUSE OF ACTION</u>**

17 **(Battery Against Defendant JOHN DOE)**

18 20.    Plaintiff re-alleges each and every allegation contained in the above Paragraphs 1

19 through 19, and by this reference incorporates said paragraphs as though fully set forth

20 herein.

21 21.   On or about January 5, 2021 Defendant JOHN DOE acting within the course and

22 scope of his employment as a security officer engaged by Defendants, and each of them,

23 Defendant JOHN DOE intentionally and with the intent to harm, forcefully and physically

24 attacked Plaintiff; Defendant JOHN DOE, suddenly and without warning, physically

25 attacked and assaulted Plaintiff with such force that Plaintiff suffered injuries and damages.

26 22.   Plaintiff did not consent to Defendants' conduct.

27 23.   As a result of Defendant JOHN DOE's conduct, the Plaintiff was physically and

28 psychologically damaged, incurred medical bills, sustained disability and had to retain an

**COMPLAINT FOR DAMAGES**

1    attorney and has incurred legal costs in connection therewith in order to prosecute this

2    action.

3    24.    Reasonable persons in Plaintiff's situation would have been offended by the manner

4    in which Defendant JOHN DOE touched Plaintiff.

5    25.    Defendant JOHN DOE's malicious and oppressive despicable conduct set forth

6    above was intended to cause injury to the Plaintiff and subjected the Plaintiff to cruel and

7    unjust hardship with a willful and conscious disregard for the Plaintiff's rights and safety

8    such that Defendant is subject to punitive damages as set forth in California Civil Code §

9    3294.

10                                    **THIRD CAUSE OF ACTION**

11    **(Intentional Infliction of Emotional Distress Against Defendant JOHN DOE)**

12    26.    Plaintiff re-alleges each and every allegation contained in the above Paragraphs 1

13    through 25, and by this reference incorporates said paragraphs as though fully set forth

14    herein.

15    27.    Defendant JOHN DOE acted with the intention of causing or reckless disregard of

16    the probability of causing emotional distress when Defendant JOHN DOE, suddenly and

17    without warning, physically attacked and assaulted Plaintiff with such force that Plaintiff

18    suffered injuries and damages.

19    28.    Defendant JOHN DOE's conduct as set forth above was so outrageous as to exceed

20    all bounds of that usually tolerated by a civilized community.

21    29.    As a result of Defendant JOHN DOE's socially unacceptable conduct set forth above

22    the Plaintiff has suffered severe and extreme emotional distress including, but not limited to,

23    highly unpleasant mental suffering and anguish that entails such intense, enduring and

24    nontrivial emotional distress that no reasonable person in a civilized society would be

25    expected to endure.

26    30.    Defendant JOHN DOE's outrageous conduct was the actual and proximate cause of

27    Plaintiff's emotional distress.

28

Downtown L.A. Law Group
601 N. Vermont Ave.
Los Angeles, CA 90004

Downtown L.A. Law Group
601 N. Vermont Ave.
Los Angeles, CA 90004

31.     Defendant JOHN DOE's outrageous, malicious, oppressive and despicable conduct as set forth above was intended to cause injury to the Plaintiff and subjected the Plaintiff to cruel and unjust hardship with a willful and conscious disregard for the Plaintiff's rights and safety such that Defendant is subject to punitive damages as set forth in California Civil Code § 3294.

## FOURTH CAUSE OF ACTION

### (Negligence Against All Defendants)

32.      Plaintiff re-alleges each and every allegation contained in the above Paragraphs 1 through 31, and by this reference incorporates said paragraphs as though fully set forth herein.

33.     Defendants, and each of them, had an affirmative legal duty to use due care for the protection of Plaintiff against unreasonable risk of harm.

34.     Defendants, and each of them, formed a special relationship between the security company and/or security guards and subject premises resulting in the affirmative duty on the security company and/or security guards to take all reasonable steps to protect the occupants of the subject premises.

35.     Additionally, because of the special relationship between Plaintiff and the subject premises, Defendants RALPHS GROCERY COMPANY, a Ohio corporation; THE KROGER CO., a Ohio corporation; and DOES 1 TO 100, inclusive, had a duty to control Defendant JOHN DOE and protect Plaintiff from physical and mental harm.

36.     Defendants, and each of them, breached their duty of care for the protection of Plaintiff when Defendant JOHN DOE in the presence of others, aggressively approached Plaintiff on the subject premises, leaned forward and getting within inches of his person, and in a loud bellicose manner threatened to touch and/or grab Plaintiff in a harmful manner such that it reasonably appeared that Defendant JOHN DOE was about to carry out the threat; Defendant JOHN DOE, suddenly and without warning, physically attacked and assaulted Plaintiff with such force that Plaintiff suffered injuries and damages.

37.     As a direct result of the breach of their affirmative duty to protect Plaintiff from physical or psychological injury while at the subject premises, the malfeasance and/or nonfeasance of Defendants, and each of them, was the proximate or legal cause of Plaintiff's injuries.

38.     The conduct of Defendants, and each of them, was a substantial factor in causing Plaintiff's harm.

39.     As a result of the conduct of Defendants, and each of them, the Plaintiff was physically and psychologically damaged, incurred medical bills, sustained disability and had to retain an attorney and has incurred legal costs in connection therewith in order to prosecute this action.

## FIFTH CAUSE OF ACTION

**(Negligent Hiring, Supervision, And Retention Against Defendants RALPHS GROCERY COMPANY, a Ohio corporation; THE KROGER CO., a Ohio corporation; and DOES 1 TO 100, inclusive)**

40.      Plaintiff re-alleges each and every allegation contained in the above Paragraphs 1 through 39 and by this reference incorporates said paragraphs as though fully set forth herein.

41.     Defendants RALPHS GROCERY COMPANY, a Ohio corporation; THE KROGER CO., a Ohio corporation; and DOES 1 TO 100, inclusive, knew or should have known that Defendant JOHN DOE was incompetent and unfit and that his incompetence and unfitness created a particular risk to others, including Plaintiff.

42.     Defendant JOHN DOE's incompetence and unfitness harmed Plaintiff.

43.     As a result of the conduct of Defendants, and each of them, the Plaintiff was physically and psychologically damaged, incurred medical bills, sustained disability and had to retain an attorney and has incurred legal costs in connection therewith in order to prosecute this action.

Downtown L.A. Law Group
601 N. Vermont Ave.
Los Angeles, CA 90004

Downtown L.A. Law Group
601 N. Vermont Ave.
Los Angeles, CA 90004

44.    Defendants RALPHS GROCERY COMPANY, a Ohio corporation; THE KROGER CO., a Ohio corporation; and DOES 1 TO 100, inclusive, negligence in hiring, supervising and/or retaining Defendant JOHN DOE was a substantial factor in causing Plaintiff's harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1.    AS TO THE FIRST CAUSE OF ACTION AGAINST DEFENDANT JOHN DOE, AS FOLLOWS:

a.    For general damages in a sum according to proof at time of trial;

b.    For special damages in a sum according to proof at time of trial;

c.    For punitive and/or exemplary damages in an amount appropriate to punish Defendant and deter others from engaging in similar misconduct;

2.    AS TO THE SECOND CAUSE OF ACTION AGAINST DEFENDANT JOHN DOE, AS FOLLOWS:

a.    For general damages in a sum according to proof at time of trial;

b.    For special damages in a sum according to proof at time of trial;

c.    For punitive and/or exemplary damages in an amount appropriate to punish Defendant and deter others from engaging in similar misconduct;

3.    AS TO THE THIRD CAUSE OF ACTION AGAINST DEFENDANT JOHN DOE, AS FOLLOWS:

a.    For general damages in a sum according to proof at time of trial;

b.    For special damages in a sum according to proof at time of trial;

c.    For punitive and/or exemplary damages in an amount appropriate to punish Defendant and deter others from engaging in similar misconduct;

4.    AS TO THE FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS, AS FOLLOWS:

a.    For general damages in a sum according to proof at time of trial;

b.    For special damages in a sum according to proof at time of trial;

5.      AS TO THE FIFTH CAUSE OF ACTION AGAINST DEFENDANTS  RALPHS

GROCERY COMPANY, a Ohio corporation; THE KROGER CO., a Ohio corporation; and

DOES 1 TO 100, inclusive, AS FOLLOWS:

a.      For general damages in a sum according to proof at time of trial;

b.      For special damages in a sum according to proof at time of trial;

6.      AS TO ALL CAUSES OF ACTION AGAINST EACH AND EVERY

DEFENDANT, AS FOLLOWS:

a.      For costs of suit herein incurred;

b.      For prejudgment interest at the legal rate;

c.      For such other and further relief as the court may deem just proper.


DATED:  December 20, 2022                    **DOWNTOWN L.A. LAW GROUP**




                                                            *Daniel Azizi*
                                                            Daniel Azizi, Esq.
                                                            Attorneys for Plaintiff,
                                                            JUSTIN BIGGERS


### JURY TRIAL DEMANDED

Plaintiff demands trial by jury of all issues so triable.


DATED:  December 20, 2022                    **DOWNTOWN L.A. LAW GROUP**




                                                            *Daniel Azizi*
                                                            Daniel Azizi, Esq.
                                                            Attorneys for Plaintiff,
                                                            JUSTIN BIGGERS

Downtown L.A. Law Group
601 N. Vermont Ave.
Los Angeles, CA 90004

EXHIBIT 9

Electronically FILED by Superior Court of California, County of Los Angeles on 03/27/2023 05:10 PM David W. Slayton, Executive Officer/Clerk of Court, by J. Tang,Deputy Clerk

1  Jennifer W. Naples [Bar No. 279087]
     *jnaples@wzllp.com*
2  WESIERSKI & ZUREK LLP
   100 Corson Street, Suite 300
3  Pasadena, California 91103
   Telephone: (213) 627-2300
4  Facsimile: (213) 629-2725
   Electronic service of documents only:
5  eServicePasadena@wzllp.com

6  Attorneys for Defendant/Cross-Complainant,
   RALPHS GROCERY COMPANY dba
7  RALPHS

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              COUNTY OF LOS ANGELES, CENTRAL DISTRICT

11

12  JUSTIN BIGGERS, an individual,              Case No. 22STCV39533

13              Plaintiff,                      **Ralphs Grocery Company dba Ralphs**
                                                **Cross-Complaint against American**
14              vs.                             **Guard Services for:**
                                                **1. Equitable Indemnity;**
15  RALPHS GROCERY COMPANY, a Ohio              **2. Equitable Apportionment;**
    corporation; THE KROGER CO., a Ohio         **3. Declaratory Relief**
16  corporation; JOHN DOE, an individual;
    and DOES 1 TO 100, inclusive,               Judge:   AUDRA MORI
17                                              Dept.:   31
                Defendants.
18                                              Action Filed:   12/21/2022
                                                FSC Date:       06/05/2024
19  RALPHS GROCERY COMPANY dba                  Trial Date:     06/20/2024
    RALPHS,                                     OSC Date:       12/18/2024
20
                Cross-Complainant,
21
                vs.
22
    AMERICAN GUARD SERVICES, INC.,
23  and ROES 1 through 100,

24              Cross-Defendants.

25

26        TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF

27  RECORD:

28  / / /

---

L0831785-1 SED-1501                                        Ralphs Cross-Complaint against AGS

COMES NOW Defendant, Cross-Complainant **RALPHS GROCERY COMPANY dba RALPHS** hereby alleges causes of action in its cross-complaint against **AMERICAN GUARD SERVICES, INC**. and ROES 1 through 100 as follows:

### **GENERAL ALLEGATIONS**

(Against AGS and ROES 1-100)

1. Cross-Complainant **RALPHS GROCERY COMPANY dba RALPHS** (hereinafter "**RALPHS**") at all times mentioned herein is a corporation authorized to do business in the State of California and County of Los Angeles. Upon information and belief, **RALPHS** operated the store premises where portions of the incident allegedly occurred.

2. Cross-Defendant **AMERICAN GUARD SERVICES, INC.** (hereinafter "**AGS**") at all times mentioned herein is a corporation organized, operated, and controlled under the laws of the State of California and is authorized to do business and doing business in the State of California and County of Los Angeles. Upon information and belief, Cross-Defendant **AGS** provides security services within the store premises where a portion of the incident occurred pursuant to a contract for services with Cross-Complainant **RALPHS**.

3. That the true names and capacities, whether individual, corporate, associate or otherwise, of Cross-Defendants ROES 1 through 100, Inclusive, and each of them, are unknown to Cross-Complainant **RALPHS**, who therefore sues said Cross-Defendants by such fictitious names. Cross-Complainant **RALPHS** is informed and believes and thereupon alleges that each of the Cross-Defendants fictitiously named herein as a ROE is legally responsible, negligently, or in some other actionable manner, for the events and happenings referred to, and thereby proximately caused the injuries to Plaintiffs as hereinafter alleged. Cross-Complainant **RALPHS** will seek to leave of Court to amend this Cross-Complaint and state the true names and/or capacities of said fictitiously named Cross-Defendants when the same have been ascertained.

WESIERSKI & ZUREK LLP

LAWYERS
100 CORSON STREET, SUITE 300
PASADENA, CALIFORNIA 91103
(213) 627-2300

2

4.      That Cross-Complainant **RALPHS** is informed, believes, and thereupon alleges that at all times mentioned herein, Cross-Defendants ROES 1 through 100, and each of them, were authorized to and are doing business in the State of California.

5.      That Cross-Complainant **RALPHS** is informed and believes and thereupon alleges that at all times mentioned herein, Cross-Defendants herein, and each of them, were the agents, employees, servants and/or representatives of each of the other Cross-Defendants herein, and in doing the things hereinafter alleged, were acting within the scope and course of their authority as such agents, employees, servants and/or representatives and with the permission and consent of each of the other Cross-Defendants. The term "Cross-Defendant" as used herein refers to all Cross-Defendants jointly as well as each Cross-Defendant separately.

6.      That on December 21, 2022, plaintiff, **JUSTIN BIGGERS**, an individual, filed the underlying lawsuit in the Superior Court of the State of California, County of Los Angeles, Central District, wherein Cross-Complainant **RALPHS** is named as a defendant to the following causes of action: negligence; negligent hiring, supervision, or retention of employee; all of which arise from an alleged physical altercation on or about January 5, 2021, between **JUSTIN BIGGERS** and security-guard defendant **JOHN DOE**.

7.      On or around January 5, 2021, at the time of the underlying incident, there existed a legally binding Vendor Agreement (hereinafter, "**AGREEMENT**") (attached hereto as Exhibit A) between Cross-Complainant **RALPHS** and Cross-Defendant **AGS** related to security guard services within the premises where the underlying incident occurred.

8.      According to the **AGREEMENT**, Cross-Defendant **AGS**, as the vendor of security services, had a legal obligation to provide security services in a highly professional manner and consistent with Cross-Complainant **RALPHS'** standards and policies. However, according to the Operative Complaint, the security guard(s) employed by Cross-Defendant **AGS** who was involved in the underlying incident did not conduct

/ / /

WESIERSKI & ZUREK LLP

LAWYERS
100 CORSON STREET, SUITE 300
PASADENA, CALIFORNIA 91103
(213) 627-2300

3

1 | themselves in a professional manner and consistent with Cross-Complainant **RALPHS'**
2 | standards and policies.

3 | 9. According to the **AGREEMENT**, Cross-Defendant **AGS** had a legal
4 | obligation to indemnify, defend and hold harmless Cross-Complainant **RALPHS** from all
5 | claims arising out of or in connection with the following: Cross-Defendant **AGS'** breach of
6 | the agreement; for injuries to persons caused by or resulting from the willful or negligent
7 | acts or omissions of Cross-Defendant **AGS**; or claims caused by the services performed by
8 | Cross-Defendant **AGS**. The scope of the indemnity provision was not compromised or
9 | reduced by any partial negligence or fault of Cross-Complainant **RALPHS** or any other
10 | entity. Further, that Cross-Defendant **AGS'** duty to indemnify arose immediately upon
11 | receipt of notice from Cross-Complainant **RALPHS**.

12 | 10. That Cross-Complainant **RALPHS** denies, and continues to deny, that it is in
13 | any way responsible for the damages and injuries mentioned in said underlying complaint.

14 | 11. That Cross-Complainant **RALPHS** denies that it caused the damages or
15 | injuries alleged by **JUSTIN BIGGERS** in the underlying complaint, but if contrary to
16 | these denials, Cross-Complainant **RALPHS** becomes liable to **JUSTIN BIGGERS** for
17 | damages, Cross-Complainant **RALPHS** is informed and believes and thereupon alleges
18 | that such liability will be predicated and founded upon the fault of Cross-Defendant **AGS**.

19 |
20 | **FIRST CAUSE OF ACTION**
21 | **(For Equitable Indemnity, as against AGS AND ROES 1 through 100)**

22 | 12. Cross-Complainant repeats and re-alleges and incorporates by reference as
23 | though fully set forth at this point each and every allegation contained in paragraphs 1
24 | through 11 above.

25 | 13. On or around January 5, 2021, at the time of the underlying incident, there
26 | existed a legally binding **AGREEMENT** between Cross-Complainant **RALPHS** and
27 | Cross-Defendant **AGS** related to security guard services within the building where the
28 | underlying incident occurred. On or around January 5, 2021, Cross-Defendant **AGS**

**WESIERSKI & ZUREK LLP**
LAWYERS
100 CORSON STREET, SUITE 300
PASADENA, CALIFORNIA 91103
(213) 627-2300

4

1    arranged for security guard(s) to provide services at the premises.  The security guard(s)

2    were, at all times relevant, employed with and an agent of Cross-Defendant **AGS.**  Based

3    on information and belief, the security guard(s) were involved in the events that led to a

4    physical altercation with plaintiff **JUSTIN BIGGERS** as alleged in the underlying

5    complaint.

6    14.    As a result of the underlying action filed by plaintiff **JUSTIN BIGGERS**,

7    Cross-Complainant **RALPHS** has been required to retain and has retained legal counsel to

8    defend itself against and has incurred expenses and will incur additional expenses for

9    investigation, legal costs, legal fees, and a possible judgment or settlement money, the full

10    amount of which has not yet been ascertained.

11    15.    Cross-Complainant **RALPHS** denies that it either caused or contributed to

12    the damages alleged by plaintiff **JUSTIN BIGGERS** in his operative complaint.  If,

13    however, it is found that Cross-Complainant **RALPHS** was responsible for any part of the

14    damages claimed, such liability will be predicted solely upon its passive and secondary

15    negligence, which negligence is specifically denied, and resulting solely from the active

16    and primary negligence of Cross-Defendant **AGS** and/or its employees and agents.

17    16.    Accordingly, Cross-Complainant **RALPHS** is entitled to complete and total

18    equitable indemnity from Cross-Defendant **AGS** for the injuries and damages allegedly

19    suffered by plaintiff **JUSTIN BIGGERS**, if any, and for reasonable attorneys' fees and

20    costs incurred in defending this action.

21

22    **SECOND CAUSE OF ACTION**

23    **(For Equitable Apportionment, as against AGS, AND Roes 1 through 100)**

24    17.    Cross-Complainant **RALPHS** refers to and incorporates herein by reference

25    paragraphs 1 through 16 by this reference.

26    18.    Cross-Complainant **RALPHS** is informed and believes, and thereon alleges,

27    that if plaintiff **JUSTIN BIGGERS** suffered or sustained any damages, either as alleged in

28    his operative complaint or at all, the damages were directly and proximately caused and

WESIERSKI & ZUREK LLP

LAWYERS
100 CORSON STREET, SUITE 300
PASADENA, CALIFORNIA 91103
(213) 627-2300

5

1  contributed to, in whole or in part, by the negligent, reckless, careless, and unlawful acts of

2  Cross-Defendant **AGS** and/or Roes 1-100.  Cross-Complainant **RALPHS** is therefore

3  entitled to have the quantum of negligence determined by this court.

4        19.    In the event Cross-Complainant **RALPHS** is found in some manner liable to

5  plaintiff **JUSTIN BIGGERS**, or to anyone else, Cross-Defendant **AGS** should be required

6  to pay a share of any judgment of which is in proportion to the comparative negligence or

7  other wrongful and unlawful conduct done by Cross-Defendant **AGS** in causing the

8  damages and should further be required to reimburse Cross-Complainant **RALPHS** for

9  any payments it may make in excess of its proportional share.

10

11  **THIRD CAUSE OF ACTION**

12  **(For Declaratory Relief, as against AGS AND Roes 1 through 100**

13        20.    Cross-Complainant **RALPHS** refers to and incorporates herein by reference

14  paragraphs 1 through 19 by this reference.

15        21.    A controversy and dispute exists between Cross-Complainant **RALPHS** and

16  Cross-Defendant **AGS** as to the rights and duties of the parties required by the Services

17  Agreement, with Cross-Complainant **RALPHS** contending that it is entitled to indemnity

18  and defense, and Cross-Defendant **AGS** denying it is so entitled.  No adequate remedy at

19  law exists and the declaration of the court is needed to resolve the dispute and controversy.

20        22.    Unless all joint and several obligations, rights and duties arising out of the

21  action between the respective parties herein are determined in this one proceeding, there

22  will be a multiplicity of actions to determine the rights, duties, and obligations of the

23  parties hereto, all of which can be determined in a judgment in the instant action; Cross-

24  Complainant **RALPHS** will be subjected to unreasonable burdens at the risk of irreparable

25  injury if the rights of the respective parties are not determined within this proceeding.

26        23.    Declaratory relief is necessary and appropriate at this time in order to avoid

27  multiplicity of suits and circuity of actions and in order that Cross-Complainant **RALPHS**

28  may ascertain its rights and duties.

WESIERSKI & ZUREK LLP
LAWYERS
100 CORSON STREET, SUITE 300
PASADENA, CALIFORNIA 91103
(213) 627-2300

6

24.    That Cross-Complainant **RALPHS** has no other existing, speedy, adequate or proper remedy other than as prayed for herein.

WHEREFORE, Cross-Complainant **RALPHS** prays for judgment against Cross-Defendant **AGS** and ROES 1-15 as follows:

## **PRAYER FOR RELIEF**

WHEREFORE, Cross-Complainant **RALPHS** demands judgment against Cross-Defendants and each of them as follows:

1.    Total and complete indemnity for any judgments rendered against Cross-Complainant;

2.    Judgment in a proportionate share from each Cross-Defendant;

3.    A judicial determination that Cross-Defendants were the legal cause of any injuries and damages sustained by plaintiff and that the Cross-Defendants indemnify Cross-Complainant, either completely or partially, for any sums of money which may be recovered against cross-complainant by plaintiff;

4.    Compensatory and consequential damages according to proof;

5.    Reasonable attorney fees pursuant to *CCP* § 1021.6;

6.    Reasonable attorney fees pursuant to contract;

7.    For costs of suit incurred herein;

8.    For Declaratory Relief; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WESIERSKI & ZUREK LLP
LAWYERS
100 CORSON STREET, SUITE 300
PASADENA, CALIFORNIA 91103
(213) 627-2300

7

9.    For such other and further relief as the court may deem just and proper.

DATED:  March 27, 2023              WESIERSKI & ZUREK LLP

By: _____
JENNIFER W. NAPLES
Attorneys for Defendant/Cross-Complainant,
RALPHS GROCERY COMPANY dba
RALPHS

WESIERSKI & ZUREK LLP
LAWYERS
100 CORSON STREET, SUITE 300
PASADENA, CALIFORNIA 91103
(213) 627-2300

8

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 100 Corson Street, Suite 300, Pasadena, CA 91103.

On March 27, 2023, I served true copies of the following document(s) described as **RALPHS GROCERY COMPANY DBA RALPHS CROSS-COMPLAINT AGAINST AMERICAN GUARD SERVICES FOR:** on the interested parties in this action as follows:

Daniel Azizi, Esq.                                        Attorney for Plaintiff, Justin Biggers
DOWNTOWN LA LAW GROUP
601 N. Vermont Ave.
Los Angeles, CA  90004
Phone: (213) 389-3765
Fax: (877) 389-2775
E-Mail: daniel@downtownlalaw.com

**BY ELECTRONIC SERVICE:**  I served the document(s) on the person listed in the Service List by submitting an electronic version of the document(s) to First Legal through the user interface at www.firstlegal.com.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 27, 2023, at Pasadena, California.

_____
Neil L. Canchola

EXHIBIT 10

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>**(AVISO AL DEMANDADO):**<br><br>American Guard Services, Inc.; Super Center Concepts, Inc., dba<br>Superior Grocers; and Does 1 to 40 Inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**<br><br>Manuel Mancilla Mendez, | **FOR COURT USE ONLY**<br>**(SOLO PARA USO DE LA CORTE)**<br><br>ELECTRONICALLY FILED<br>8/22/2022<br><br>Kern County Superior Court<br><br>By Leslie Dickey, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>(El nombre y dirección de la corte es:) Superior Court State of California<br><br>Kern County Superior Court<br>1215 Truxtun Ave, Bakersfield, CA 93301 | **CASE NUMBER:**<br>(Número del Caso:)<br><br>BCV-22-102075 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Daniel F. Jimenez, SBN: 245258; 8001 Laurel Canyon Blvd.,204, North Hollywood, CA 91605; 818.504.9000

| DATE: 8/22/2022<br>(Fecha) | TAMARAH HARBER-PICKENS | Clerk, by<br>(Secretario) | _[signature]_ | , Deputy<br>(Adjunto) |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | **Page 1 of 1**<br>Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Daniel F. Jimenez (SBN: 245258)<br>Law Office of Daniel F. Jimenez<br>8001 Laurel Canyon Blvd., #204<br>North Hollywood, CA 91605<br>TELEPHONE NO: (818) 504 - 9000    FAX NO. *(Optional):* (818) 504 - 1087<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*  Plaintiff, Manuel Mancilla Mendez, | ELECTRONICALLY FILED<br>8/11/2022 1:51 PM<br>Kern County Superior Court<br>By Alejandra Velazquez, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Kern
STREET ADDRESS: ~~1415 Truxtun Ave.~~  AV    1215 Truxtun Ave.
MAILING ADDRESS: ~~same above~~
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: Kern County Superior Court

PLAINTIFF: Manuel Mancilla Mendez,

DEFENDANT: American Guard Services, Inc.; Super Center Concepts, Inc., dba Superior Grocers; and

☑ DOES 1 TO  40    Inclusive

| COMPLAINT—Personal Injury, Property Damage, Wrongful Death | |
|---|---|
| ☐ AMENDED *(Number):* | |
| **Type** *(check all that apply):* | |
| ☐ MOTOR VEHICLE  ☑ OTHER *(specify):* Premises Liability | |
| ☐ Property Damage  ☐ Wrongful Death | |
| ☑ Personal Injury  ☑ Other Damages *(specify):* Assault, Battery | |

| Jurisdiction *(check all that apply):* | CASE NUMBER: |
|---|---|
| ☐ ACTION IS A LIMITED CIVIL CASE<br>Amount demanded  ☐ does not exceed $10,000<br>☐ exceeds $10,000, but does not exceed $25,000<br>☑ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>☐ ACTION IS RECLASSIFIED by this amended complaint<br>☐ from limited to unlimited<br>☐ from unlimited to limited | BCV-22-102075 |

1. **Plaintiff** *(name or names):*  Manuel Mancilla Mendez,
   alleges causes of action against defendant *(name or names):*
   American Guard Services, Inc.; Super Center Concepts, Inc., dba Superior Grocers;
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. Each plaintiff named above is a competent adult
   a. ☐ except plaintiff *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor  ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*
   b. ☐ except plaintiff *(name):*
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor  ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007] | COMPLAINT—Personal Injury, Property<br>Damage, Wrongful Death | Page 1 of 3<br>Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov |

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Manuel Mancilla Mendez, vs. American Guard Services, Inc.; et. al | BCV-22-102075 |

4. ☐ Plaintiff (name):

is doing business under the fictitious name (specify):

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. ☑ except defendant (name): American Guard Servic☐
(1) ☐ a business organization, form unknown
(2) ☑ a corporation
(3) ☐ an unincorporated entity (describe):

(4) ☐ a public entity (describe):

(5) ☐ other (specify):

c. ☐ except defendant (name):
(1) ☐ a business organization, form unknown
(2) ☐ a corporation
(3) ☐ an unincorporated entity (describe):

(4) ☐ a public entity (describe):

(5) ☐ other (specify):

b. ☑ except defendant (name): Super Center Concepts
(1) ☐ a business organization, form unknown
(2) ☑ a corporation
(3) ☐ an unincorporated entity (describe):

(4) ☐ a public entity (describe):

(5) ☐ other (specify):

d. ☐ except defendant (name):
(1) ☐ a business organization, form unknown
(2) ☐ a corporation
(3) ☐ an unincorporated entity (describe):

(4) ☐ a public entity (describe):

(5) ☐ other (specify):

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
a. ☑ Doe defendants (specify Doe numbers): 1-20 Inclusive _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
b. ☑ Doe defendants (specify Doe numbers): 21-40 Inclusive _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
a. ☐ at least one defendant now resides in its jurisdictional area.
b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, and
a. ☐ has complied with applicable claims statutes, or
b. ☐ is excused from complying because (specify):

PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Page 2 of 3

**PLD-PI-001**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Manuel Mancilla Mendez, vs. American Guard Services, Inc.; et. al | BCV-22-102075 |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☐ Motor Vehicle
   b. ☑ General Negligence
   c. ☑ Intentional Tort
   d. ☐ Products Liability
   e. ☑ Premises Liability
   f. ☐ Other *(specify)*:

11. Plaintiff has suffered
   a. ☑ wage loss
   b. ☐ loss of use of property
   c. ☑ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☑ loss of earning capacity
   g. ☑ other damage *(specify)*:

   As maybe determined by the court.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
      (2) ☑ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
      (1) ☑ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: 8-10-2022

DANIEL F. JIMENEZ
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Page 3 of 3

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Manuel Mancilla Mendez, vs. American Guard Services, Inc.; et. al | BCV-22-102075 |

SECOND _____     **CAUSE OF ACTION—General Negligence**    Page _____
(number)

ATTACHMENT TO [✓] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:   Manuel Mancilla Mendez,

     alleges that defendant *(name)*:   American Guard Services, Inc.; Super Center Concepts, Inc., dba

           [✓] Does   1 _____ to   40 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date)*:   08/16/2020
at *(place)*:   Superior Grocers Store, 1115 Union Ave, Bakersfield, CA 93307

*(description of reasons for liability)*:

The Defendants, American Guard Services, Inc.; Super Center Concepts, Inc., dba. Superior Grocers; and Does 1 to 40 and each of them so negligently operated, supervised, managed, maintained and controlled the subject premises and its employees, and patrons as to proximately cause the foreseeable injuries and damages suffered by Mr. Manuel Mancilla Mendez.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Page 1 of 1
Code of Civil Procedure 425.12
www.courtinfo.ca.gov

132

**PLD-PI-001(3)**

| | |
|---|---|
| **SHORT TITLE:**<br>Manuel Mancilla Mendez, vs. American Guard Services, Inc.; et. al | **CASE NUMBER**<br>BCV-22-102075 |

_____ (number)   **CAUSE OF ACTION—Intentional Tort**   Page _____

**ATTACHMENT TO** ☐ Complaint   ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

**IT-1.** Plaintiff *(name):* Manuel Mancilla Mendez,

alleges that defendant *(name):* American Guard Services, Inc.; Super Center Concepts, Inc., dba Superior Grocers; and

☒ Does 1 _____ to 40 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff

on *(date):* 08/16/2020

at *(place):* Superior Grocers Store, 1115 Union Ave, Bakersfield, CA 93307

*(description of reasons for liability):*

Doe 1 did so intentionally assault and batter Manuel Mancilla Mendez so as to proximately cause the forseeable injuries and damages suffered by plaintiff.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Intentional Tort**

Page 1 of 1
Code of Civil Procedure § 425.12
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.

 

PLD-PI-001(4)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Manuel Mancilla Mendez, vs. American Guard Services, Inc.; et. al | BCV-22-102075 |

_____ (number) **CAUSE OF ACTION—Premises Liability** Page _____

ATTACHMENT TO [ X ] Complaint ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. *(name):* Manuel Mancilla Mendez,

    alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.

    On *(date):* 08/16/2020        plaintiff was injured on the following premises in the following

    fashion *(description of premises and circumstances of injury):*

    Mr. Manuel Mancilla Mendez, a 63 year old man at the time of the accident, was a patron of the store. He was assaulted and battered by an unknown security officer of the Super Center Concepts, Inc. (dba. Superior Grocers) on August 16, 2020. The security officer, without warning and sufficient provocation, twisted the left arm of Mr. Mendez causing injuries/fractures to his upper extremity. Defendants, the security officer and the store management, should exercise due care and diligence in keeping the safety of the patrons especially the elderly.

Prem.L-2. [ X ] **Count One—Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names):*

    American Guard Services, Inc.; Super Center Concepts, Inc., dba Superior Grocers; and

    [ X ] Does 1 _____ to 20 _____

Prem.L-3. [ X ] **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names):*

    American Guard Services, Inc.; Super Center Concepts, Inc., dba Superior Grocers; and

    ☐ Does 1 _____ to 20 _____

    Plaintiff, a recreational user, was ☐ an invited guest ☐ a paying guest.

Prem.L-4. ☐ *Count Three—Dangerous Condition of Public Property* The defendants who owned public property on which a dangerous condition existed were *(names):*

    ☐ Does _____ to _____

    a. ☐ The defendant public entity had ☐ actual ☐ constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.

    b. ☐ The condition was created by employees of the defendant public entity.

Prem.L-5.a. [ X ] **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names):*

    [ X ] Does 21 _____ to 40 _____

    b. ☐ The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are ☐ described in attachment Prem.L-5.b ☐ as follows *(names):*

Form Approved for Optional Use
Judicial Council of California PLD-
PI-001(4) [Rev. January 1, 2007]

Page 1 of 1

**CAUSE OF ACTION—Premises Liability**

Code of Civil Procedure, § 425.12
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ] [ Save this form ]    [ Clear this form ]

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Daniel F. Jimenez (SBN: 245258)<br>Law Office of Daniel F. Jimenez<br>8001 Laurel Canyon Blvd., #204<br>North Hollywood, CA 91605<br>TELEPHONE NO.: (818) 504-9000    FAX NO.: (818) 504-1087<br>ATTORNEY FOR *(Name):* Plaintiff, Manuel Mancilla Mendez, | **ELECTRONICALLY FILED**<br><br>8/18/2022 1:15 PM<br><br>Kern County Superior Court<br><br>By Leslie Dickey, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Kern**
STREET ADDRESS: **1215 Truxtun Ave,**
MAILING ADDRESS: **same above**
CITY AND ZIP CODE: **Bakersfield, CA 93301**
BRANCH NAME: **Kern County Superior Court**

CASE NAME:
Manuel Mancilla Mendez, vs. American Guard Services, Inc.; et. al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | BCV-22-102075 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
✓ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✓ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* TWO (2)
5. This case ☐ is ✓ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 8-18-2022

DANIEL F. JIMENEZ
(TYPE OR PRINT NAME)                    ► _(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

EXHIBIT 11

10/19/2022 4:20 PM

ELECTRONICALLY RECEIVED

FILED
KERN COUNTY SUPERIOR COURT
11/2/2022

BY Dickey, Leslie
DEPUTY

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*:
Daniel F. Jimenez, Esq.   (245258)
Law Offices of Daniel F. Jimenez
8001 Laurel Canyon Blvd., #204
North Hollywood, CA 91605
TELEPHONE NO.: (818) 504 - 9000   FAX NO. *(Optional)*: (818) 504 - 1087
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Manuel Mancilla Mendez

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN

| | |
|---|---|
| Manuel Mancilla Mendez<br><br>vs.<br><br>American Guard Services, Inc., et al.<br><br>Plaintiff(s)<br><br>Defendant(s) | Case Number<br>BCV-22-102075<br><br>AMENDMENT TO COMPLAINT<br>Sec. 474 CCP |

Upon filing the complaint herein, plaintiff being ignorant of the true name of a defendant, and having designated said defendant in the complaint by a fictitious name, to wit:   DOE 1

and having discovered the true name of said defendant to be   SEVEN SAFE SERVICES, INC.

hereby amends his complaint by inserting such true name in the place and stead of such fictitious name wherever it appears in said complaint.

Dated:   10/19/2022

_____
Daniel F. Jimenez   ATTORNEY FOR PLAINTIFF

Signed: 11/2/2022 05:59 PM

The above amendment may be filed.

Dated:   11/02/2022

_____
Thomas S. Clark   JUDGE OF THE SUPERIOR COURT

Clerk 580 2170 **CI-262** (6/91) (Optional Form)
CEB® Essential
ceb.com Forms™

**AMENDMENT TO COMPLAINT**