# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HISCOX INSURANCE COMPANY, INC., an Illinois Corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>SEVEN SAFE SERVICES, INC., a California Corporation, AMERICAN GUARD SERVICES, INC., a California Corporation, a California Corporation, LESTER FINNELL, an individual, and JONATHAN AMBRISTER, an individual,<br><br>  Defendants. | Case No. 2:24-cv-01155-MCS-AS<br><br>**PARTIAL JUDGMENT AGAINST AMERICAN GUARD SERVICES, INC. AND JONATHAN ARMBRISTER** |

On February 9, 2024, Hiscox Insurance Company, Inc. ("Hiscox") filed this action. Its First Amended Complaint sought, in Count I, a judgment declaring that, under commercial general liability policies issued to Lester Finnel dba Seven Safe Services, Hiscox had no obligation to defend or indemnify defendants Seven Safe Services, Inc., American Guard Services, Inc. ("American Guard"), Lester Finnell dba Seven Safe Services and Jonathan Ambrister in connection with the following underlying lawsuits: (1) *Grant v. The Kroger Co.*, Case No. 21STCV46592; (2) *Penn v. The Kroger Co.*, Case No. 37-2021-00029278-CU-PO-CTL; (3) *Vega v. The Kroger Co.*, Case No. CIVSB2029071; (4) *Biggers v. Ralphs Grocery Co.*, Case No. 22STCV39533; and (5) *Mendez v. American Guard Services, Inc.*, Case No. BCV-22-102075 (the "underlying lawsuits"). The policies at issue included two commercial general liability policies in effect for consecutive one-year policy periods from September 5, 2019 to September 5, 2020 and from September 5, 2020 to September 5, 2021, Policy Nos. UDC-4265713-CGL-19 and UDC-426517-CGL-20, respectively (collectively the "CGL policies") and two professional liability policies in effect for two successive one-year policy periods from September 5, 2019 to September 5, 2020 and from September 5, 2020 to September 5, 2021, Policy Nos. UDC-4265713-EO-19 and UDC-4265713-EO-20, respectively (the "Professional Services Policies").

Count II in the First Amended Complaint sought reimbursement of amounts paid under the Hiscox policies to defend defendants in the underlying actions. Dkt. 23.

Hiscox moved for partial summary judgment as to Count I. Dkt. 41. On December 27, 2024, the Court issued an order holding that Hiscox had no duty to defend Defendants in the underlying lawsuits. Dkt. 53.

With respect to the reimbursement count, Hiscox dismissed its reimbursement claims again Defendant Jonathan Armbrister. The only matter left for trial was Hiscox's reimbursement claim to recover amounts incurred to defend American Guard in the underlying lawsuits, which the parties agreed to try to the Court. After a bench trial, the

Court determined that Hiscox is entitled to recover damages of $330,975.70 against American Guard. Dkt. 83.

In light of Hiscox's voluntary dismissal of its claims against Seven Safe and the bankruptcy stay applicable to Hiscox's claims against Finnell, the Court finds no just reason for delay in entry of a partial judgment on Hiscox's claims against American Guard and Armbrister. Fed. R. Civ. P. 54(b).

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. Hiscox has no duty to defend or indemnify American Guard or Ambrister in the underlying Lawsuits under the CGL Policies.
2. Hiscox has no duty to defend or indemnify American Guard or Ambrister in the underlying lawsuits under the Professional Services Policies.
3. Hiscox may withdraw from defending American Guard and Armbrister in the underlying lawsuits.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT** Hiscox is entitled to judgment against American Guard for the sum of $330,975.70 as damages. This judgment becomes effective on October 20, 2025, and postjudgment interest on shall accrue as if the judgment were entered on that date.

DATED: 10/08/2025

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE